MATTHEW N. METZ, State Bar No. 154995
METZ LAW GROUP, PLLC
810 3rd Ave., Ste. 700, Seattle, WA 98104
Tel. (206) 583-2745  Fax. (206) 625-8683
matthew@metzlaw.net

KENNETH D. COOPER, State Bar No. 47616
COOPER & LEWIS
5550 Topanga Canyon Blvd., Ste. 200, Woodland Hills, CA 91367
Tel. (818) 594-0011  Fax (818) 594-0797
ken@cooperlewislaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>Plaintiff,<br><br>vs.<br><br>PLATINUM, TOO, LLC,<br>a Utah Limited Liability Company;<br>BRUCE MABEY, WILLIAM<br>TEITELBAUM,<br><br>Defendants. | Case No. 07 5551<br><br>COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAW, BREACH OF CONTRACT, FRAUD |

COMES NOW Plaintiff LAY SIOK LIN, by and through her attorneys, and alleges as follows:

### BASIS OF ALLEGATIONS

COMPLAINT
Page 1 of 14

1. Plaintiff, by and through her attorneys, allege the following upon information and belief, except as to those allegations concerning plaintiff, which allegations are alleged upon personal knowledge. Except as alleged herein, all of the underlying information concerning defendants' misconduct, and the particulars thereof, are not available to plaintiff and lie within the possession and control of defendant. Based on the substantial evidence already developed, Plaintiff believes that additional substantial evidence will support the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

2. Plaintiff brings this action to recover funds invested with defendants by her personally and by her assignor. A copy of the assignment from assignor Mochdar Aziz to Lay Siok Lin is attached hereto as Exhibit "A". Defendants committed numerous securities fraud violations in securing the investments of Plaintiff and her assignor.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 15 U.S.C. §§ 77e, 77l, and 77k, in that defendants, directly or indirectly, made use of the means or instrumentalities of interstate commerce, or of the mails, in connection with the transactions, acts, practices, and courses of business alleged in this complaint.

4. Venue is proper in this district pursuant to 15 U.S.C. § 77v(a) because certain of the transactions, acts, practices, and courses of conduct constituting violations of

the federal securities laws occurred within this district, and because Defendants Platinum Too and Mabey transact business in this district.

### INTRADISTRICT ASSIGNMENT

5. This action should be assigned to the San Jose Division because the majority of transactions between Plaintiff and Defendants which occurred in this District occurred in Santa Clara County, California.

### SUMMARY

6. This matter involves the fraudulent, unregistered offering of investment securities by defendant Platinum, Too, LLC, Bruce Mabey and William Teitelbaum.

7. From approximately May, 2004 through December, 2005, Defendants marketed through brokers and direct solicitations, over the telephone and through the internet, investments and promissory notes in Platinum Too, LLC, a company that they represented as having "considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions, along with complex corporate transactions. In fact, Platinum Too, LLC's offer and sale of promissory notes constituted the unregistered offer and sale of securities under federal securities laws.

8. In a series of meetings, three of which occurred in San Jose, California, others of which occurred in Hong Kong, Jakarta, Indonesia, Las Vegas, and New York, Defendants represented to Lay Mei Lin, an Indonesian investment broker, and the sister of Plaintiff, that they were raising money for investment in Protostar, Inc. a

San Francisco based satellite communications company, and in similar business opportunities

9. Defendants represented that they had contractual arrangements with Protostar, Inc., to invest said money at high rates of return.

10. Defendants promised to pay each investor an annual return of 35% per annum at the conclusion of a two year period.

11. During the offering period, Defendants broadly marketed the investment in the United States, Indonesian, and Hong Kong, and raised a total of more than $6,000,000 from at least five different investors, all but one of whom was unknown to them prior to solicitation of the investment.

12. The Defendants made materially false and misleading statements in offering and selling the securities. Among their many false statements, Defendants represented on the promissory notes, copies of which are attached hereto as Exhibits A and B, that they were an investment company duly registered in New York. In fact, Defendant Platinum Too, LLC was not registered in New York, and the address listed for Platinum Too, LLC was actually the address for the attorney of Defendant Teitelbaum. The Defendants' representation that Platinum Too, LLC has "considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions along with complex corporate transactions" was demonstrably false, as Platinum Too, LLC had no experience in managing business enterprises or mergers and acquisitions.

13. Defendants, by engaging in the conduct described in this complaint, violated the antifraud and securities registration provisions of the federal securities laws.

14. No registration statement was filed with the Securities and Exchange Commission or was in effect with respect to Platinum Too, LLC's offer or sale of securities.

15. By this complaint, plaintiff seeks recovery of her damages, civil penalties, and attorneys' fees against each of the Defendants.

