1  J. Reed Rawson, California Bar No. 236753
   BENNETT TUELLER JOHNSON & DEERE
2  3165 East Millrock Drive, Suite 500
   Salt Lake City, Utah 84121
3  Telephone: (801) 438-2000
4  Facsimile: (801) 438-2050
   rrawson@btjd.com
5  *Attorneys for Defendant Platinum Too, LLC*

6                  **UNITED STATES DISTRIC COURT**

7         **NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

8                              ********

| | |
|---|---|
| LAY SIOK LIN,<br><br>                                   Plaintiff,<br><br>vs.<br><br>PLATINUM TOO, LLC, a Utah limited liability company; BRUCE MABEY, an individual; and WILLIAM TIETELBAUM, an individual,<br><br>                                   Defendants. | **CASE NO.  C 07 5551**<br><br>**Hearing Time and Date:** 8:00 a.m., Thursday, March 13, 2008<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION** |

                              ********

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Rules 7-4 and 11-5(a) of the Local Rules for the Northern District of California, the law firm of Bennett Tueller Johnson & Deere and J. Reed Rawson (collectively, "BTJD"), counsel for defendant Platinum Too, LLC ("Platinum Too"), submit this Memorandum in Support of their Motion to Withdraw from Representation.

### **ARGUMENT**

Pursuant to the California Rules of Professional Conduct, Rule 3-700(C), an attorney may withdraw or request to withdraw when "(6) [t]he member believes in good faith, in a proceeding

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION**

**Page 1 of 4**

pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal." However, an attorney may not withdraw as counsel except by leave of court. See Darby v. City of Torrance, 810 F.Supp. 275, 276 (C.D. Cal. 1992). The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. See LaGrand v. Stewart, 133 F.3d 1253, 1269 (9th Cir. 1998). Some factors that a court should consider when ruling upon motions to withdraw as counsel are:

> (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case.

Irwin v. Mascott, 2004 U.S. Dist. LEXIS 28264 at 4 (N.D. Cal. December 1, 2004) (a true and correct copy of which is attached hereto as Exhibit A.) In this case, the Court should grant BTJD's motion to withdraw from representation because BTJD was only retained to enter a limited appearance of counsel to obtain an extension of time for Platinum Too to file an Answer to the Complaint, but for no other purpose. (See Notice of Limited Appearance, a true and correct copy of which is attached hereto as Exhibit B.) The case is still in its early stages and no discovery has been taken. In fact, as of the date of this filing, a case management conference has not been held nor has a scheduling order has been entered.[1] Accordingly, granting BTJD's Motion will not prejudice Plaintiff's case, will not cause harm to the administration of justice and will not delay resolution of the case. Therefore, the Court should grant the Motion to Withdraw from Representation.

---

[1] On February 1, 2008, BTJD first became aware that the Court had scheduled a Case Management Conference for 11:00 a.m., Thursday, February 7, 2008. Then on February 6, 2008, BTJD received a voicemail left by a Court clerk. However, until receiving the phone call on February 6, 2008, and given BTJD's limited appearance in the case, it was not anticipating participation in this hearing and requests the Court's indulgence in allowing it to appear telephonically.

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION**

Page 2 of 4

(Pursuant to Northern District of California Local Rule 7-2(c), a proposed Order is attached hereto as Exhibit C.)

DATED this 6th day of February 2008.

           BENNETT TUELLER JOHNSON & DEERE

             /s/ J. Reed Rawson

           By_____
           J. Reed Rawson, California Bar No. 236753
           3165 East Millrock Drive, Suite 500
           Salt Lake City, Utah 84121
           Telephone: (801) 438-2000
           Facsimile: (801) 438-2050
           rrawson@btjd.com

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION**

**Page 3 of 4**

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of February 2008, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION** to be served via United States Postal Service, first class postage prepaid, and e-mail, upon counsel for Plaintiff, correctly addressed as follows:

Matthew N. Metz
METZ LAW GROUP, PLLC
810 3rd Avenue, Suite 700
Seattle, WA 98104
matthew@metzlaw.net

Kenneth D. Cooper
COOPER & LEWIS
5550 Topanga Canyon Blvd., Suite 200
Woodland Hills, CA 91367
ken@cooperlewislaw.com

BENNETT TUELLER JOHNSON & DEERE

/s/ J. Reed Rawson
By_____
J. Reed Rawson, California Bar No. 236753
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Facsimile: (801) 438-2050
rrawson@btjd.com

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW FROM REPRESENTATION**

**Page 4 of 4**