LEXSEE 2004 U.S. DIST. LEXIS 28264

**KATHLEEN R. IRWIN, et al., Plaintiffs, v. OWEN T. MASCOTT, et al., Defendants.**

No. C 97-4737 JL

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

2004 U.S. Dist. LEXIS 28264

December 1, 2004, Decided
December 1, 2004, Filed

**SUBSEQUENT HISTORY:** Affirmed by Irwin v. Mascott, 2006 U.S. App. LEXIS 18984 (9th Cir. Cal., July 27, 2006)

**PRIOR HISTORY:** Irwin v. Mascott, 370 F.3d 924, 2004 U.S. App. LEXIS 10959 (9th Cir. Cal., 2004)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff debtors sued defendants, a debt collection company and its officers, alleging fair debt collection violations. The court permanently enjoined defendants, and defendants settled the action. Defendants were ordered to pay the debtors' attorney's fees and expenses on appeal, and contempt sanctions were imposed against defendants. The contempt order was affirmed on appeal. Defendants' counsel moved to withdraw from representing defendants.

**OVERVIEW:** Defendants' counsel sought the court's permission to withdraw based on a conflict of interest between their clients, all of whom had been found in contempt and ordered to pay monetary sanctions and the debtors' attorney fees. Counsel refused to provide current addresses for their clients, on the basis that their clients extracted from them the promise to keep their addresses secret, and that they had an ethical obligation to safeguard their clients' secrets. Also, counsel denied any obligation to accept service for defendants under U.S. Dist. Ct., N.D. Cal., Civ. R. 11-5(b). The court rejected counsel's contention that defendants were unable to afford substitute counsel, because counsel proffered no sworn declarations in support of this contention. The court denied the motion to withdraw because (1) defendants waived any allegation of conflict of interest by failing to raise it in a timely manner since all three defendants had been subject to the contempt sanctions for the past two years, and (2) permitting counsel to withdraw would severely prejudice the debtors and probably prevent them from collecting the damages due them.

**OUTCOME:** The court denied defendants' counsel's motion for permission to withdraw.

**COUNSEL:** [*1] For KATHLEEN R. IRWIN, an individual, NANCY HETH, an individual, LORRAINE L. CASTANEDA, an individual on behalf of themselves and all others similarly situated Plaintiffs: Paul Arons, Law Office of Paul Arons, Redding, CA; O. Randolph Bragg, Horowitz Horowitz & Associates, Chicago, IL; Lorraine Ellen Baur, Law Offices of Lorraine Ellen Baur, Ukiah, CA.

For OWEN T. MASCOTT, an individual, COMMONWEALTH EQUITY ADJUSTMENTS, INC, a California corporation, ERIC W. BROWNING, an individual, defendants: Mark E. Ellis, William C. Reeves, Murphy Pearson Bradley & Feeney, Sacramento, CA.

**JUDGES:** James Larson, United States Magistrate Judge.James Larson

**OPINION**

**ORDER DENYING PERMISSION FOR COUNSEL TO WITHDRAW**

(Docket # 408)

**Introduction**

Case 3:07-cv-05551-WHA    Document 16-2    Filed 02/06/2008    Page 2 of 4

Page 2
2004 U.S. Dist. LEXIS 28264, *

The Court has before it the motion of Mark E. Ellis and June D. Coleman, of Murphy Pearson Bradley & Feeney, counsel for Defendants Eric Browning, Robert Hyde and Commonwealth Equity Adjustments, Inc. ("CEA") (collectively "Defendants") to withdraw from representing their clients. Counsel's basis for the motion is a perceived conflict of interest arising from the Defendants' disagreement over who should pay Plaintiffs' attorney's fees and expenses [*2] on appeal as ordered by the Court of Appeal and the contempt sanctions levied by this court and affirmed by the U.S. Court of Appeals for the Ninth Circuit in *Irwin v. Mascott*, 370 F.3d 924 (9th Cir. 2004) (affirming this Court's ruling and holding:

> (1) "[D]ebt collector's vice president of operations, [Hyde] who was officer primarily charged with overseeing content and mailing of its debt collection letters, and who was intimately involved in defense of FDCPA [Fair Debt Collection Practices Act] suit, had interests that were closely enough associated with those of debt collector that debt collector served as its "virtual representative" in FDCPA suit;
>
> (2) vice president was barred, in contempt proceeding arising out of his disobedience of injunction, from challenging merits of underlying injunction; and
>
> (3) decision to hold debt collector and its officers in contempt of injunction previously entered in FDCPA action was not abuse of discretion.) *Id.*

Murphy Pearson Bradley and Feeney has been counsel of record for Defendants for the entirety of this case, which was filed in 1997. They assert that the insurance coverage is long since exhausted, [*3] that they represented Defendants solely on behalf of CEA's insurer, and that they are not "the bad guys" and should not be kept in the case as punishment for the misconduct of their clients. They contend that their clients must appear *pro se* because they cannot afford substitute counsel. They proffer no sworn declarations in support of their clients' inability to afford substitute counsel. The Court therefore rejects this contention.

