MATTHEW N. METZ, State Bar No. 154995
METZ LAW GROUP, PLLC
810 3rd Ave., Ste. 700, Seattle, WA 98104
Tel. (206) 583-2745  Fax. (206) 625-8683
matthew@metzlaw.net

KENNETH D. COOPER, State Bar No. 47616
COOPER & LEWIS
5550 Topanga Canyon Blvd., Ste. 200, Woodland Hills, CA 91367
Tel. (818) 594-0011  Fax (818)594-0797
ken@cooperlewislaw.com

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAY SIOK LIN,<br><br>     Plaintiff,<br><br>     vs.<br><br>PLATINUM, TOO, LLC,<br>a Utah Limited Liability Company;<br>BRUCE MABEY, WILLIAM TEITELBAUM,<br><br>     Defendants. | **Case No. C 07 5551 WHA**<br><br>**PLAINTIFF LAY SIOK LIN'S APPLICATION FOR DEFAULT JUDGMENT BY COURT**<br><br>**[FRCP RULE 55]**<br><br>**Date:  April 3, 2008**<br>**Time: 8:00 a.m.**<br>**Courtroom: 9**<br><br>**HONORABLE WILLIAM ALSUP** |

     Plaintiff LAY SIOK LIN ("Lin"), by and through her attorney of record, default by clerk having been entered on January 24, 2008, hereby submits its Application for Default Judgment by Court against Defendants Platinum Too, LLC, Bruce Mabey and William Teitelbaum.

## I.     FACTUAL SUMMARY[1]

From April, 2004 through December, 2005, Teitelbaum and his associate Bruce Mabey sought to secure multi-million dollar investments in Platinum Too, LLC a newly formed Utah Limited Liability Company that they had created.  Teitelbaum and Mabey represented themselves as high level investment brokers with ability to place investments in exclusive business opportunities at high rates of return.  They boasted in particular of their inside access to top executives of ProtoStar, Ltd. a San Francisco based satellite communications provider, and their ability to obtain very high rates of return in said investments.  They told Lay Siok Lin and her sister Mei Lin Lay that they would invest said funds in ProtoStar, Ltd.

Mabey and Teitelbaum convinced Mei Lin Lay to obtain investments in their company Platinum Too, LLC from her sister Lay Siok Lin, and an associate, Aziz Mochdar.  Lay Siok Lin and Mochdar loaned more than $3 million to Platinum Too, LLC evidenced by promissory notes. Other clients and associates of Mei Lin Lay also invested in Platinum Too, LLC.  Teitelbaum and Mabey  promised that said funds would be invested at a 35% rate of return, and that the funds would be placed in Protostar, Ltd.  Teitelbaum, Mabey, and Platinium Too, LLC sought to establish a wide network to obtain similar promissory notes from Indonesian, Hong Kong, and other Asian investors.  Although the promissory notes themselves state Platinum Too, LLC is "an investment company duly registered in the State of New York", said company was in fact never registered in any capacity in New York State. The promissory notes drafted by Teitelbaum also

---

[1] This factual summary is based on the allegations contained in ¶¶ 7-15 of plaintiff's complaint.

state that the address of Platinum Too, LLC is located at 445 Broad Hollow Road, Melville, NY--that address is in reality the address of Teitelbaum's law firm.

From December, 2004 through September 15, 2005, Teitelbaum and Mabey continued to inform Lay Siok Lin and Mei Lin Lay that the funds were invested in ProtoStar, Ltd., as they sought to obtain Mei Lin Lay's cooperation in obtaining additional investment clients.

Once Teitelbaum and Mabey had convinced Lay Siok Lin, Mochdar, and their associates to invest more than $3 million in Platinum Too, LLC, they did not invest the money as promised in ProtoStar, Ltd. as promised. Rather, they have refused to pay account for or repay any of the more than $6 million contractually promised.

On August 6, 2007, Mochdar Aziz assigned the right to collect on his note to Lay Siok Lin.

