1  **JEFFREY M. FORSTER (SBN 50519)**
   160 West Santa Clara Street, Suite 1100
2  San Jose, CA 95113
   Telephone:    (408) 977-3137
3  Facsimile:     (408) 977-3141
   Email:          jforstr@pacbell.net
4
   **STEVEN R. LEVY   (State Bar No. 103164)**
5  17670 Woodland Avenue
   Morgan Hill, CA 95037
6  Telephone:    (408) 274-7000
   Facsimile:     (408) 274-9000
7  Email:          slevy@bigfoot.com

8  **Attorneys for Defendant, William Teitelbaum**

9                UNITED STATES DISTRICT COURT

10           FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

| | |
|---|---|
| 12  **LAY SIOK LIN,** | **CASE NUMBER:   C 07 5551 WHA** |
| 13         Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANT, WILLIAM TEITELBAUM, TO SET ASIDE DEFAULT** |
| 14  v. | |
| 15  **PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,** | (Hearing deferred to discretion of the Court) |
| 16         Defendants. | Motion Date:    April 3, 2008<br>Motion Time:   8:00 a.m. |
| 17 | |
| 18 | Judge:          Hon. William Alsup<br>Courtroom:   9 (19th Floor) |
| 19 | Complaint Filed:   October 31, 2007 |
| 20 | Trial Date:         January 5, 2009 |

21

22         TO PLAINTIFF, LAY SIOK LIN, AND HER ATTORNEYS OF RECORD:

23

24         **YOU ARE HEREBY NOTIFIED** that on April 3, 2008 at 8:00 a.m., or as soon

25  thereafter as the matter may be heard, in Courtroom 9 (19th Floor) of the above entitled court,

26  located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William

27  Alsup presiding, defendant, William Teitelbaum, will move the Court for an order setting aside

28  the default entered against him on or about January 24, 2008 on grounds of invalid service.

Defendant, William Teitelbaum, will ask the Court to set aside/vacate the default entered against him on or about January 24, 2008 (on grounds of invalid service) and to set the conditions, if any, as to whether and when Defendant, William Teitelbaum, shall be required to respond to the Complaint on file herein.

The motion is brought pursuant to and based on the Federal Rules of Civil Procedure, Rules 4, 55, and 60.

This motion is supported by the accompanying Memorandum of Points and Authorities, Declaration of William Teitelbaum, Declaration of Michelle Teitelbaum, Declaration of Anton J. Borovina, Esq., (and exhibits thereto), Declaration of Jeffrey Forster, and Declaration of Steven Levy, all filed and served herewith, the pleadings on file in this action, and such other further oral and/or documentary evidence as may be subsequently presented at the hearing, or otherwise, regarding this motion.

Dated: March 4, 2008        /s/ Jeffrey Forster

            JEFFREY FORSTER

Dated: March 4, 2008        /s/ Steven Levy

            STEVEN LEVY

            Attorneys for defendant, William Teitelbaum

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DEFENDANT, WILLIAM TEITELBAUM, TO SET ASIDE DEFAULT**

**Introduction**

Defendant, William Teitelbaum, asks this Court to set aside the default entered against him on or about January 24, 2008 on grounds of invalid service. There is a prior filed, pending, related case in the U.S. District Court (Eastern District of New York). In view of the prior filed case, it is the present intention of Defendant, William Teitelbaum, to follow this motion with a motion addressing jurisdiction, venue, and or consolidation/coordination.

**Factual Summary**

On September 21, 2007, William Teitelbaum filed an action naming Lay Siok Lin as defendant (essentially for declaratory relief) in the U.S. District Court (Eastern District of New York) (Case Number CV-07-3971) (the "New York Case"). (Declaration of Anton Borovina (hereafter "AB"), 2:6-12.) Platinum Too, LLC, and Bruce Mabey (both named as defendants in the instant matter) were added as defendants in the New York Case pursuant to an Amended Complaint. (AB 2:20-21.) (For status of proceedings in the New York Case, see, also, Exhibit A (Civil Conference Order) and Exhibit B (summary of proceedings printed via Pacer) to the AB Declaration.)

The instant case (the "California Case") was filed by Lay Siok Lin on October 31, 2007 and seeks to recover several million dollars invested in 2005 following meetings with Bruce Mabey and plaintiff's sister, Lay Mei Lin, that took place in Jakarta, Indonesia (Lay Siok Lin apparently resides in Indonesia). (Plaintiff's Complaint.)

