JEFFREY M. FORSTER (SBN 50519)
160 West Santa Clara Street, Suite 1100
San Jose, CA 95113
Telephone:  (408) 977-3137
Facsimile:  (408) 977-3141
Email:  jforstr@pacbell.net

STEVEN R. LEVY   (State Bar No. 103164)
17670 Woodland Avenue
Morgan Hill, CA 95037
Telephone:  (408) 274-7000
Facsimile:  (408) 274-9000
Email:  slevy@bigfoot.com

Attorneys for Defendant, William Teitelbaum

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>    Plaintiff,<br><br>v.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>    Defendants. | CASE NUMBER:  C 07 5551 WHA<br><br>OPPOSITION OF DEFENDANT, WILLIAM TEITELBAUM, TO PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT<br><br>(With Certificate of Service)<br><br>Hearing Date:   April 3, 2008<br>Hearing Time:   8:00 a.m.<br><br>Judge:   Hon. William Alsup<br>Courtroom:   9 (19th Floor)<br><br>Complaint Filed:   October 31, 2007<br><br>Trial Date:   January 5, 2009 |

### I.  THE APPLICATION FOR DEFAULT JUDGEMENT SHOULD BE DENIED AS TO WILLIAM TEITELBAUM.

The Application for Default Judgment should not be granted as to William Teitelbaum because the original default entered against him should be set aside. His motion to set aside/vacate the default is on file with this Court. There cannot be a "default judgment" in the absence of a "default."

## II. THE EXISTENCE OF A PRIOR FILED CASE SHOULD PRECLUDE JUDGMENT AS TO WILLIAM TEITELBAUM UNLESS AND UNTIL DECIDED ON THE MERITS.

### A. There Is a Prior Filed Case Involving Identical Parties and Issues.

A Notice of Pendency of Other Action and Related Case is on file with this Court regarding the case filed on September 21, 2007 by William Teitelbaum in the United States District Court for the Eastern District of New York (Central Islip) (Case Number: 2:07-CV-03971- LDW-ETB).

The related case ("New York Case") was filed on September 21, 2007 by William Teitelbaum essentially in the nature of an action for declaratory relief regarding the same events, transactions, and occurrences as those alleged in the instant matter ("California Case").

The parties in both cases are identical (William Teitelbaum, Lay Siok Lin. Bruce Mabey, and Platinum Too, LLC).

All parties have appeared in the New York Case. Lay Siok Lin was served in Indonesia regarding the New York Case and filed a Motion to Change Venue on January 10, 2007. The best information is that Lay Siok Lin has admitted jurisdiction in the New York Case.

As of March 2, 2008, the Motion to Change Venue had not been ruled on and final briefs were due by March 7, 2008.

The New York Case was filed nearly six weeks prior to the California Case.

Review of the pleadings indicates both cases arise out of the same transactions, events, and occurrences, and that the issues as to Lay Siok Lin and William Teitelbaum are identical. (The operative complaint in the New York Case is Exhibit 3 to the Declaration of Matthew N. Metz in Support of Default Judgment.)

William Teitelbaum intends to follow the motion to vacate with appropriate action regarding the issues presented by other issues including the existence of two cases (e.g., jurisdiction, venue, transfer, consolidation/coordination, multi-district litigation, etc., these issues being preserved even in the presence of waiver of service (see, e.g., FRCP 4(d)(5)).

**B.     Litigation Between Lay Siok Lin and William Teitelbaum**
**Should Go Forward in the New York Case.**

In the instant matter, Plaintiff alleges jurisdiction based on 15 USC §§77e, 77k, and 77l (unregistered securities and false registration statements). None of these Sections address jurisdiction or venue. Jurisdiction is addressed in 15 USC §§77v(a) which states, in pertinent part:

> The district courts of the United States ... shall have jurisdiction of offenses and violations under this subchapter ... Any such suit or action may be brought in the district wherein the defendant is found or is an inhabitant or transacts business, or in the district where the offer or sale took place, if the defendant participated therein ...

