David Balter, State Bar No. 212027
John N. Heffner, State Bar No. 221557
jheffner@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Defendants
Bruce Mabey and Platinum Too, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>  Plaintiff,<br><br>vs.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>  Defendants. | CASE NO. C-07-5551-WHA<br><br>**DEFENDANTS BRUCE MABEY AND PLATINUM TOO, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Date:     April 3, 2008<br>Time:    8:00 am<br>Dept:    9 (19th Flr,)<br>Judge:   Hon. William Alsup<br><br>Trial Date:     January 5, 2009<br>Action Filed:  October 31, 2007 |

**I.
INTRODUCTION**

All defendants in this action have filed or will file a motion to set aside the entries of default against them. If the Court grants those motions, the Court cannot enter default judgment. Further, federal law strongly favors decisions on the merits. Judgment by default "is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (*Falk v. Allen*, 739 F. 2d 461, 463 (9th Cir. 1984).) This cased should be decided on its merits and not by default. The Court should grant the motions to set aside the entries of default and deny plaintiff's motion for default judgment.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

## II.

## FACTUAL BACKGROUND

**A.  There Is A Prior-Filed Case Involving Identical Parties And Issues Pending In The U.S. District Court For The Eastern District Of New York**

On September 21, 2007, defendant William Teitelbaum filed a complaint in the U.S. District Court for the Eastern District of New York (the "New York Action") against Lay Siok Lin, the plaintiff in this action. The New York Action involves the exact same alleged events as those in this present case. On December 14, 2007, Mr. Teitelbaum filed an amended complaint in the New York Action adding Platinum Too, LLC and Bruce Mabey as defendants. (The amended complaint in the New York Action is attached as Exh. 3 to the Declaration of Matthew N. Metz in Support of Default Judgment.) Thus, Lay Siok Line, Bruce Mabey, Platinum Too, LLC, and William Teitelbaum are all parties to, and have all appeared in the New York Action.

**B.  Plaintiff Initiated This Action Nearly Six Weeks After Mr. Teitelbaum Initiated The New York Action**

On October 31, 2007, nearly six (6) weeks after Mr. Teitelbaum filed the New York Action, plaintiff Lay Siok Lin filed her complaint in this action against Platinum Too, LLC, William Teitelbaum, and Bruce Mabey (the "Complaint"). Both this case and the New York Action arise out of the same transactions and events.

Platinum Too, LLC appeared in this action through counsel Mark Turner on January 4, 2008. However, Mr. Turner's representation was limited to securing an extension of time in which to respond to the complaint in this action. (*See* Motion to Withdraw as Attorney filed by Platinum Too, LLC, docket no. 15 in this action.) Mr. Turner subsequently withdrew as counsel on February 7, 2008, leaving Platinum Too, LLC without representation. (*See* Court's February 7, 2008 Minute Order). Defendants Platinum Too, LLC and Bruce Mabey did not secure representation until March 7, 2008. (Declaration of John N. Heffner In Support Of Opposition To Plaintiff's Motion For Default Judgment at ¶ 2.)

**C.  Despite The Previously Pending New York Action, Plaintiff Seeks Entry Of Default Judgment Against Defendants**

Although plaintiff Lay Siok Lin has appeared (along with all the other defendants in this

MEMORANDUM OF POINTS AND                   2
AUTHORITIES IN SUPPORT OF MOTION

action) in the New York Action, she nonetheless sought entry of default against all defendants in this matter on January 16, 2008. The clerk entered default on January 24, 2008. Ms. Lin then filed her motion for default judgment on February 19, 2008. The Court will hear that motion on April 3, 2008.

### D. Defendants Seek To Set Aside Defaults So This Matter Can Be Heard On The Merits

All defendants have or will shortly file motions to set aside the entries of default against them to be heard on shortened notice on April 3, 2008. On March 4, 2008, defendant William Teitelbaum filed his motion to set aside entry of default. Defendants Bruce Mabey and Platinum Too, LLC will, pursuant to stipulations entered by the Court on March 13, 2008, file a motion to set aside entry of default on March 17, 2008.

### E. Plaintiff Has Moved To Transfer New York Action To This Court; Defendants Seek To Transfer This Action To The New York Action

On January 10, 2008, Lay Siok Lin filed a motion to transfer venue from the New York Action to this action. William Teitelbaum and Bruce Mabey have both filed oppositions to that motion. The court in the New York Action, however, has not yet ruled on that motion to transfer venue.

William Teitelbaum, Bruce Mabey, and Platinum Too, LLC will move to transfer venue of this case to the New York Action. Because, among other reasons, the New York Action was filed first, this litigation should proceed there. (*See Pacesetter Systems Inc. v. Medtronic Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982) (holding that a district court should decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.)

## III.
## LEGAL ANALYSIS

### A. Defendants Have Or Will Moved To Set Aside Entries Of Default; If The Court Grants Those Motions, The Court Cannot Enter Default Judgment

All defendants have moved or will shortly move to set aside the entries of default against them. Plaintiff seeks entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. However, a court can only enter default judgment under Rule 55 if there is a default.

1  Therefore, if this Court sets aside the entries of default in this matter, Plaintiff cannot obtain a
2  default judgment.

3  **B.  Because The Law Strongly Favors Decisions On The Merits, Entry Of Default Judgment Should Be Denied**

4   Judgment by default "is a drastic step appropriate only in extreme circumstances; a case
5  should, whenever possible, be decided on the merits." (*Falk v. Allen*, 739 F.2d 461 (9th Cir.
6  1984).)  Plaintiff here has failed to demonstrate that such a drastic step is necessary.  Defendants
7  have all now appeared in this matter and will respond to the Complaint.  Further, the defendants
8  have all appeared in the New York Action.  Plaintiff therefore knew that defendants contested
9  liability when she sought entry of default herein and thereafter sought default judgment.  Plaintiff
10 cannot allege surprise or prejudice by defendants' belated appearance in this action.

## IV.
## CONCLUSION

13  Defendants Bruce Mabey and Platinum Too, LLC will file motions to set aside the entries
14 of default against them.  If the Court grants those motions, the Court cannot enter default
15 judgment against Bruce Mabey and Platinum Too, LLC.  Further, federal law strongly favors
16 decisions on the merits.  Plaintiff knew, based upon actions in the New York Action, that
17 defendants Bruce Mabey and Platinum Too, LLC contested liability.  Consequently, plaintiff
18 cannot allege any prejudice.  Defendants ask only that the Court decide this matter on the merits
19 rather than by default judgment.

21  Dated: March 17, 2008.

DICKENSON, PEATMAN & FOGARTY

By   */s/ John N. Heffner*
     John N. Heffner, Attorneys for Defendants
     Bruce Mabey and Platinum Too, LLC

MEMORANDUM OF POINTS AND                4
AUTHORITIES IN SUPPORT OF MOTION