1  David Balter, State Bar No. 212027
   John N. Heffner, State Bar No. 221557
2  jheffner@dpf-law.com
   DICKENSON, PEATMAN & FOGARTY
3  A Professional Corporation
   809 Coombs Street
4  Napa, California 94559
   Telephone: (707) 252-7122
5  Facsimile: (707) 255-6876

6  Attorneys for Defendant
   Bruce Mabey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>    Plaintiff,<br><br>vs.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>    Defendants. | CASE NO. C-07-5551-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRUCE MABEY'S MOTION TO SET ASIDE DEFAULT**<br><br>Date:      April 3, 2008<br>Time:     8:00 am<br>Dept:     9 (19th Flr,)<br>Judge:    Hon. William Alsup<br><br>Trial Date:   January 5, 2009<br>Action Filed: October 31, 2007 |

**I.**

**INTRODUCTION**

Plaintiff Lay Siok Lin has not effected service of the complaint in this action (the "Complaint") on defendant Bruce Mabey. Plaintiff has neither personally served Mr. Mabey nor properly effected substitute service. Consequently, the entry of default is not proper and plaintiff cannot move for the entry of default judgment. Further, federal law strongly favors decisions on the merits rather than by default judgment.

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

## II.

## FACTUAL BACKGROUND

On October 31, 2007, plaintiff filed a complaint in this action against Platinum Too, LLC, William Teitelbaum, and Bruce Mabey (the "Complaint"). Plaintiff seeks to recover money invested in Platinum Too, LLC.

Plaintiff, however, ***has not served Mr. Mabey with the Complaint.*** According to Plaintiff's Proof of Service of Summons, plaintiff purportedly served Mr. Mabey's wife on December 17, 2007 at 12:22 pm. (*See* Exh. "A" to Declaration of John N. Heffner ("Heffner Decl.").) Plaintiff's process server, however, simply left the Complaint at Bruce Mabey's front door. (Declaration of Christi Mabey ("Christi Decl.") at ¶ 2.) Mr. Mabey's wife, Christi, never personally received the Complaint from any process served. (*Id.* at ¶¶ 2-3.) Further, plaintiff never personally served Bruce Mabey with the Complaint. (Declaration of Bruce Mabey ("Bruce Decl.") at ¶ 2). Additionally, plaintiff's Proof of Service of Summons does ***not*** show that plaintiff mailed a copy of the Complaint to Bruce Mabey as required by California law.

Nonetheless, Plaintiff moved for entry of default on January 16, 2008. The clerk entered default against all defendants on January 24, 2008. Plaintiff then filed a motion for entry of default judgment on February 19, 2008. The court will hear that motion on April 3, 2008. Plaintiff and Mr. Mabey have stipulated to have this motion heard on April 3, 2008 on shortened notice.

Additionally, plaintiff knew that Bruce Mabey contested liability. On September 21, 2007, defendant William Teitelbaum filed a complaint in the U.S. District Court for the Eastern District of New York (the "New York Action") against Lay Siok Lin, the plaintiff in this action. The New York Action involves the same alleged events as those in this present case. On December 14, 2007, Mr. Teitelbaum filed an amended complaint in the New York Action adding Platinum Too, LLC and Bruce Mabey as defendants. Lay Siok Line, Bruce Mabey, Platinum Too, LLC, and William Teitelbaum have all appeared in the New York Action. Specifically, Mr. Mabey filed an answer in the New York Action denying liability. (*See* Exh. B to Heffner Decl.) Consequently, plaintiff cannot allege that Mr. Mabey's belated appearance in this action caused

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION         2

any surprise or prejudice.

Further, Mr. Mabey did not retain legal counsel in this matter until March 7, 2008. (Heffner Decl. at ¶ 2.)

Should the Court grant this motion, defendant Bruce Mabey will file a motion to transfer this action to the U.S. District Court for the Eastern District of New York for consolidation with the New York Action. Because the New York Action was the first-filed action, this Court should either transfer this matter to the U.S. District Court for the Eastern District of New York or stay this matter. (*See Pacesetter Systems Inc. v. Medtronic Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982) (holding that a district court should decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.)

