1  David Balter, State Bar No. 212027
   John N. Heffner, State Bar No. 221557
2  jheffner@dpf-law.com
   DICKENSON, PEATMAN & FOGARTY
3  A Professional Corporation
   809 Coombs Street
4  Napa, California 94559
   Telephone: (707) 252-7122
5  Facsimile: (707) 255-6876

6  Attorneys for Defendant
   Bruce Mabey

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                  SAN FRANCISCO DIVISION

11

12  LAY SIOK LIN,                        CASE NO. C-07-5551-WHA

13          Plaintiff,                   **DECLARATION OF JOHN N. HEFFNER**
                                         **IN SUPPORT OF DEFENDANT BRUCE**
14      vs.                              **MABEY'S MOTION TO SET ASIDE**
                                         **DEFAULT**
15  PLATINUM TOO, LLC, BRUCE
    MABEY, and WILLIAM TEITELBAUM,       Date:      April 3, 2008
16                                       Time:      8:00 am
          Defendants.                    Dept:      9 (19th Flr,)
17                                       Judge:     Hon. William Alsup

18                                       Trial Date:    January 5, 2009
                                         Action Filed:  October 31, 2007
19

20      I, John N. Heffner, declare:

21      1.      I am an attorney at law, duly licensed to practice before all of the courts of the

22  State of California.  I am an attorney with Dickenson Peatman & Fogarty, counsel for record for

23  defendant Bruce Mabey.  I am over the age of eighteen years and am not a party to this action.  If

24  called to testify regarding the following matters, I could and would do so competently.

25      2.      Bruce Mabey formally retained Dickenson, Peatman & Fogarty to represent both

26  him and Platinum Too, LLC on March 7, 2008.

27      3.      Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's Proof of

28

DECLARATION OF JOHN N. HEFFNER IN
SUPPORT OF MOTION

1    Service of Summons by which plaintiff purports to have served defendant Bruce Mabey with the

2    complaint and summons in this action.

3        4.    Attached hereto as Exhibit "B" is a true and correct copy of an answer filed by

4    Bruce Mabey in the U.S. District Court for the Eastern District of New York in *Teitelbaum v. Lin,*

5    *et al.*, case no. 07-03971 (the "New York Action").  Also attached as Exhibit "B" is a true and

6    correct copy of the amended complaint on file in the New York Action.

7        5.    Attached hereto as Exhibit "C" is a true and correct copy of Rule 4 of the Utah

8    Rules of Civil Procedure that I obtained from Westlaw.

9        I declare under penalty of perjury under the laws of the United States of America that the

10   foregoing is true and correct

11

12   Dated: March 17, 2008.

13        _____
              */s/ John N. Heffner*
              John N. Heffner

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF JOHN N. HEFFNER IN          2
SUPPORT OF MOTION

# EXHIBIT "A"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Urena<br>810 3rd Ave, #700<br>Seattle, WA 98104<br>  TELEPHONE NO.: 206 440-3000    FAX NO. (Optional): 206 224-3713<br>  EMAIL ADDRESS (Optional):<br>  ATTORNEY FOR (Name):  LAY SIOK LIN | |

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION<br>  STREET ADDRESS:<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:<br>  BRANCH NAME: | |
|---|---|

| PLAINTIFF/PETITIONER:  LAY SIOK LIN | CASE NUMBER:<br>C 07 5551 |
|---|---|
| DEFENDANT/RESPONDENT:  PLATINUM TOO, LLC., A UTAH LIMITED LIABILITY CO; ET AL., | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons In A Civil Action; Complaint for Violations of The Federal Securities Law, Brech of Contract, Fraud; Notice of Assignment of Case to A United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge; Declination to Proceed Before A Magistrate Judge and Request for Reassignment to A United States District Judge; Order Setting Initial Case Management Conference and Adr Deadlines; Certificate of Service

3. a. Party served *(specify name of party as shown on documents served):*
   BRUCE MABEY

   b. [   ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   4236 MOUNT OLYMPUS Way, SALT LAKE CITY, UT 84124

