1  David Balter, State Bar No. 212027
   John N. Heffner, State Bar No. 221557
2  jheffner@dpf-law.com
   DICKENSON, PEATMAN & FOGARTY
3  A Professional Corporation
   809 Coombs Street
4  Napa, California 94559
   Telephone: (707) 252-7122
5  Facsimile: (707) 255-6876

6  Attorneys for Defendant
   Platinum Too, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>　　　　Defendants. | CASE NO. C-07-5551-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PLATINUM TOO, LLC'S MOTION TO SET ASIDE DEFAULT**<br><br>Date:　　April 3, 2008<br>Time:　　8:00 am<br>Dept:　　9 (19th Flr,)<br>Judge:　 Hon. William Alsup<br><br>Trial Date:　　January 5, 2009<br>Action Filed:　October 31, 2007 |

**I.**

**INTRODUCTION**

Defendant Platinum Too, LLC ("Platinum") specially appeared in this matter through counsel Bennett Tueller Johnson & Deere ("BTJD") on January 4, 2008. However, BTJD expressly limited its representation of Platinum to securing Platinum more time to respond to the complaint in this matter. This Court formally granted BTJD's motion to withdraw as counsel to Platinum on February 6, 2008. Subsequently, Platinum was left without counsel until Platinum retained Dickenson, Peatman & Fogarty on March 7, 2008. Platinum now seeks to set aside the

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION

default against it.  Further, federal law strongly favors decisions on the merits rather than by default judgment.

## II.

## FACTUAL BACKGROUND

On October 31, 2007, plaintiff filed a complaint in this action against Platinum, William Teitelbaum, and Bruce Mabey (the "Complaint").  The law firm BJTD specially appeared for Platinum in this action on January 4, 2007 for the limited purpose of securing Platinum more time to respond to the complaint.  (*See* Notice of Appearance filed on January 4, 2008; *see also* Motion To Withdraw As Attorney, filed by Platinum on February 6, 2008).  BJTD expressly limited its representation of Platinum to obtaining an extension of time for Platinum to respond to the complaint.  (Declaration of Bruce Mabey In Support Of Defendant Platinum Too, LLC's Motion To Set Aside Default ("Mabey Decl.") at ¶ 2.)

Even though plaintiff knew that Platinum had only limited legal representation, plaintiff moved for entry of default on January 16, 2008.  The clerk entered default against all defendants on January 24, 2008.  Plaintiff then filed a motion for entry of default judgment on February 19, 2008.  The court will hear that motion on April 3, 2008.

Bruce Mabey, president of Platinum, was not able to secure counsel to represent Platinum until March 7, 2008.  (Mabey Decl. at ¶ 2; Declaration of John N. Heffner In Support Of Defendant Platinum Too, LLC's Motion To Set Aside Default ("Heffner Decl.") at ¶ 2.)  Since March 7, 2008, Platinum has acted swiftly to set aside the default and oppose plaintiff's motion for default judgment.

Additionally, plaintiff knew that Platinum contested liability.  Platinum made a special appearance to request more time to respond to the complaint.  Further, on September 21, 2007, defendant William Teitelbaum filed a complaint in the U.S. District Court for the Eastern District of New York (the "New York Action") against Lay Siok Lin, the plaintiff in this action.  (*See* Exhibit "A" to Heffner Decl.)  The New York Action involves the same alleged events as those in this present case.  In the complaint in the New York Action, Mr. Teitelbaum states that he is a founder and member of Platinum, and further states that Platinum is not liable to plaintiff.  (*Id.*)

On December 14, 2007, Mr. Teitelbaum filed an amended complaint in the New York Action adding Platinum and Bruce Mabey as defendants. (Exh. "B" to Heffner Decl."). That amended complaint again makes clear that Platinum disputes that it is liable to plaintiff for any of the actions alleged in this action. (*Id.*) In short, defendant should not be surprised that Platinum now moves for relief from default.

Should the Court grant this motion, Platinum will file a motion to transfer this action to the U.S. District Court for the Eastern District of New York for consolidation with the New York Action. Because the New York Action was the first-filed action, this Court should either transfer this matter to the U.S. District Court for the Eastern District of New York or stay this matter. (*See Pacesetter Systems Inc. v. Medtronic Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982) (holding that a district court should decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.)

### III.

### LEGAL ANALYSIS

Rule 55(c) of the Federal Rules of Civil Procedure provide that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Further, courts apply a more lenient standard to setting aside entry of default than vacating a default judgment. (*Hawaii Carpenters' Trust Funds v. Stone*, 794 F. 2d 508, 513 (9th Cir. 1986).)

Good cause to set aside entry of default exists when there is "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." (*Hawaii Carpenters' Trust Funds*, 794 F. 2d at 513.) Here, Platinum disputes plaintiff's factual allegations. Specifically, William Teitelbaum, a founder of Platinum, has filed a complaint in New York Action alleging that Platinum is not liable to plaintiff. The facts alleged in that action show far more than the required "some possibility" that outcome of this matter will be contrary to the result achieved by default.

Further, although this Court has not yet entered default judgment against Platinum, judgment by default "is a drastic step appropriate only in extreme circumstances; a case should,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION            3

1  whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461 (9th Cir. 1984).
2  Courts should liberally allow relief from entry of default.  Further, plaintiff knew that Platinum
3  contested liability.  Plaintiff cannot allege that by setting aside the entry of default against
4  Plaltinum, plaintiff will be prejudiced.

## IV.

## CONCLUSION

Good cause exists to set aside the default entered against defendant Platinum.  Federal law strongly favors decisions on the merits rather than by default judgment.  Platinum, as plaintiff knows, contests liability.  Plaintiff, therefore, cannot claim any prejudice.  Platinum respectfully requests that this Court set aside the default entered against Platinum.

Dated: March 17, 2008.

DICKENSON, PEATMAN & FOGARTY

By  */s/ John N. Heffner*
    John N. Heffner, Attorneys for Defendant