MATTHEW N. METZ, State Bar No. 154995
METZ LAW GROUP, PLLC
810 3rd Ave., Ste. 700, Seattle, WA 98104
Tel. (206) 583-2745  Fax. (206) 625-8683
matthew@metzlaw.net

KENNETH D. COOPER, State Bar No. 47616
COOPER & LEWIS
5550 Topanga Canyon Blvd., Ste. 200, Woodland Hills, CA 91367
Tel. (818) 594-0011  Fax (818)594-0797
ken@cooperlewislaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAY SIOK LIN,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>PLATINUM, TOO, LLC,<br>a Utah Limited Liability Company;<br>BRUCE MABEY, WILLIAM<br>TEITELBAUM,<br><br>　　　Defendants. | **Case No. C 07 5551 WHA**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT TEITELBAUM'S MOTION TO SET ASIDE DEFAULT**<br><br>Date: April 3, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9<br><br>**HONORABLE WILLIAM H. ALSUP** |

# I.

# INTRODUCTION

Defendants William Teitelbaum, Bruce Mabey, and Platinum Too, LLC presented themselves to plaintiff as sophisticated, international business people with "considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions, along with complex corporate transactions[1]" when they persuaded plaintiff and her assignor to invest $3 million with them.

Three years later, after having never repaid nor accounted for a penny of plaintiff's funds, these "sophisticated business people" close doors in the face of process servers, allow defaults to be taken against them, file grossly misleading affidavits, and wait until the last moment to move for vacation of default.

William Teitelbaum was validly served by substitute service on November 23, 2007. He then did virtually nothing in this case, not so much as having his attorneys file a notice of appearance, until March 4, 2008, when he comes before the court asking that default be vacated.

Teitelbaum seeks to have default vacated on the basis that the process server mistook his wife's hair color. There is no factual or legal basis for vacation of default on this basis. Teitelbaum was served with valid process by substituted service on his wife pursuant to FRCP 4(e)(2). He has the burden of proof to show "by strong and convincing evidence" that valid service was not effected, and completely fails to meet that standard.

---

[1] This language is taken verbatim from the third paragraph of the promissory notes that defendants presented to plaintiff and her assignor.

Teitelbaum's motion does not argue any of the specific factors such as mistake, inadvertence, surprise, or excusable neglect which would justify relief from default pursuant to FRCP 60(b).

Teitelbaum's failure to appear and defend follows a significant pattern by him and his attorney of bad faith, evasion, and non-compliance with the court process in this case and in the case in New York.

## II.

## FACTS[2]

According to the affidavits of process server Katherine Weller, after making three prior attempts at service, a "white female approximately 45-55 years of age 5'8"-5'10" of height weighing 140-160 lbs with black hair and glasses" answered the door of the Teitelbaum home to Ms. Weller at 8:30 a.m. on November 23, 2007, stated that Mr. Teitelbaum was not at home, and then closed the door. Ms. Weller then went to the rear of the house, where she again saw the same woman by the door, and announced that she was being served with process. She refused to open the door, then explained again that she was being served on behalf of the defendant. Ms. Weller then dropped the papers in front of Ms. Teitelbaum's view.

With the exception of the hair color described by the process server, this version of events has not been disputed by Mr. Teitelbaum. In their affidavits, Mr. and Mrs. Teitelbaum do not deny that Mrs. Teitelbaum was served legal documents in their home in the manner described above. They instead focus solely on the accuracy of the physical description of Ms. Teitelbaum, focusing on the fact that Ms. Teitelbaum is described as having black hair, when

---

[2] To avoid unnecessary redundancy, Plaintiff is avoiding to the extent possible repeating facts, supporting declarations, and legal arguments already made in Plaintiff's Application for Default Judgment, which will also be considered at the same hearing on April 3, 2008. Those documents are therefore incorporated by reference.

Mr. and Mrs. Teitelbaum claim that her hair is blonde. In fact, the other elements of the process server's description match Ms. Teitelbaum, in terms of her unusual height (which is confirmed by Ms. Teitelbaum) and her age and weight (which is not denied). With respect to the glasses, Ms. Teitelbaum states only that she "usually wear[s] contact lenses", whereas the process server stated that she was wearing glasses that morning.

Mr. Teitelbaum's declaration confirms that he found a bundle of documents on his rear patio deck shortly after Thanksgiving, and that he promptly contacted his attorney in New York, Mr. Borovina.

## III.
## LEGAL ARGUMENT

A.     Valid Substitute Service Was Effected on Teitelbaum

In federal question cases such as the case at bar, the FRCP governs the manner of service. *Henderson v. United States,* 517 U.S. 654, 656, 116 S.Ct. 1638, 1640 (1996).

FRCP 4(e)(2) authorizes service by . . ."leaving copies thereof [of the summons and complaint] with some person of suitable age and discretion residing therein [at the individual's dwelling house or usual place of abode]. . . ."