## THE DEFENDANTS

16. Platinum Too, LLC is a Utah Limited Liability Company located in Salt Lake City, Utah. Platinum Too conducts business throughout the United States, Europe, and Asia, including in the Northern District of California.

17. Bruce J. Mabey is the founder and co-manager of Platinum Too, LLC and is a resident of Salt Lake City, Utah. Bruce Mabey conducts business throughout the United States, Europe, and Asia, including in the Northern District of California.

18. William A. Teitelbaum is a co-manager of Platinum Too, LLC and is a resident of Dix Hills, New York. William Teitelbaum conducts business throughout the United States, Europe, and Asia, including in the Northern District of California.

## THE PLATINUM TOO OFFERING

19. From approximately May, 2004 through December, 2005, the Defendants offered and sold securities in the form of promissory notes to high net worth individuals, primarily in the Republic of Indonesia.

20. The promissory notes also included an agreement to pay Platinum Too's agent, presumably Defendant Bruce Mabey, a non-refundable fee equal to 4% of total loan proceeds, in order to obtain the opportunity to invest in Platinum Too's supposedly lucrative securities offering.

21. Defendant Bruce Mabey solicited said funds through Lay Mei Lin, an Indonesian investment broker and sister of Plaintiff Lay Siok Lin.

22. On or about December 19, 2004, Lay Mei Lin traveled to New York City to attempt to ascertain the bona fides of Defendants Mabey, Teitelbaum, and Platinum Too, LLC.

23. While in New York City, Lay Mei Lin requested to be taken to Platinum Too offices in Melville, New York. Defendants represented that said offices were closed for the holiday, and instead met with Defendants Mabey and Teitelbaum at a steak house. Defendant Teitelbaum represented at the meeting that he was a founder of the Bear Stearns Co. that he was a neighbor of Microsoft founder Bill Gates, and other representations designed to inflate his stature as a major international financier.

24. In fact, Defendant had no offices in New York, and merely used Defendant Teitelbaum's attorney's office as a sometime mailing address. Upon information and belief, Defendant Teitelbaum was never a neighbor of Bill Gates.

25. Defendants' representations were communicated by investment broker Lay Mei Lin to Plaintiff and Plaintiff's assignee Aziz Mochdar, causing them to invest in Platinum Too, LLC.

## PLAINTIFF AND HER ASSIGNOR PURCHASE

## PLATINUM TOO'S NOTES

26. On or about December 28, 2004, Plaintiff's Assignor Aziz Mochdar wired $2,080,000 to Platinum Too's account at Wells Fargo Bank in Salt Lake City in accordance with a promissory note that he signed. Said note, a copy of which is attached hereto as Exhibit B, promised to pay Aziz Mochdar $3,400,000 on or before December 28, 2006.

27. On or about March 8, 2005, Plaintiff wired $1,040,000 to Platinum Too's account at Wells Fargo Bank in Salt Lake City in accordance with a promissory note that she signed. Said note, a copy of which is attached hereto as Exhibit C, promised to pay Plaintiff $1,700,000 on or before March 8, 2007.

28. In or about July, 2005, in San Jose, California, Defendant Mabey represented that said funds had, consistent with his earlier representations, been invested in Protostar, Inc.

29. In or about September, 2005, Defendants Mabey and Teitelbaum informed Lay Mei Lin that the funds of Plaintiff and her assignor had never been invested in Protostar, and had instead been invested in securities accounts at Bear Stearns, under the control of Defendant Teitelbaum.

30. In or about October, 2005, at a meeting in San Jose, California with Lay Mei Lin, Defendant Mabey sought to raise additional money for satellite projects through Defendant Platinum Too, LLC. At this meeting, Defendant Mabey promised to repay the funds lent to Platinum Too by Plaintiff and her assignor.

COMPLAINT
Page 7 of 14

31. In or about June, 2006, Defendant Mabey met in San Jose, California with Lay Mei Lin and sought to raise additional funds from Indonesian investors for other business ventures. At this meeting, Defendant Mabey promised to repay the funds lent to Platinum Too by plaintiff and her assignor.

32. In or about August, 2006, Defendant Mabey met with Lay Mei Lin in San Francisco and Burlingame, California seeking to attract Indonesian investors to a UBS Bank Guarantee scheme they were promoting. At this meeting, Defendant Mabey promised again to repay the funds lent to Platinum Too by plaintiff and her assignor.

33. In September, 2006, Defendant Mabey met with Lay Mei Lin in San Jose, California with the purpose of raising additional investment funds from Indonesian investors.

### DEFENDANT PLATINUM TOO FAILS TO REPAY
### PLAINTIFF AND HER ASSIGNOR

34. Beginning in January, 2006 and continuing until July, 2007, Defendants continuously promised to repay Plaintiff and her assignor within short time frames, often in a matter of a few days or weeks.