At the same time, counsel refuse to provide current addresses for their clients, on the basis that their clients extracted from them the promise to keep their addresses secret, and that they have an ethical obligation to safeguard their clients' secrets. They also deny any obligation to accept service for their clients, and doubt they could remain aware of the clients' whereabouts. They want out. Period.

The Court understands counsel's desire to be free of this case. The Court shares that desire. However, the Court foresees prejudice to Plaintiffs and a case management nightmare for this Court if counsel are released.

**Legal Analysis**

The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court. [*4] *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir.1982). When ruling on a motion to withdraw, a court may consider the disruptive impact that counsel's withdrawal would have on the prosecution of the case. *Whiting v. Lacara*, 187 F.3d 317, 320 (2nd Cir.1999). In this case final judgment has been entered but an injunction remains to be enforced.

Some courts have used various guidelines in determining whether to grant or deny a motion to withdraw, including: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *See Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J.1996); *Haines v. Liggett Group, Inc.*, 814 F.Supp. 414, 423 (D.N.J.1993); *Byrd v. District of Columbia*, 271 F.Supp.2d 174, 176 (D.D.C.2003); *Taylor v. Stewart*, 20 F.Supp.2d 882, 883 (E.D.Pa.1998).

**Reasons**

Defendants' counsel seek the Court's permission to withdraw based on a conflict of interest between their [*5] clients, all of whom have been found in contempt and ordered to pay monetary sanctions and Plaintiffs' attorney fees. In addition, Defendants have been ordered by the Court of Appeals to pay Plaintiffs' fees and expenses for the appeal. No Court wants to force counsel to represent clients with divergent interests to the point of an ethical violation. However, the court must weigh whether the conflict is real or merely a convenient means to achieve another end, when the conflict is raised two or possibly four years after it arises.

The relationship of Browning, Hyde and CEA has been substantially the same for the past four years and they have all been subject to the contempt sanctions for the past two years, so Plaintiff contends that Defendants have waived any allegation of conflict of interest by failure to raise it in a timely manner.

The U.S. Supreme Court, in a criminal case, considered whether the attorney moving to withdraw and for appointment of separate counsel had engaged in delay

Case 3:07-cv-05551-WHA    Document 16-2    Filed 02/06/2008    Page 3 of 4

Page 3
2004 U.S. Dist. LEXIS 28264, *

before it found his notice of a conflict of interest between clients to be timely. *Holloway v. Arkansas*, 435 U.S. 475, 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173 (1978) ("here no prospect of dilatory practices by the [*6] attorney was present to justify the trial court's failure to take adequate steps in response to the repeated motions for appointment of separate counsel.")

This Court had permanently enjoined Defendants from unlawful debt collection practices in 2000. Defendants did not appeal the injunction and settled the class action, and the Court entered final judgment. The settlement provided that Defendants were obliged to continue to comply with the inunction and Plaintiffs were entitled to enforce it. Defendants did not appeal the injunction and therefore waived any challenge to its terms. *Irwin v. Mascott*, 370 F.3d at 931.

This Court found Browning, Hyde and CEA in contempt for the first time in 2001, for violating the permanent injunction. It held them in contempt again in 2002, and they appealed. Counsel continued to represent them for two years, while the appeal was decided.

The Ninth Circuit affirmed this Court's finding of contempt, because "The record is clear that, throughout this litigation, Commonwealth, Browning, and Hyde had not engaged in a good faith effort to substantially comply with the Injunction. Rather, as was apparent to the magistrate judge, they resisted [*7] the court's authority for as long as they could get away with it. The magistrate judge did not abuse his discretion in holding Commonwealth, Browning, and Hyde in contempt." *Id.* at 932.

The same relationship has existed between Browning, Hyde and CEA for the past four years, and all three defendants have been subject to contempt sanctions for the past two years. Browning, Hyde and CEA were all subject to the injunction in 2000 and subject to the penalties imposed by this Court in 2002. Any conflict of interest should have been raised at the latest in 2002. This Court finds that Defendants have waived any allegation of conflict of interest by failure to raise it in a timely manner.