On October 31, 2007 Teitelbaum, Platinum Too, and Bruce Mabey in the U.S. District Court for the Northern District of California, the district where the money she sent to Platinum Too was to have been invested.  On November 23, 2007, William Teitelbaum was served.[2] Platinum Too, LLC and Bruce Mabey were both served on December 17, 2007.[3]

At the time of filing her suit, neither Lay Siok Lin nor her counsel knew that Teitelbaum, had previously filing an action for declaratory judgment now at bar in the Eastern District of New York on September 21, 2007.[4]  Teitelbaum did not notify Lay Siok Lin's counsel (despite numerous prior communications between them) until November 7, 2007, the day that Lay Siok Lin's counsel notified Teitelbaum's counsel that he had been sued in the Northern District of

---

[2] Dec. of Matthew N. Metz, ¶ 4.
[3] *Id.*
[4] Declaration of Matthew N. Metz, ¶ 3.

California.[5] Plaintiff Lin's 12(b)(6) motion to transfer venue of the case to the Northern District of California is now pending in the Eastern District of New York.[6]

Counsel for defendants Mabey and Teitelbaum have been aware since at least January 18, 2008 that a motion for default was pending in the Northern District of California, but have neither appeared nor filed an answer.[7]

## II. SUMMARY OF REQUEST FOR RELIEF PURSUANT TO FRCP RULE 55(B)(2)

A. <u>Securities and Common Law Fraud</u>

Sections 5(a), 5(c), 10(b) and 17(a) of the Securities Act impose personal liability on corporate officers in the event of an unregistered offer of securities, or in the event of fraud in the issuance of securities, or in the event that the issuer or its principals "engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser." Section 2(1) of the Securities Act is clear in stating that a note is a security covered by the Securites Act.

The incidents of fraud alleged in the complaint include failure to invest the funds as promised, failure to account for the funds, misrepresentation as to the nature of Platinum Too, LLC, and other similar incidents of fraud, all of which were relied on by Lin and her assignor in making the decision to proceed.

The remedy for violations of the Securities Act is to make the defrauded purchaser whole. Plaintiff Lin requests in the complaint that she made whole by all of the defendants for the losses

---

[5] *Id.*,
[6] Dec. of Matthew N. Metz, ¶ 12.
[7] Declaration of John Petriello, ¶ 3

suffered as a result of nonpayment of the promissory notes, which are equal to $6,217,072 through February 13, 2008.

B. Breach of Contract

Defendant Platinum Too, LLC promised that it would repay the $3 million loaned by Lin and her assignor in two years plus interest at a rate of 35% per annum. Platinum Too has failed to pay said any amount.

**III. DEFAULT MAY BE TAKEN ON LIN'S COMPLAINT**

A. Default Judgment May Be Taken against Mabey, Teitelbaum, and Platinum Too, LLC.

Neither Teitelbaum, Mabey, nor Platinum Too, LLC have answered the complaint, despite being served with same. None of them are infants nor incompetent persons, nor are they members of the military. Therefore, this application for default judgment against all defendants is proper under FRCP 55(b)(2).

All of the defendants have been aware of this action for nearly two months, but have made no effort to respond to the complaint. As stated in the declaration of John Petriello, the attorneys for Mabey and Teitelbaum have been aware since at least January 18, 2008 that an application for clerk's default had been filed by Plaintiff, but they did not seek to vacate said default, answer, nor attend the court's status conference on February 7, 2008.

FRCE 55(b)(2) permit a court, following a default by a defendant, to enter a final judgment in a case. The court has discretion in determining whether to grant or deny a motion for entry of default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980).

The general rule is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Televideo Systems, Inc. v. Heidenthal*,

826 F.2d 915, 917-918 (9th Cir. 1987). In *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit enumerated several factors which the court may consider in exercising its discretion as to whether an entry of default judgment is proper. These factors include the following: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-1472.

B. <u>Prejudice to Lin</u>

Under the first *Eitel* factor, Lin is prejudiced because she will not have access to the funds promised until this matter is settled. She is already in an embarrassing position with her assignor, because said assignor relied on her and her sister in deciding to invest with Platinum Too, LLC.

C. <u>Sufficiency of the Complaint and Likelihood of Success on the Merits</u>

The second and third Eitel factors address the sufficiency of Lin's complaint and the likelihood of success on the merits. *Eitel*, 782 F. 2d at 1471. Lin's substantive claims are supported by detailed allegations in the Complaint.