After much effort, Lay Siok Lin was served in Indonesia regarding the New York Case and filed a motion for change of venue. (AB 2:13-14.) As of February 17, 2008, the motion had not been ruled upon, but a Civil Conference Order was issued in that matter on January 18, 2008

1  with an initial discovery cut-off of June 30, 2008. (AB 2:14-17; 2:22-24.) Bruce Mabey and
2  Platinum Too, LLC, have appeared in the New York Case. (AB 2:20-21.).
3      Around Thanksgiving 2007, Mr. Teitelbaum found a package of documents on the ground
4  (back patio/deck) outside his home in New York. (Declaration of William Teitelbaum (hereafter
5  "WT") 2:12-13; AB 2:27-3:1.) He promptly contacted Anton J. Borovina, his attorney in the
6  New York Case. (WT 2:14-18; AB 2:27-3:1.) Mr. Teitelbaum was advised proper service had
7  not been effected and was told to contact Mr. Borovina if anything were to be subsequently
8  received in the mail. (WT 19-22; AB 3:1-4; AB 3:7-8.) Mr. Teitelbaum promptly forwarded the
9  package of documents to Mr. Borovina and has never received anything else by mail or
10 otherwise relating to the instant case. (AB 2:4-5; AB 2:25-26; AB 3:7-8; WT 2:21-22;
11 Declaration of Michelle Teitelbaum (hereafter "MT") 2:12-12; MT 2:14-16.) The documents
12 related to the instant case. (AB 2:9-10; 3:5-6.)
13     The Proof of Service filed with this Court (California Judicial Council Form POS-010)
14 indicates substituted service on November 23, 2007 (the day after Thanksgiving) at 8:30 a.m., at
15 Mr. Teitelbaum's home in Dix Hills, New York, with the person served described as "'JANE
16 DOE' REFUSED NAME, CO-TENANT, A white female approx. 45-55 years of age 5'8"-5'10"
17 in height weighing 140-160 lbs with black hair and glasses." The Proof of Service **DOES NOT**
18 indicate any follow-up service by mail whatsoever. (Proof of Service on file in this case.)
19     There was nobody of that description residing at or visiting the Teitelbaum residence at
20 the time. (WT 3:8-11; MT 2:6-9; AB 2:2-4.) The only white female who might have been there
21 at the time of purported service was Mr. Teitelbaum's wife who is 5"10" in height, *has very light*
22 *blonde hair*, and usually wears contact lenses (not glasses). (WT 1:28-2:1; MT 2:10-11; AB 2:2-
23 4.)
24     The only other person who spent time at the Teitelbaum residence was their housekeeper
25 who resided with them and is male, about 5'4" tall, is of slight build, and has dark hair and a
26 beard. (WT 1:25-27; MT 1:24-26.)
27     The Proof of Service claims attempted service on:
28       11/20/07 @ 8:00 a.m.;

1 | 11/21/07 @ 6:30 a.m.; and
2 | 11/22/07 @ 4:30 p.m.

November 22, 2007 was Thanksgiving day. Mr. Teitelbaum and his wife spent Thanksgiving at home all day without guests or visitors. (WT 2:2-3; MT 1:27-28.)

To the best of their recollection, Mr. and Mrs. Teitelbaum were home during the early mornings of November 20 and November 21, 2007. (WT 2:6-7; MT 2:3-5.)

In October 2005, an action was filed in a Utah State Court by D.S. Platinum, LLC, naming Platinum Too, LLC, Bruce Mabey, and William Teitelbaum as defendants. On January 24, 2008, defense counsel in the Utah case became aware of the default and generated an email that alerted Mr. Teitelbaum as to the default in the California Case. (WT 2:23-24; AB 3:12-14.)

Mr. Teitelbaum has never met with plaintiff, Lay Siok Lin. (WT 2:25.) He recalls two meetings with plaintiff's sister, Lay Mei Lin (one in Las Vegas and the other in New York). (WT 2:26-27.)

**Legal Analysis/Argument**

The Federal Rules of Civil Procedure, Rule 4(e), (Summons) states:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

       (A)    delivering a copy of the summons and of the complaint to the individual personally;

       (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there...

Within the ambit of Rule 4(e) no person such as that described in the Proof of Service "resides" at the purported place of service and no such person was there at the time of purported service.

In addition, California Code of Civil Procedure Section 415.20 (the applicable State law pursuant to Rule 4(e)(1)) provides that service on an adult at a place of residence must be followed up by mailing a copy of the summons and complaint. The Proof of Service filed in the instant case, does NOT show follow-up by mail. Assuming arguendo the papers were given to an adult at the residence ("assuming arguendo" because such delivery is denied), service would still be ineffective under the applicable state law.

The Statutes of the State of New York (Civil Practice Act § 308 (Personal service upon a natural person) in pertinent part provide (emphasis added):

Personal service upon a natural person shall be made by any of the following methods:

1. By delivering the summons within the state to the person to be served; or
2. *By delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business ....*

Under New York law, assuming arguendo the papers were given to an adult at the residence ("assuming arguendo" because such delivery is denied), service would still be ineffective under the law of New York.

There is authority to indicate that doubts should be resolved in favor of requiring service in compliance with applicable state law. See, e.g., *Goetz v. Synthesys Technologies, Inc.,* et al., 415.F3d.481 Fifth Circuit (2005) (seemingly finding technical compliance with the FRCP insufficient in view of failure to comply with the applicable New York State statute for "nail and mail" service).