The District Court in New York also has jurisdiction based on 15 USC §§77v(a) and the Declaratory Judgment Act (28 U.S.C. § 2202).

Venue is proper in New York under 28 U.S.C. 1391(d) ("An alien may be sued in any district.") and 28 U.S.C. § 1332(a)(2) (diversity exists between of citizens of a State and citizens or subjects of a foreign state.).

Venue in the California Case is alleged to be based transactions, etc., having occurred in this District and because defendants, Platinum Too and Bruce Mabey transact business in this District. (Plaintiff's Complaint, ¶4.) However, the Complaint and everything else is devoid of any specific allegation that William Teitelbaum was in or did anything in California. The only specific allegations involving activity in California are those alleged as to defendant, Bruce Mabey, having had meetings in San Jose, San Francisco, and Burlingame. (Plaintiff's Complaint, ¶¶ 8, 28, 30, 31, 32, and 33.)

Pursuant to FRCP 9(f), "an allegation of time or place is material when testing the sufficiency of a pleading." Absent an adequate "allegation of time or place" as jurisdiction

and/or venue as to William Teitelbaum, inadequacy should be concluded.

There is also a question as to whether or not 15 USC §§77 et. seq., even applies as to William Teitelbaum because the instruments in question were written promissory notes "issued" by Platinum Too, LLC. At this point, there is only the unsupported allegation that the promissory notes constituted securities issued in such a fashion so as to expose William Teitelbaum to personal liability. (See, e.g., 15 USC §77b(a)(4) (which excludes from individual liability as an "issuer" a member of a legal entity).)

### C. The Law Overwhelmingly Favors Determination on the Merits.

The strong policy underlying the Federal Rules of Civil Procedure favors decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9 Cir. 1986). Proceedings by way of default or default judgment are extremely disfavored and appropriate in only in "extreme circumstances." See, e.g., *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

"More specifically, in applying the general terms of Rule 60(b) to default judgments, this Court has emphasized that such judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (*Falk* at 463).

Perhaps the single best fact favoring determination on the merits is that William Teitelbaum was the first to file. Being the first to take the preferred approach of judicial determination, he should not be "punished" by way of a default judgement in the face of invalid service.

### D. The "First to File Rule" Favors Litigation in the New York Case.

When two cases involving the same parties and issues are filed in two different federal districts, the first-to-file rule permits the second district court to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

Under the "first-to-file" rule, when two actions involving similar parties and issues are commenced in separate forums, preference is given to the first-filed plaintiff's choice of forum and the first action allowed to proceed to judgment. *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th Cir.1991).

Under settled Ninth Circuit law (*Pacesetter Systems Inc. v. Medtronic Inc.* (9th Cir. 1982) 678 F.2d 93, 95), the District Court must consider the following judicial factors when deciding whether to apply the first-to-file rule:

1. The chronology of the two actions;
2. The similarity of parties; and
3. The similarity of issues.

As stated in Wright and Miller, *Federal Practice and Procedure*, 14D FPP §3823 (2007 Ed.):

> "When two actions involving nearly identical parties are closely related . . . infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed take priority, and the subsequently filed suit should be dismissed or transferred or stayed."

The first to file rule exists to recognize comity, promote efficiency, avoid the waste of duplication, avoid piecemeal resolution of issues that call for a uniform result, and avoid risk the of conflicting decisions. *See, e.g., Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982); *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir.1985).

In and of itself, the first to file rule gives the district court in the second-filed-case, the

authority to transfer, stay, or dismiss the duplicative action (*Alltrade, Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)) and the first to file rule generally prevails (*Tempco Electrical Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987)).

### E. The "First to File Rule" Does Not Require Exact Identity of Issues.

District courts in the Ninth Circuit recognize that "courts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter" and although application of the first to file rule is subject to the sound discretion of the court, "the party filing the second action must demonstrate the existence of special circumstances to overcome the strong presumption of the first-filed action." *Centocor, Inc., et al. v. Medimmune, Inc.*, 2002 U.S. Dist. LEXIS 21109, 3 (N.D.Cal. 2002).