## III.

## LEGAL ANALYSIS

Rule 55(c) of the Federal Rules of Civil Procedure provide that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Further, courts apply a more lenient standard to setting aside entry of default than vacating a default judgment. (*Hawaii Carpenters' Trust Funds v. Stone*, 794 F. 2d 508, 513 (9th Cir. 1986).)

**A.  Good Cause Exists Because Plaintiff Has Not Effected Proper Service On Bruce Mabey**

Good cause to set aside entry of default exists when a defendant (even if he had actual notice) demonstrates defects in the service of process. *SEC v. Internet Solutions for Business Inc.* 509 F. 3d 1161, 1165-66 (9th Cir. 2007).

Here, good cause exists to set aside entry of default because plaintiff did not properly serve defendant Bruce Mabey. Rule 4(e) of the Rules of Federal Civil Procedure authorizes service of a summons and complaint in one of two ways:

(1)  "pursuant to the law of the state in which the district court is located, or in which service is effected;" or

(2)  "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the

> individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . ."

Plaintiff simply left the complaint and summons at Mr. Mabey's front door and took no further action to mail the complaint and summons. (Christi Decl. at ¶ 2.) Such service is neither proper under California or Utah law, nor proper under Rule 4(e)(2).

Rule 4 of the Utah Rules of Civil Procedure is similar to Rule 4 of the Federal Rules of Civil Procedure in that a complaint can be left at a defendant's home only if it is left with "some person of suitable age and discretion there residing." (Utah Rules of Civil Procedure, Rule 4, attached as Exhibit "C" to Heffner Decl.) Plaintiff, however, did not leave the complaint with any person. Consequently, service was not proper under Utah or Federal law.

California law similarly allows service by:

> leaving a copy of the summons and complaint at the person's dwelling house . . . in the presence of a competent member of the household . . . and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. (Cal. Code of Civ. Proc. § 415.10(b).)

Plaintiff, however, neither left the summons and complaint in the presence of a competent member of the household nor thereafter mailed the complaint and summons to Mr. Mabey. Rather, plaintiff simply left the complaint and summons on Mr. Mabey's doorstep. Consequently, service was not proper under California law.

**B.     Good Cause Exists Because Federal Law Strongly Favors Decisions On The Merits**

Good cause to set aside entry of default also exists when there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." (*Hawaii Carpenters' Trust Funds*, 794 F. 2d at 513.) Here, Mr. Mabey disputes plaintiff's factual allegations. Specifically, Mr. Mabey filed an answer in the New York Action on March 3, 2008. (*See* Exh. "B" to Heffner Decl.) Among other things, Mr. Mabey asserts in an affirmative defense that he is not responsible for the actions of the other defendants, including Platinum Too, LLC. (*Id.*)

Further, although this Court has not yet entered default judgment against defendant Bruce Mabey, judgment by default "is a drastic step appropriate only in extreme circumstances; a case

MEMORANDUM OF POINTS AND                4
AUTHORITIES IN SUPPORT OF MOTION

1 should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984). Courts should liberally allow relief from entry of default. Further, plaintiff knew that Mr. Mabey contested liability. Plaintiff cannot allege that by setting aside the entry of default against Mr. Mabey, plaintiff will be prejudiced.

## IV.

## CONCLUSION

Good cause exists to set aside the default entered against defendant Bruce Mabey. Plaintiff did not properly effect service on Mr. Mabey. Further, Mr. Mabey did not retain counsel in California until March 7, 2008. Additionally, federal law strongly favors decisions on the merits rather than by default judgment. Mr. Mabey, as he has made clear to plaintiff in the New York Action, contests liability. Plaintiff, therefore, cannot claim any prejudice. Mr. Mabey respectfully requests that this Court set aside the default entered against Mr. Mabey.

Dated: March 17, 2008.

DICKENSON, PEATMAN & FOGARTY

By  */s/ John N. Heffner*
John N. Heffner, Attorneys for Defendant

MEMORANDUM OF POINTS AND                5
AUTHORITIES IN SUPPORT OF MOTION