5. I served the party *(check proper box)*
   a. [   ] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*  (2) at *(time):*
   b. [ X ] by substituted service. On *(date):* 12/17/2007  (2) at *(time):* 12:22 PM  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      Jane Doe, wife refused to give name, CO-RESIDENT, A white female approx. 45-55 years of age 5'6"-5'8" In height weighing 120-140 lbs with blonde hair
      (1) [   ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ X ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [   ] (physical address unknown) a person of at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [   ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):*       or [   ] a declaration of mailing is attached.
      (5) [ X ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 4787107 SEA

| PLAINTIFF/PETITIONER: LAY SIOK LIN | CASE NUMBER: |
| DEFENDANT/RESPONDENT: PLATINUM TOO, LLC., A UTAH LIMITED LIABILITY CO; ET AL., | C 07 5551 |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*      (2) from *(city):*

    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30)*

    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. [ X ] as an individual defendant.

    b. [  ] as the person sued under the fictitious name of *(specify):*

    c. [  ] as occupant

    d. [  ] On behalf of *(specify):*
        under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. Person who served papers

    a. Name:       **Wendy Stowers**

    b. Address:    **5258 S PINEMONT DR., SUITE B-210, MURRAY, UT 84123**

    c. Telephone number:    **801-281-0289**

    d. The fee for service was:    **$0.00**

    e. I am:

        (1) [ X ] not a registered California process server.

        (2) [  ] exempt from registration under Business and Professions Code section 22350(b).

        (3) [  ] registered California process server:

            (i) [  ] owner  [  ] employee  [  ] independant contractor

            (ii) [  ] Registration No.:

            (iii) [  ] County:

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  **12/18/2007**

| | |
|---|---|
| **Wendy Stowers** | |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

Order No. 4787107 SEA

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Urena<br>810 3rd Ave, #700<br>Seattle, WA 98104<br><br>TELEPHONE NO.: 206 440-3000    FAX NO. *(Optional)*: 206 224-3713<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: LAY SIOK LIN | FOR COURT USE ONLY |
|---|---|

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE<br>DIVISION<br>  STREET ADDRESS:<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:<br>  BRANCH NAME: | |
|---|---|

| PLAINTIFF/PETITIONER: LAY SIOK LIN | CASE NUMBER:<br>C 07 5551 |
|---|---|
| DEFENDANT/RESPONDENT: PLATINUM TOO, LLC., A UTAH LIMITED LIABILITY CO;<br>ET AL., | |
| **DECLARATION OF REASONABLE DILIGENCE** | Ref. No. or File No.: |

Party to Serve:
**BRUCE MABEY**

Documents:
**Summons In A Civil Action; Complaint for Violations of The Federal Securities Law, Brech of Contract, Fraud; Notice of Assignment of Case to A United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge; Declination to Proceed Before A Magistrate Judge and Request for Reassignment to A United States District Judge; Order Setting Initial Case Management Conference and Adr Deadlines; Certificate of Service**

Service Address:
**4236 MOUNT OLYMPUS Way, SALT LAKE CITY, UT 84124**

I declare the following attempts were made to effect service by personal delivery:
**11/28/2007 7:30:00 PM: No Answer at the door, lights on inside on one attempt.**
**12/1/2007 9:30:00 AM: No Answer at the door**
**12/3/2007 6:50:00 PM: No Answer at the door**
**12/5/2007 8:00:00 PM: No Answer at the door**

Person who served papers:
**Wendy Stowers**
**5258 S PINEMONT DR., SUITE B-210, MURRAY, UT 84123**
**801-281-02d9**

I am not a registered California process server.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **12/21/2007**

_____
**Wendy Stowers**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Order No. 4787107 SEA

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Urena<br>810 3rd Ave, #700<br>Seattle, WA 98104<br>　TELEPHONE NO.: **206 440-3000**　　FAX NO. *(Optional):* **206 224-3713**<br>EMAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name):*  **LAY SIOK LIN** | FOR COURT USE ONLY |
|---|---|
| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE<br>DIVISION<br>　STREET ADDRESS:<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE:<br>　BRANCH NAME: | |

| | |
|---|---|
| PLAINTIFF/PETITIONER:  LAY SIOK LIN | CASE NUMBER:<br>**C 07 5551** |
| DEFENDANT/RESPONDENT:  PLATINUM TOO, LLC., A UTAH LIMITED LIABILITY CO;<br>ET AL., | |
| **DECLARATION OF REASONABLE DILIGENCE** | Ref. No. or File No.: |