Teitelbaum admits in his declaration that the summons and complaint was left at his home, and does actually not deny that his wife, Michelle Teitelbaum, was served in the manner described in process server Weller's second affidavit. The declarations presented by Teitelbaum are merely artful smokescreens around the actual facts of the service.

The substitute service on William Teitelbaum via his wife, Michelle Teitelbaum, is valid, even though the papers were not directly handed to her. This court has previously ruled that "it

Case 3:07-cv-05551-WHA    Document 46    Filed 03/19/2008    Page 5 of 10

is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and make reasonable efforts to leave the papers with defendant." *Doe v. Qi* 349 F.Supp.2d 1258, 1275, fn. 5 (N.D.Cal. 2004). In *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956), the Ninth Circuit held that service was valid when papers were pitched through a hole in the screen door after the defendant had ducked behind a door to avoid service. Another court has recently ruled that "A defendant's refusal to open the door does not invalidate plaintiff's service. Personal service need not be face to face or hand to hand." *Ali v. Mid-Atlantic Settlement Services, Inc*. 233 FRD 32, 36. (Dist. D.C. 2006). In the case at bar, the process server, in the sight and hearing of Ms. Teitelbaum, told Mrs. Teitelbaum that Mr. Teitelbaum was served while leaving her with the papers. The process server's action clearly satisfies the requirements of substitute service.

The fact that Mrs. Teitelbaum was not served as required by New York law is totally irrelevant. This is a federal matter, and service on Ms. Teitelbaum did comply with the FRCP.

Teitelbaum's citation to *Gertz v. Syntheses Technologies, Inc.*, 415 F.3d 481 (5th Cir. 2005) is entirely inapposite. In that case, the plaintiff had sought to serve defendant according to state law, on the basis of a means of service disfavored under state law. The court reviewing the case therefore looked to state law to determine the legitimacy of service. In the case at bar, Mrs. Teitelbaum was served as required under the FRCP 4(e)(2), so the fact that the service may not have complied with New York law was entirely irrelevant.

B.    <u>Teitelbaum Has the Burden of Proof Regarding Inadequacy of Service</u>

Plaintiff's proof of service "constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.*

Case No. C 07-5551 WHA
PLAINTIFF'S OPPOSITION TO DEFENDANT TEITELBAUM'S
MOTION TO SET ASIDE DEFAULT
5

*998 F.2d 1394, 1398 (7th Cir. 1993).* Schwarzer, Tashima & Wagstaffe, Prac. Guide: Fed. Civ. Pro. Before Trial ¶ 6:181.1 at 6-42.8 (The Rutter Group 2007). The burden of proof is on the defendant seeking to set aside default judgment for lack of service to *prove* that service was not made. Schwarzer, Tashima, et.al., *op.cit.*, at 6-42.9.

Neither Teitelbaum nor his wife deny that the process server visited their home, that the process server spoke with Mrs. Teitelbaum, or that the papers were left in Mrs. Teitelbaum's presence in the manner indicated. Rather, Teitelbaum stakes his claim of bad service on the fact that the process server mistook Ms. Teitelbaum's hair color.[3]

Given that Teitelbaum has the burden of proof to prove the process server wrong, the artful and deceitful declarations of William and Michelle Teitelbaum focusing primarily on Ms. Teitelbaum's hair color, and failing to address the basic facts of service, fall far from proving by "strong and convincing evidence" the failure of Plaintiff to effect valid substitute service on Teitelbaum.

C.        Teitelbaum Fails to Cite A Valid Basis for Relief from Default

Teitelbaum's brief fails to cite any specific basis upon which relief from default should be granted pursuant to the plain language of FRCP 60(b), such as mistake, inadvertence, surprise, or excusable neglect.

---

[3] There are of course, many possible reasons why Mrs. Teitelbaum could have been perceived by the process server as having black hair at 8:30 a.m.on November 23, 2007—a black hair net or cap, poor lighting, an experiment with using a different (or no) hair color. Her immutable characteristics, such as her age, height, and weight, were reported quite accurately by the process server, according to Michelle Teitelbaum's own declaration, and to the declaration of Mei Lin Lay, provided herewith.

Instead, Teitelbaum's brief makes reference to the court's "broad powers and discretion to grant relief pursuant to Rule 60(d)." (Teitelbaum's Motion to Set Aside Default, p. 7, l.20). Of course, there is no Rule 60(d).

The seemingly broad powers to relieve judgment pursuant to FRCP 60(b)(6) have been in fact interpreted very narrowly by the United States Supreme Court. *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. Parternship 507 U.S. 380, 392, 113 S.Ct. 1489, 1497 (1993).* The FRCP does not permit relief for excuses insufficient under FRCP 60(b)(1) through 60(b)(5). Schwarzer, Tashima, et.al., *op.cit.*, at 6-42.11. Furthermore, said relief should be granted only when there are "extraordinary circumstances" suggesting the defaulted party was faultless in not taking timely action to protect its interests. *Pioneer Investment*, 507 U.S. at 392, 113 S.Ct. at 1497. Given that Teitelbaum was served according to law, immediately consulted with an attorney, and then waited for nearly four months to appear in this action, his actions in this regard cannot be considered faultless, and he is therefore ineligible for relief under FRCP 60(b)(6).