35. Defendants have never repaid Plaintiff and/or her assignor any amount of the principal and interest owing.

36. Plaintiff did not learn of Defendants' false statements until March, 2007, after Defendants' failure to make payment.

## FIRST CAUSE OF ACTION

## UNREGISTERED OFFER AND SALE OF SECURITIES

### (Against All Defendants)

37. Plaintiff realleges and incorporates by reference paragraphs 1 through 36, above.

38. Defendants, by engaging in the conduct described above, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce, to offer to sell and to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale.

39. No registration statement has been filed with the Securities and Exchange Commission or has been in effect with respect to the offering alleged herein.

40. By engaging in the conduct described above, Defendants violated Sections 5(a) and 5(c) of the Securities Act, 15 US.C. §§77e(a) and 77e(c).

## SECOND CAUSE OF ACTION

## FRAUD IN THE OFFER AND SALE OF SECURITIES

### (Against All Defendants)

41. Plaintiff realleges and incorporates by reference paragraphs 1 through 40, above.

42. Defendants, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce:

   a. with scienter, employed devices, schemes, or artifices to defraud;

b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

43. By engaging in the conduct above, Defendants violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## THIRD CAUSE OF ACTION

## FRAUD IN CONNECTION WITH THE PURCHASE AND SALE OF SECURITIES

(Against All Defendants)

44. Plaintiff realleges and incorporates by reference paragraphs 1 through 43.

45. Defendants, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce:

a. with scienter, employed devices, schemes, or artifices to defraud;

b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

46. By engaging in the conduct described above, Defendants violated, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## FOURTH CAUSE OF ACTION

(BREACH OF CONTRACT)

(Against Platinum Too, LLC)

47. Plaintiff realleges and incorporates by reference paragraphs 1 through 46.

48. By promissory note dated December 28, 2004, Defendant Platinum Too, LLC promised to repay Plaintiff's assignee Aziz Mochdar $3.4 million on or before December 28, 2006.

49. By promissory note dated March 8, 2005, Defendant Platinum Too, LLC promised to repay Plaintiff $1.7 million on or before March 8, 2007.

50. No portion of the amounts owing Plaintiff's assignee nor Plaintiff directly have been paid according the terms of the relevant contracts.

51. Defendant Platinum Too, LLC's failure to make said payments constitutes a breach of said contracts.

52. Plaintiff is damaged by the amounts of the payments that were not made, plus interest.

## FIFTH CAUSE OF ACTION

(COMMON LAW FRAUD)

(Against All Defendants)

53. Plaintiff realleges and incorporates by reference paragraphs 1 through 52.

54. Defendants made materially false and misleading statements in offering and selling the promissory notes. Among their many false statements, Defendants represented on the promissory notes, copies of which are attached hereto Exhibits B and C, that they were an investment company duly registered in New York. Defendants represented that Platinum Too, LLC had "considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions along with complex corporate transactions."

55. The false and misleading statements were material in that they related to the experience of Defendants and their ability to successfully invest the money of Plaintiff and Plaintiff's assignor.

56. The statements were false in that Defendant Platinum Too, LLC was not registered in New York, and the address listed for Platinum Too, LLC was actually the address for the attorney of Defendant Teitelbaum. Defendant's claim that it had "considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions along with complex corporate transactions." was demonstrably false, as Platinum Too, LLC had no experience in managing business enterprises or mergers and acquisitions.

57. At the time that said statements were made, neither Plaintiff nor her assignor were aware of their falsity.

58. Defendants were clearly aware of the falsity of their statements.

59. Defendants intended that Plaintiff and her assignor act on their false statements by buying their securities.

60. Plaintiff and her assignor relied on Defendants' representation in making the decision to purchase Defendants' securities.

## PRAYER FOR RELIEF

1. Award compensatory damages in favor of Plaintiff against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

2. Order Defendants to pay civil penalties pursuant to the Securities Act and the Exchange Act;

3. Award Plaintiff her reasonable costs and expenses incurred in this action, including counsel fees and expert fees;

4. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

DATED: 10/29/07

COOPER & LEWIS

KENNETH D. COOPER, State Bar No. 47616
5550 Topanga Canyon Blvd., Ste. 200,
Woodland Hills, CA 91367
Tel. (818) 594-0011  Fax (818)594-0797
ken@cooperlewislaw.com

COMPLAINT
Page 13 of 14

METZ LAW GROUP, PLLC

*s/ Matthew N. Metz*

Matthew N. Metz, State Bar No. 154995
Attorney for Plaintiff
810 3rd Ave., Ste. 700
Seattle, WA 98104
Tel. 206-583-2745, Fax. 206-625-8683
matthew@metzlaw.net