The Ninth Circuit, after affirming the contempt order and injunction against Defendants, granted Plaintiffs'/appellees' motion for appellate attorney' fees in the amount of $ 25,538.38. Plaintiffs propounded discovery to Browning, Hyde and CEA to attempt to locate assets to satisfy the fees and other awards and amounts due under this Court's contempt order. There has been no response to that discovery. Instead, Ellis and Coleman notified Plaintiffs' counsel of their intent to withdraw from [*8] the case. Two months later they filed this motion. Counsel refuse to provide contact information for their clients, because their clients wish their whereabouts to be kept secret. Counsel suggests that Plaintiffs' attorney use his compensation from this case thus far to hire an investigator to track down the Defendants.

**Prejudice**

Plaintiffs contend they will have no way of contacting Defendants or serving them with papers in this case if Defendants' counsel are permitted to withdraw. Northern District of California Civil Local Rule 11-5(b) provides that withdrawal of an attorney from an action where the client will not be represented by substitute counsel or has not agreed to appear *pro se* will only be permitted if counsel agrees to accept service for the former client.

At the time that counsel in this case filed their motion for permission to withdraw they did not file the written consent of Eric Browning to appear *pro se*. That was only filed with the Reply brief. Hyde and Owen Mascott previously stipulated to counsels' withdrawal. CEA, being a corporation, cannot represent itself. *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972). Counsel refuse to [*9] provide Plaintiffs with current addresses for Defendants, on the basis that their clients requested that their addresses be kept secret, and that as attorneys they have an ethical obligation to safeguard their clients' secrets. Counsel also denies any obligation to accept service for their clients, and doubt they could remain aware of the clients' whereabouts.

**Harm to the Administration of the Court**

This Court finds it hard to imagine how it will be able to maintain any meaningful jurisdiction over Defendants if they are not represented by counsel. The Court must balance the interests of Defendants, whose whereabouts are unknown and who have shown little respect for the Court's orders in the past, their attorneys, who are understandably reluctant to continue to represent them, and Plaintiffs, who cannot obtain even basic discovery to attempt to satisfy the judgment of this Court as affirmed by the Court of Appeals.

This Court has previously invoked its inherent power by assessing sanctions against Browning, Hyde and CEA, including monetary sanctions, injunctive relief and payment of Plaintiffs' attorneys' fees and expenses. This ruling has been affirmed by the Court of Appeals. [*10] This Court also has the inherent power to manage its own proceedings and to control the conduct of those who appear before it. In invoking the inherent power to punish conduct which abuses the judicial process, this Court must exercise discretion in fashioning an appropriate sanction, which may range from dismissal of a lawsuit to an assessment of attorney's fees. *Chambers v. NASCO, Inc.* 501 U.S. 32, 33, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991). Defendants have demonstrated that they

do not intend to comply with the Court's orders and would probably make themselves difficult or impossible to bring within the Court's jurisdiction, even more so if they were not represented by counsel.

Counsel raised a possible conflict of interest for the first time two years after their clients became subject to the penalties which they now contend create the conflict. This is prima facie evidence of dilatory tactics, justifying denial of permission to withdraw under the holding in *Holloway.* In the case at bar, if the Court permits counsel for Browning, Hyde and CEA to withdraw, then their clients will effectively elude this Court's jurisdiction and escape the consequences of violating both federal law and the orders [*11] of this Court. This would be a grave injustice to Plaintiffs and a mockery of the jurisdiction of this Court.

This Court previously held extensive hearings and briefing on the Defendants' conduct which violated the injunction. After having reviewed its findings and the record in this case, the court reaffirms that Browning, Hyde and CEA all knowingly participated in the contemptuous behavior and are therefore jointly and severally liable for the contempt sanctions previously ordered.

**Conclusion and Order**

This Court holds that permitting counsel to withdraw would in effect nullify the Court's previous rulings and immunize Defendants from compliance with this Court's orders as affirmed by the Court of Appeals. The Court finds that Defendants have waived any allegation of conflict of interest by failure to raise it in a timely manner.

This Court finds that permitting Defendants' counsel to withdraw would severely prejudice Plaintiffs and probably prevent them from collecting the damages due them. At the same time this Court would have no effective way of enforcing its judgment and contempt order against Defendants. After balancing the interests of all concerned, this Court invokes [*12] its inherent power to manage its cases and denies the motion of Defendants' counsel for permission to withdraw.

IT IS SO ORDERED.

DATED: December 1, 2004

James Larson

United States Magistrate Judge