Lin's causes of actions regarding securities fraud clearly lay out the extent of the fraud by the defendants before and after the investments of Lin and her assignor. Specifically, the complaint how Platinum Too's principals Mabey and Teitelbaum promised to invest the funds in ProtoStar, Ltd., how they represented falsely that Platinum Too was an investment company "duly registered in New York State", how Platinum Too and its principals failed to register the securities or adequately disclose their risks, how Platinum Too failed to provide any accounting whatsoever for the funds invested, and now they have failed to repay even one cent of the more

than $3 million invested. All of these facts are amply sufficient for a finding of securities fraud, common law fraud, and breach of contract.

### D. Amount of Money at Stake

The fourth *Eitel* factor assesses the reasonableness of the potential award if default judgment is entered against the defendant. *Eitei,* 782 F.2d at 1471. The Court must consider whether "…the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted. *General Employees Trust Fund, et.al. v. Victory Building Maintenance, Inc.,* 2007 WL 1288393, *5-6 (N.D. Cal. 2007).

Here, the amount of money sought is clearly specified in the promissory notes. Lin is simply seeking to recover amounts due pursuant to the promissory notes, and nothing more. Therefore, the amount sought is entirely proportionate to the amount owed.

### E. Possibility of Dispute Concerning the Material Facts

The fifth *Eitel* factor considers the possibility of dispute as to any material facts of the case. *Eitel*, 782 F.2d at 1471-72. The two most important material facts in the case are agreed upon by all parties—Lin and her assignor invested more than $3 million dollars, and no part of said funds have been returned to them.

Since defendants have made no attempt to challenge the accuracy of the Complaint, no material fact exists that would preclude this Court from granting Lin's application for default judgment.

### F. Whether Default Was Due to Excusable Neglect

The sixth Eitel factor concerns the possibility that the defendant's default was the result of excusable neglect. *Eitel* 782 F.2d at 1471-72.

As set forth in the declarations of the process served attached to the declarations of Matthew N. Metz, defendants were all served on or before December 17, 2007 with the complaint. The attorney for Teitelbaum was notified on November 6, 2007 by e-mail, which he responded to, of the action. In court in New York on January 18, 2007, the parties discussed the default in California in open court. Yet, they have made no attempt to answer the complaint or otherwise appear, except for Platinum Too, LLC, which had counsel appear only to withdraw shortly thereafter.

In sum, defendants have had ample notice of the lawsuit, and were reminded of it on several occasions, only to persist in ignoring it.

G.     Policy in Favor of Decision on the Merits

The last Eitel factor is consideration of the policy of the federal courts in favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. However, this factor is not dispositive, and the Court has "great latitude in exercising its discretion with regard to the relative weight of the remaining Eitel factors." *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Further, a defendant's failure to answer a complaint makes a decision on the merits impractical, if not impossible. *Id.*

Here, defendants have failed to participate in the proceedings brought against them, despite adequate and repeated notice and opportunity to do so. Default Judgment is therefore appropriate.

**V. CONCLUSION**

Granting the relief sought in this Application for Default Judgment is within the Court's discretion. It is appropriate for the Court to determine equitable relief and damages on the basis of the allegations contained in the Complaint and the declarations submitted in support of this

application. The relief requested is proper and should be granted inasmuch as defendants never appeared in the action despite having been served and reminded of this action.

According, Lin requests that the Court enter Judgment against all defendants, jointly and severally, as follows:

1. On the Aziz Mochdar note, award judgment to Plaintiff and against all defendants jointly and severally in the amount of $4,189,437 for principal and interest owing;

2. On the Lay Siok Lin, award judgment to Plaintiff and against all defendants jointly and severally in the amount of $2,207,635 for principal and interest owing.

3. Find that as to defendants Mabey and Lin, that said judgment resulted from fraudulent actions by defendant and are therefore undischargeable in bankruptcy.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| DATED: February 19, 2008 | METZ LAW GROUP, PLLC |
|  | *s/ Matthew N. Metz* |
|  | Matthew N. Metz, State Bar No. 154995<br>Attorney for Plaintiff<br>810 3rd Ave., Ste. 700<br>Seattle, WA  98104<br>Tel. 206-583-2745, Fax. 206-625-8683<br>matthew@metzlaw.net |