Pursuant to F.R.C.P. Rule 55(c), "the Court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."

F.R.C.P. Rule 60(b) states in pertinent part:

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect...

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party...

(6) any other reason that justifies relief.

Rule 60(c)(1) allows any motion brought pursuant to Rule 60(b) to be brought within a reasonable time — and for reasons (1),(2), and (3) no more than a year after the entry of the order.

The Court also retains broad powers and discretion to grant relief pursuant to Rule 60(d). The Ninth Circuit has determined that "[f]actors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9 Cir. 1986).

Reiteration and analysis of the *Eitel v. McCool* factors follows.

(1) <u>The possibility of prejudice to the plaintiff</u>:

There is little, if any, potential prejudice to plaintiff. Counsel for the parties had been communicating for a long time so there cannot be any "surprise." Because litigation was previously underway in the New York Case, there cannot be any "surprise." It is reasonable to conclude the instant litigation can continue to track without impediment to the present Pretrial Order, especially in view of this Court's Pretrial Order staying discovery "until the motion to dismiss is decided" (although the moving party is unaware of a motion to dismiss in either case and presently assumes this should be a reference to the venue motion in the New York Case).

(2) <u>The merits of plaintiff's substantive claim</u>:

William Teitelbaum greatly disputes his "personal liability" to Lay Siok Lin, but recognizes the propriety of the right to litigate the issue. If he did not recognize the propriety of the need to litigate the issue, he would not have initiated the prior litigation in New York.

(3) <u>Sufficiency of the complaint</u>:

The Complaint seems sufficient to raise the issues, but falls far short of a "slam dunk" as to the liability of William Teitelbaum.

(4) <u>The sum of money at stake in the action</u>:

The amount alleged as damages is admittedly quite substantial, several million dollars, and is of such significance that the notion of proceeding by default inherently lacks reasonableness, especially in view of Mr. Teitelbaum's "diligence" in seeking to resolve the issues by having initiated the New York Case.

(5) <u>The possibility of a dispute concerning material facts</u>:

Obviously, the alleged merits are disputed. However, this should not impact the

impropriety of proceeding by default as to William Teitelbaum, especially in view of his prior filing of the New York Case and the appearance of Lay Siok Lin therein (if only to challenge venue). If Mr. Teitelbaum did not have a viable defense, it is illogical to think he would take the affirmative act of initiating the litigation in New York.

(6) <u>Whether the default was due to excusable neglect</u>:

Propriety of service is contested as a matter of fact and law. There was no neglect. Mr. Teitelbaum, promptly conferred with counsel after finding the package on the ground. It is hard to assume neglect in the face of such action by Mr. Teitelbaum and his reliance on advice of counsel. In addition, it defies logic to think Mr. Teitelbaum would undertake to initiate litigation in New York and then "ignore" related activity.

(7) <u>The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits</u>:

Mr. Teitelbaum's prior initiation of litigation indicates a desire on his part to obtain a decision on the merits. Considering he was the first to initiate litigation, it cannot be concluded he is trying to avoid resolution on the merits. As such, he should not be exposed to a judgment for millions of dollars by way of default. Furthermore, if the Judge in New York decides to transfer the case to San Francisco, we will be here anyway and with the same effect as if this motion were granted. One way or another, one place or another, this matter will end up being litigated and with two cases pending, any and all risk of risk of conflicting decisions must be eliminated.

Proceedings by way of default or default judgment are extremely disfavored and appropriate in only in "extreme circumstances." See, e.g., *Falk v. Allen*, 739 F.2d 461, 463 (9th

Cir. 1984) "More specifically, in applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (*Falk* at 463).

The U.S. Supreme Court views proceedings by default as being equitable in nature, taking into account factors such as "prejudice, the length of the delay and impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Considering the factors enumerated in *Pioneer*, there will be little or no delay in the proceedings by setting aside the default. Further, Mr. Teitelbaum cannot be viewed as having "sat on his rights" considering his initiation of the New York Case and the haste with which this motion has been brought.

### Summary/Conclusion

The purported "substituted service" is disputed. On its face, the Proof of Service indicates that *neither the applicable state law of California nor the state law New York was followed* (no follow-up mailing as required for substitute service).

All that said, the motion should be granted with a subsequent determination as to whether or not all those involved will litigate here or in New York and with rights reserved to all parties, in all respects, thereto (consider, e.g., that under Rule 4(d)(5), objections to jurisdiction and/or venue are not waived by virtue of a waiver of service of a summons).

Dated: March 4, 2008   /s/ Jeffrey Forster
  JEFFREY FORSTER

Dated: March 4, 2008   /s/ Steven Levy
  STEVEN LEVY
  Attorneys for defendant, William Teitelbaum