Courts that invoke the first-to-file rule often require "substantial overlap" between the first and second-filed cases. See *Save Power Ltd. V. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap.'").

The instant situation goes far beyond "closely related questions or common subject matter" and essentially reaches to exact identity of parties, facts, and issues.

### F. The "First Court" Generally Decides Applicability of the First-Filed-Rule.

Many courts have held that the first-filed court should decide not only the substantive case, but also whether the first-to-file rule even applies. For example, in *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 741 (E.D. Wis. 2003), the filings were one week apart. Defendant in the second-filed action filed in the second-filed court to transfer to first-filed court. The second-filed court held that the first-filed court was the proper court to determine whether first-to-file rule should apply. Likewise, in *DaimlerChrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042-1044 (N.D. Ohio 2001)*,* the second-filed court in Ohio declined to

decide whether the first-to-file rule applied, deferring to the first-filed court in Indiana.

This is not surprising given the general rule that under the first-to-file rule, the entire action should be decided by the court in which the action was first filed. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997).

### G.  "First to File" Is Based on Which Action Was Filed First.

Determination of "which action is first" is based on which action was filed first rather than some other criteria. "The issue, however, is not which of the claims was filed first, but rather which action was filed first." *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 740-741 (E.D. Wis. 2003).

Even faulty service of process in the first suit does not change priority of suits, even if service of process is first properly accomplished in the second forum. See, *Pacesetter*, 678 F.2d at 96 n.3., in which the Ninth Circuit stated that an action is commenced by filing a complaint, not by service of process.

### H.  The First-To-File Rule Applies in the Context of Actions for Declaratory Judgment.

The power to hear claims for declaratory relief is granted by the Declaratory Judgment Act, which gives courts the power in an actual controversy to declare the rights and legal relations of any interested party. 28 U.S.C. §2201(a).

The Federal Circuit has noted that actions for declaratory relief enjoy the same priority as any other action. See *Genentech*, 998 F.2d at 938 ("The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action."). The Ninth Circuit has implied that any decision about whether to hear a declaratory judgment action should wait until after a court has decided whether it will hear the case at all or defer to another court. See *Pacesetter*, 678 F.2d. at 95 ("decision as to whether the declaratory remedy is appropriate would become an issue only after the court had properly

exercised jurisdiction under the comity doctrine").

### I. The "First Court" Is Effectively Dealing, at Least in Part, with the Issue of Duplicative Cases.

As noted, a motion to change venue brought by Lay Siok Lin is pending in the New York Case and may well be decided prior to hearing of the motions set for April 3, 2008 in the California Case.

Depending on the outcome of the venue motion in New York, there are two apparent foregone conclusions:

1. If the venue motion is denied, the claims asserted by Lay Siok Lin against William Teitelbaum in the California Case should be "sent" for litigation in the New York Case; or
2. If the venue motion is granted, the claims asserted by William Teitelbaum against Lay Siok Lin in the New York Case should be "sent" for litigation in the California Case and William Teitelbaum's claims would still be "alive" so as to negate any basis for entry of a default judgment against him.

Either way, a default judgment cannot and should not be entered as against William Teitelbaum.

Dated: March 11, 2008          /s/ Jeffrey Forster
                               JEFFREY FORSTER

Dated: March 11, 2008          /s/ Steven Levy
                               STEVEN LEVY

                               Attorneys for defendant, William Teitelbaum

**CERTIFICATE OF SERVICE**

I, Steven Levy, hereby certify that on this date I filed the document listed below on behalf of defendant, William Teitelbaum with the United States District Court, for the Northern District of California, San Francisco Division, using the ECF system, and that I did so on behalf of myself and my co-counsel, Jeffrey Forster.

The document so filed was this Opposition of Defendant, William Teitelbaum, to Plaintiff's Application for Default Judgment.

Dated: March 11, 2008         /s/ Steven Levy
                              **STEVEN R. LEVY**, Attorney at Law