Party to Serve:
**BRUCE MABEY**

Documents:
**Summons in A Civil Action; Complaint for Violations of The Federal Securities Law, Brech of Contract, Fraud; Notice of Assignment of Case to A United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge; Declination to Proceed Before A Magistrate Judge and Request for Reassignment to A United States District Judge; Order Setting Initial Case Management Conference and Adr Deadlines; Certificate of Service**

Service Address:
**4236 MOUNT OLYMPUS Way, SALT LAKE CITY, UT 84124**

I declare the following attempts were made to effect service by personal delivery:
**12/13/2007 8:05:00 PM: No Answer at the door**
**12/14/2007 11:06:00 AM: No Answer at the door, movement inside, 2 vehicles present (418NWS )**

Person who served papers:
**Wendy Stowers**
**5258 S PINEMONT DR., SUITE B-210, MURRAY, UT 84123**
**801-281-0289**

I am not a registered California process server.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **12/21/2007**

_____
**Wendy Stowers**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Order No. 4787107 SEA

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Urena<br>810 3rd Ave, #700<br>Seattle, WA 98104 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 206 440-3000    FAX NO. *(Optional):* 206 224-3713<br>EMAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):*  LAY SIOK LIN | |

| UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
|---|---|
| PLAINTIFF/PETITIONER:  LAY SIOK LIN | CASE NUMBER:<br>C 07 5551 |
| DEFENDANT/RESPONDENT:  PLATINUM TOO, LLC., A UTAH LIMITED LIABILITY CO; ET AL., | |
| DECLARATION OF REASONABLE DILIGENCE | Ref. No. or File No.: |

Party to Serve:
**BRUCE MABEY**

Documents:
**Summons in A Civil Action; Complaint for Violations of The Federal Securities Law, Breach of Contract, Fraud; Notice of Assignment of Case to A United States Magistrate Judge for Trial; Consent to Proceed Before A United States Magistrate Judge; Declination to Proceed Before A Magistrate Judge and Request for Reassignment to A United States District Judge; Order Setting Initial Case Management Conference and Adr Deadlines; Certificate of Service**

Service Address:
**4236 MOUNT OLYMPUS Way, SALT LAKE CITY, UT 84124**

I declare the following attempts were made to effect service by personal delivery:
**12/16/2007 10:36:00 AM: No Answer at the door, vehicle present (418NWS)**

Person who served papers:
**Wendy Stowers**
**5258 S PINEMONT DR., SUITE B-210, MURRAY, UT 84123**
**801-281-0289**

I am not a registered California process server.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **12/21/2007**

_____
**Wendy Stowers**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

Order No. 4787107 SEA

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
WILLIAM A. TEITELBAUM

                     Plaintiff,                      07-CV-3971 (LDW) (ETB)

      -against-

                                        **DEFENDANT'S ANSWER TO**
LAY SIOK LIN, PLATINUM TOO LLC, BRUCE     **PLAINTIFF'S AMENDED**
MABEY,                                      **COMPLAINT**

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Bruce Mabey, by his attorneys, Farrell Fritz, P.C., answers the Amended

Complaint (the "Complaint") as follows:

### THE PARTIES

1.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph "1" of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph "2" of the Complaint.

3.      Admits the allegations contained in Paragraph "3" of the Complaint.

4.      Admits the allegations contained in Paragraph "4" of the Complaint.

### JURISDICTION AND VENUE

5.      Paragraph "5" of the Complaint sets forth a legal conclusion, to which no response is

required.

6.      Paragraph "6" of the Complaint sets forth a legal conclusion, to which no response is

required.

7.      Paragraph "7" of the Complaint sets forth a legal conclusion, to which no response is

required.