D. <u>Teitelbaum Does Not Satisfy Two of the Factors Relevant to Setting Aside of Default on "Excusable Neglect" Grounds</u>

Even a party who *does* satisfy one of the specific bases for setting aside a judgment CR 60(b) is not necessarily entitled to vacation of default. A district court may deny a motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. *American Association of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000). The *Hayhurst* court noted that the Ninth Circuit had previously held *In re Hammer*, 940

F.2d 425, 525-26 (9th Cir. 1991) that "this tripartite test is disjunctive, meaning that the district court would be free to deny the motion if any of the three factors was true. *Hayhurst, op.cit.* at 1108. In *Hayhurst*, the Ninth Circuit denied the defendant's motion to set aside default on the basis that the defendant had presented no meritorious defenses to the claims, and on the basis that he, by evading and ignoring process, had culpability in causing the default. *Id.*

In order to demonstrate a meritorious defense, the defendant's moving papers should contain "a proposed answer, a declaration regarding the facts supporting the defense(s); and a legal memorandum concerning the legal defense(s).[Trueblood v. Grayson (ED VA 1963) 32 FRD 190, 196; Foy v. Dicks (ED PA 1993) 146 FRD 113, 116—"simple denials and conclusionary statements" inadequate.]"  Schwarzer, Tashima, et.al., *op.cit.*, at 6-42.15. (citations in original).

In the case at bar, Teitelbaum presents no meritorious defense to the Lin's complaint, no answer, no declaration or affidavit, and no legal memorandum supporting his defense.  While Teitelbaum points to a declaratory relief complaint filed in New York and signed by his attorney, that complaint does not constitute a defense against the allegations contained in the complaint in this case. Interestingly, Teitelbaum failed to produce a single document other than the promissory note at issue in his CR 26(a) disclosures to support his declaratory relief complaint in New York, a copy of which is appended as Exhibit B to the declaration of Matthew N. Metz.

Teitelbaum's failure to produce a single document other than the original promissory note in support of his innocence strongly suggests the New York complaint (which only came to light after Lin filed her complaint) was a frivolous filing meant to delay matters and to retain jurisdiction in the event that Lin filed a complaint in another district.  The very poor and tardy

disclosure in that case also points to Teitelbaum's poor compliance with discovery procedures and court processes.

Even if the court were to consider Teitelbaum's defense meritorious, that would not be sufficient to excuse his willful failure to respond. A party, even one with a meritorious defense, but who has engaged in willful misconduct or a deliberate failure to respond, may still be defaulted. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Again, Teitelbaum and his attorney made a calculated decision not to respond in this case when first notified of the filing on November 7, 2007, when Teitelbaum was served with the papers on November 23, 2007, or upon learning that an application for default had been filed on January 16, 2008, and waited instead until March 4, 2008 to move to set aside default.

## IV.
## CONCLUSION

Defendant William Teitelbaum was validly served by process according to FRCP 4(e)(2). His attempt to deny that service was effected by focusing not on the actual facts of the service, but on side issues such as Ms. Teitelbaum's hair color, is in bad faith as it attempts to mislead the court. Furthermore, the affidavits presented by Teitelbaum do not nearly meet the standard of "strong and convincing evidence" necessary to overturn plaintiff's prima facie evidence of good service.

Teitelbaum failed to respond timely to plaintiff's complaint, and has not identified a basis under FRCP 60(b) which would entitle him to vacation of default. He furthermore has not presented a meritorious defense, and he has culpability in connecitn with the default.

Teitelbaum largely rests his case on the fact that he filed an action for declaratory relief in the Eastern District of New York. That action, filed without serious efforts at service or to

notify plaintiff's counsel, was a diversionary action to grab forum, rather than a serious effort to resolve the issues in the case. When asked to produce documents to support the allegations contained therein, Teitelbaum was unable to produce a single document, except the promissory notes in question. This failure raises serious concerns as to the good faith of the complaint, and vitiates the argument that default should not be entered based on the existence of said complaint.

In sum, the court should not set aside default in this case because Teitelbaum was validly served, and because he has not demonstrated a basis under the FRCP 60(b) or other relevant law for vacating said default.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| DATED: March 19, 2008 | METZ LAW GROUP, PLLC |
|  | *s/ Matthew N. Metz* |
|  | Matthew N. Metz, State Bar No. 154995 |
|  | Attorney for Plaintiff |
|  | 810 3rd Ave., Ste. 700 |
|  | Seattle, WA  98104 |
|  | Tel. 206-583-2745, Fax. 206-625-8683 |
|  | matthew@metzlaw.net |