8.      Paragraph "8" of the Complaint sets forth a legal conclusion, to which no response is required.

9.      Admits the allegations contained in Paragraph "9" of the Complaint.

10.     Admits the allegations contained in Paragraph "10" of the Complaint.

11.     Admits the allegations contained in Paragraph "11" of the Complaint

12.     Denies the allegations contained in Paragraph "12" of the Complaint.

13.     Admits the allegations contained in Paragraph "13" of the Complaint

14.     Admits the allegations contained in Paragraph "14" of the Complaint.

15.     Admits the allegations contained in Paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

17.     Admits the allegations contained in Paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20.     Denies the allegations contained in Paragraph "20" of the Complaint.

21.     Paragraph "21" of the Complaint sets forth a legal conclusion, to which no response is required.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "24" of the Complaint.

25.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Complaint.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "27" of the Complaint.

28.    Paragraph "28" of the Complaint sets forth a legal conclusion, to which no response is required.

29.    Admits the allegations contained in Paragraph "29" of the Complaint.

30.    Paragraph "30" of the Complaint sets forth a legal conclusion, to which no response is required.

31.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "31" of the Complaint.

32.    Admits the allegations contained in Paragraph "32" of the Complaint.

33.    Paragraph "33" of the Complaint sets forth a legal conclusion, to which no response is required.

## FIRST AFFIRMATIVE DEFESE

34.    If Plaintiff sustained any damages, the same were caused in whole or in part by the culpable conduct of one or more persons or entities for whose conduct Defendant is not responsible and with whom Defendant has no legal connection.

3

## SECOND AFFIRMATIVE DEFENSE

35.     If Plaintiff sustained damages, the same were not due or caused by the fault, lack of care, negligence, recklessness, carelessness or breach of any duty on the part of Defendant.

## THIRD AFFIRMATIVE DEFENSE

36.     Whatever damages were sustained by Plaintiff, if any, were caused by the active, direct and proximate negligence of others and accordingly, in the event that Defendant is found to be liable to Plaintiff, Defendant will be entitled to indemnification, contribution and/or apportionment.

## FOURTH AFFIRMATIVE DEFENSE

37.     Defendant reserves the right to assert, at a later date, any affirmative defenses not asserted herein, that further investigation may prove viable against Plaintiff.

Dated: Uniondale, New York
          March 3, 2008

Respectfully submitted,

FARRELL FRITZ, P.C.

By:
          James M. Wicks
          Debbie Chun
          1320 Reckson Plaza
          Uniondale, New York 11556-0120
          (516) 227-0700

*Attorneys for Defendant Bruce Mabey*

TO:    BOROVINA & MARULLO, PLLC
          *Attorneys for Plaintiff*
          445 Broadhollow Road, Suite 334
          Melville, New York 11747
          Tel: 631-630-1101
          ajb@bormarlaw.com

4

LEVY EHRLICH & PETRIELLO
*Attorneys for Defendant Lay Siok Lin*
60 Park Place, Suite 1016
Newark, New Jersey 07102
Tel: 973-643-0040
john@lep-lawyers.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WILLIAM A. TEITELBAUM,

                            Plaintiff,

      -against-

LAY SIOK LIN, PLATINUM TWO LLC,
BRUCE MABEY,

                      Defendants.
-------------------------------------------------------------x

Index No.: CV-07 3971

**AMENDED
COMPLAINT**

Plaintiff, William A. Teitelbaum, by its attorneys, Borovina & Marullo PLLC, complaining of the defendants, Lay Siok Lin, Platinum Two LLC, and Bruce Mabey respectfully alleges as follows:

## THE PARTIES

1.    The plaintiff, William A. Teitelbaum ("Teitelbaum"), is a citizen of the State of New York residing at 175 Pinelawn Rd. Melville, New York 11747 and earns his livelihood by acting as a financial advisor and consultant.

2.    Upon information and belief, the defendant, Lay Siok Lin ("Lin"), is a citizen of Indonesia and not of the United States and is an alien.

3.    The defendant, Platinum Two LLC ("Platinum") is a limited liability company duly organized in the State of Utah and having its principal place of business in Suffolk County, New York.

4.    Upon information and belief, the defendant Bruce Mabey ("Mabey")is a citizen of the State of Utah .

## JURISDICTION AND VENUE

5.      This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C.A §80a-43 since this action arises under the laws of the United States, more particularly the Securities Act of 1933, as amended, 15 U.S.C.A. §77(a) *et. seq.* and other federal laws including, but not limited to, the rules and regulations promulgated by the Securities and Exchange Commission and the blue sky laws of particular states, if any (collectively the "Securities Laws") and is a suit seeking declaratory relief regarding the enforcement of liabilities or duties created by the Securities Laws.

6.      Venue is proper in this court pursuant to 28 U.S.C. §1391and 15 U.S.C. §78aa because Lin is an alien and this is the district where Platinum may be found and transacts business, there being no other district in which the action may otherwise be brought.

7.      Teitelbaum seeks a judgment declaring the rights of the parties pursuant to 28 U.S.C.A. §2201 and concerning his purported liabilities and duties, if any, arising under the Securities Laws and concerning the creation and issuance of two certain promissory notes that are described in this complaint.

8.      The Teitelbaum seeks a declaration of rights in this action between the parties because Lin contends that the Securities Law imposed certain duties and liabilities upon Teitelbaum and in her favor which Teitelbaum allegedly breached or failed to honor and arising out of the creation and issuance of two promissory notes that are described in this complaint. Teitelbaum's occupation and professional reputation will be irreparably damaged if Lin's accusations of wrongdoing remain outstanding and unresolved expeditiously and in a court of law.

2

9.    Teitelbaum and Mabey are founders of Platinum.

10.    Since its inception, Platinum has provided structuring transactions for its clients who are presented with various business opportunities.

11.    In or about December 2004, Platinum, identified as the borrower, and Mr. Aziz Mochdar ("Mochdar"), identified as the lender, executed a promissory note pursuant to which Mochdar agreed to loan $2 million to Platinum and pursuant to the terms of a promissory note, a copy of which is annexed to this complaint as exhibit "A."

12.    In or about December 2005, Platinum, identified as the borrower, and Lin, identified as the lender, executed a promissory note pursuant to which Lin agreed to loan $1 million to Platinum and pursuant to the terms of a promissory note, a copy of which is annexed to this complaint as exhibit "B."

13.    Both notes (collectively the "Notes") were created and supervised under the auspices of an Indonesian broker/dealer who was well versed in the laws and practices of Indonesia and whose advice Platinum relied upon.

14.    Upon information and belief, the Notes were not negotiated or executed in the United States but instead were negotiated and executed in Indonesia.

15.    Upon its receipt of these loan proceeds, Platinum opened an account with Wells Fargo Bank.

16.    In or about November 2006, Mochdar and Lin (collectively the "Lenders") separately instructed Mabey to cause Platinum to close their respective accounts and terminate its relationship with them and to deliver the entire proceeds of those accounts to Starboard, an entity that was then and is now separate, distinct and unrelated to Platinum or any of its

3

members, and for the purpose of enabling Starboard to invest in the development of property located in Costa Rica.

17.    Platinum, including its members and employees, made no representation and gave no advice to the Lenders regarding their decision to terminate their respective relations with Platinum.

18.    The Lenders each decided to terminate their respective accounts and relationship with Platinum free and independent of any advice or representation by Platinum (including any of its members or employees) concerning Starboard or its contemplated investment.

19.    Upon information and belief, Platinum (including any of its members or employees) did not introduce the Lenders to Starboard and had no role or interest in the negotiation or execution of any agreement between the Lenders and Starboard and had no other interest or relationship with Starboard or of Starboard's contemplated investment in Costa Rica.

20.    Acting pursuant to the Lenders' instructions, Platinum caused the aforesaid accounts with to be terminated and the entire principal amount held for their account to be transferred to an account identified by the Lenders.

21.    As a result of the Lenders direction and Platinum's compliance with such direction, the relationship, legal or otherwise, between Platinum and the Lenders came to an end with no further responsibilities owed or remaining outstanding as between the parties and concerning the payment of the Notes.

4

22.    In August 2007, Matthew Metz, an attorney having offices located in Portland, Oregon, communicated to Teitelbaum, via email, stating that he was the attorney for Lin.

23.    Mr. Metz informed Teitelbaum that Platinum was in default of its obligations to pay the Notes.

24.    Mr. Metz also represented to Teitelbaum that Mochdar had previously assigned his entire interest in his note to Lin and that Lin, acting for herself as lender and assignee, believed that Platinum, Mabey and Teitelbaum had violated or failed to honor obligations and duties imposed pursuant to the Securities Laws and concerning the issuance of the Notes.

25.    Metz stated that Platinum failed to register the Notes as securities and to make certain disclosures pursuant to the Securities Law and made false, misleading and/or fraudulent representations in connection with the issuance of the Notes.

26.    Mr. Metz stated that Teitelbaum was personally liable to the defendant for such purported violations and misdeeds since he was a "controlling person" within the meaning of the Securities Law.

27.    Teitelbaum contends that he is not personally liable to Lin arising out of or concerning the issuance of the Notes.

28.    The Notes are each exempt from the prohibitions imposed by the Securities Laws, including but not limited to 15 U.S.C.A. §77d  since they constitute transactions by an issuer not involving any public offering.

5

29.   In addition, no representations were made to Lenders that were false, fraudulent or deceiving in nature and concerning the issuance of the Notes or the Lenders' decision to terminate their account with Platinum and Bear Stearns.

30.   The Lenders waived any right they may have had to enforce any right or benefit imposed pursuant to the Securities Laws based upon the Notes and as a result of their voluntary election to terminate their relationship with Platinum and to cause their funds to be placed with Starboard, an entity that was then and is not unrelated and unaffiliated with Platinum or any of its members or employees.

31.   In addition, Teitelbaum never made an oral or written representation to the Lenders at any time.

32.   Upon information and belief, Mabey did not make any oral or written represeniation to the Lenders at any time and except for those representations stated in the Notes.

33.   Teitelbaum has no adequate remedy at law.

WHEREFORE, the plaintiff William A. Teitelbaum, respectfully requests a judgment against all defendants declaring:

(a)   the rights of the parties;

(b)   that the Notes are exempt transactions from the prohibitions imposed by the Securities Laws, including but not limited to 15 U.S.C.A. §77(d)(2) since they are transactions by an issuer not involving any public offering;

(c)   that the Notes are exempt transactions from the prohibitions imposed by the Securities Laws because they were executed outside of the United States and are not subject to regulation by the Securities Laws;

6

(d)    that the plaintiff is not liable to the defendant under the Securities

Laws based upon the creation or issuance of the Notes;

(e)    such other relief as the court may deem appropriate.

Dated: Melville, New York
        December 12, 2007

Borovina & Marullo PLLC
*Attorneys for Plaintiff*

By:

Anton J. Borovina
A Member of the Firm
445 Broad Hollow Road, Ste. 334
Melville, New York  11747
(631) 630-1101

7

# EXHIBIT "C"

Westlaw.

Utah Rules of Civil Procedure, Rule 4

**C**
*WEST'S* UTAH CODE ANNOTATED
STATE COURT RULES
UTAH RULES OF CIVIL PROCEDURE
PART II. COMMENCEMENT OF ACTION;  SERVICE OF PROCESS, PLEADINGS, MOTIONS AND OR-
DERS
→**RULE 4. PROCESS**

**(a) Signing of summons.**  The summons shall be signed and issued by the plaintiff
or the plaintiff's attorney.  Separate summonses may be signed and served.

**(b) (i) Time of service.**  In an action commenced under Rule 3(a)(1), the summons
together with a copy of the complaint shall be served no later than 120 days after
the filing of the complaint unless the court allows a longer period of time for
good cause shown.  If the summons and complaint are not timely served, the action
shall be dismissed, without prejudice on application of any party or upon the
court's own initiative.

(b)(ii) In any action brought against two or more defendants on which service has
been timely obtained upon one of them,

(b)(ii)(A) the plaintiff may proceed against those served, and

(b)(ii)(B) the others may be served or appear at any time prior to trial.

**(c) Contents of summons.**

(c)(1) The summons shall contain the name of the court, the address of the court,
the names of the parties to the action, and the county in which it is brought.  It
shall be directed to the defendant, state the name, address and telephone number
of the plaintiff's attorney, if any, and otherwise the plaintiff's address and
telephone number.  It shall state the time within which the defendant is required
to answer the complaint in writing, and shall notify the defendant that in case of
failure to do so, judgment by default will be rendered against the defendant.  It
shall state either that the complaint is on file with the court or that the com-
plaint will be filed with the court within ten days of service.

(c)(2) If the action is commenced under Rule 3(a)(2), the **summons** shall state that
the defendant need not answer if the complaint is not filed within 10 days after
**service** and shall state the telephone number of the clerk of the court where the
defendant may call at least 13 days after **service** to determine if the complaint
has been filed.

(c)(3) If **service** is made by publication, the **summons** shall briefly state the sub-
ject matter and the sum of money or other relief demanded, and that the complaint

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Utah Rules of Civil Procedure, Rule 4

is on file with the court.

**(d) Method of Service.** Unless waived in writing, **service** of the **summons** and complaint shall be by one of the following methods:

(d)(1) *Personal service.* The **summons** and complaint may be served in any state or judicial district of the United States by the sheriff or constable or by the deputy of either, by a United States Marshal or by the marshal's deputy, or by any other person 18 years of age or older at the time of **service** and not a party to the action or a party's attorney. If the person to be served refuses to accept a copy of the process, service shall be sufficient if the person serving the same shall state the name of the process and offer to deliver a copy thereof. Personal service shall be made as follows:

(d)(1)(A) Upon any individual other than one covered by subparagraphs (B), (C) or (D) below, by delivering a copy of the **summons** and the complaint to the individual personally, or by leaving a copy at the individual's dwelling house or usual place of abode with some person of suitable age and discretion there residing, or by delivering a copy of the **summons** and the complaint to an agent authorized by appointment or by law to receive **service** of process;

(d)(1)(B) Upon an infant (being a person under 14 years) by delivering a copy of the **summons** and the complaint to the infant and also to the infant's father, mother or guardian or, if none can be found within the state, then to any person having the care and control of the infant, or with whom the infant resides, or in whose **service** the infant is employed;

(d)(1)(C) Upon an individual judicially declared to be of unsound mind or incapable of conducting the person's own affairs, by delivering a copy of the summons and the complaint to the person and to the person's legal representative if one has been appointed and in the absence of such representative, to the individual, if any, who has care, custody or control of the person;

(d)(1)(D) Upon an individual incarcerated or committed at a facility operated by the state or any of its political subdivisions, by delivering a copy of the summons and the complaint to the person who has the care, custody, or control of the individual to be served, or to that person's designee or to the guardian or conservator of the individual to be served if one has been appointed, who shall, in any case, promptly deliver the process to the individual served;

(d)(1)(E) Upon any corporation not herein otherwise provided for, upon a partnership or upon an unincorporated association which is subject to suit under a common name, by delivering a copy of the **summons** and the complaint to an officer, a managing or general agent, or other agent authorized by appointment or by law to receive **service** of process and, if the agent is one authorized by statute to receive **service** and the statute so requires, by also mailing a copy of the **summons** and the complaint to the defendant. If no such officer or agent can be found within the

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Utah Rules of Civil Procedure, Rule 4

state, and the defendant has, or advertises or holds itself out as having, an office or place of business within the state or elsewhere, or does business within this state or elsewhere, then upon the person in charge of such office or place of business;

(d)(1)(F) Upon an incorporated city or town, by delivering a copy of the summons and the complaint to the recorder;

(d)(1)(G) Upon a county, by delivering a copy of the summons and the complaint to the county clerk of such county;

(d)(1)(H) Upon a school district or board of education, by delivering a copy of the summons and the complaint to the superintendent or business administrator of the board;

(d)(1)(I) Upon an irrigation or drainage district, by delivering a copy of the summons and the complaint to the president or secretary of its board;

(d)(1)(J) Upon the state of Utah, in such cases as by law are authorized to be brought against the state, by delivering a copy of the summons and the complaint to the attorney general and any other person or agency required by statute to be served; and

(d)(1)(K) Upon a department or agency of the state of Utah, or upon any public board, commission or body, subject to suit, by delivering a copy of the summons and the complaint to any member of its governing board, or to its executive employee or secretary.

(d)(2) *Service by mail or commercial courier service.*

(d)(2)(A) The **summons** and complaint may be served upon an individual other than one covered by paragraphs (d)(1)(B) or (d)(1)(C) by mail or commercial courier **service** in any state or judicial district of the United States provided the defendant signs a document indicating receipt.

(d)(2)(B) The **summons** and complaint may be served upon an entity covered by paragraphs (d)(1)(E) through (d)(1)(I) by mail or commercial courier **service** in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive **service** of process signs a document indicating receipt.

(d)(2)(C) Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this rule.

(d)(3) *Service in a foreign country.* Service in a foreign country shall be made as follows:

(d)(3)(A) by any internationally agreed means reasonably calculated to give no-

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Utah Rules of Civil Procedure, Rule 4

tice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(d)(3)(B) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

(d)(3)(B)(i) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction;

(d)(3)(B)(ii) as directed by the foreign authority in response to a letter rogatory or letter of request; or

(d)(3)(B)(iii) unless prohibited by the law of the foreign country, by delivery to the individual personally of a copy of the summons and the complaint or by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(d)(3)(C) by other means not prohibited by international agreement as may be directed by the court.

(d)(4) *Other service.*

(d)(4)(A) Where the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence, where service upon all of the individual parties is impracticable under the circumstances, or where there exists good cause to believe that the person to be served is avoiding service of process, the party seeking service of process may file a motion supported by affidavit requesting an order allowing service by publication or by some other means. The supporting affidavit shall set forth the efforts made to identify, locate or serve the party to be served, or the circumstances which make it impracticable to serve all of the individual parties.

(d)(4)(B) If the motion is granted, the court shall order service of process by publication or by other means, provided that the means of notice employed shall be reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action to the extent reasonably possible or practicable.  The court's order shall also specify the content of the process to be served and the event or events as of which service shall be deemed complete.  Unless service is by publication, a copy of the court's order shall be served upon the defendant with the process specified by the court.

(d)(4)(C) In any proceeding where summons is required to be published, the court shall, upon the request of the party applying for publication, designate the newspaper in which publication shall be made.  The newspaper selected shall be a newspaper of general circulation in the county where such publication is required to be made and shall be published in the English language.

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.

Utah Rules of Civil Procedure, Rule 4

**(e) Proof of Service.**

(e)(1) If service is not waived, the person effecting service shall file proof with the court. The proof of service must state the date, place, and manner of service. Proof of service made pursuant to paragraph (d)(2) shall include a receipt signed by the defendant or defendant's agent authorized by appointment or by law to receive service of process. If service is made by a person other than by an attorney, the sheriff or constable, or by the deputy of either, by a United States Marshal or by the marshal's deputy, the proof of service shall be made by affidavit.

(e)(2) Proof of service in a foreign country shall be made as prescribed in these rules for service within this state, or by the law of the foreign country, or by order of the court. When service is made pursuant to paragraph (d)(3)(C), proof of service shall include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court.

(e)(3) Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended.

**(f) Waiver of Service; Payment of Costs for Refusing to Waive.**

(f)(1) A plaintiff may request a defendant subject to **service** under paragraph (d) to waive **service** of a **summons**. The request shall be mailed or delivered to the person upon whom **service** is authorized under paragraph (d). It shall include a copy of the complaint, shall allow the defendant at least 20 days from the date on which the request is sent to return the waiver, or 30 days if addressed to a defendant outside of the United States, and shall be substantially in the form of the Notice of Lawsuit and Request for Waiver of **Service** of **Summons** set forth in the Appendix of Forms attached to these rules.

(f)(2) A defendant who timely returns a waiver is not required to respond to the complaint until 45 days after the date on which the request for waiver of service was mailed or delivered to the defendant, or 60 days after that date if addressed to a defendant outside of the United States.

(f)(3) A defendant who waives **service** of a **summons** does not thereby waive any objection to venue or to the jurisdiction of the court over the defendant.

(f)(4) If a defendant refuses a request for waiver of service submitted in accordance with this rule, the court shall impose upon the defendant the costs subsequently incurred in effecting service.

Current with amendments effective November 1, 2007

Copr © 2007 Thomson/West

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. US Gov. Works.