1  MATTHEW N. METZ, State Bar No. 154995
   METZ LAW GROUP, PLLC
2  810 3rd Ave., Ste. 700, Seattle, WA  98104
3  Tel. (206) 583-2745  Fax. (206) 625-8683
   matthew@metzlaw.net
4
   KENNETH D. COOPER, State Bar No. 47616
5  COOPER & LEWIS
   5550 Topanga Canyon Blvd., Ste. 200, Woodland Hills, CA  91367
6  Tel. (818) 594-0011  Fax (818)594-0797
7  ken@cooperlewislaw.com

8  ATTORNEYS FOR PLAINTIFF

9
                       UNITED STATES DISTRICT COURT
10
                     NORTHERN DISTRICT OF CALIFORNIA
11

12

| | |
|---|---|
| 13  LAY SIOK LIN, | Case No. C 07 5551 WHA |
| 14       Plaintiff, | |
| 15       vs. | PLAINTIFF'S OPPOSITION TO DEFENDANT MABEY'S MOTION TO SET ASIDE DEFAULT |
| 16  PLATINUM, TOO, LLC, | |
| 17  a Utah Limited Liability Company; BRUCE MABEY, WILLIAM | Date:  April 3, 2008 Time: 8:00 a.m. |
| 18  TEITELBAUM, | Courtroom: 9 |
| 19       Defendants. | |
| 20  | HONORABLE WILLIAM H. ALSUP |

21

22

23

24

25

26

1

2

## I.

3

## INTRODUCTION

4

5
Bruce Mabey (Mabey) is evidently under the same misapprehension as his erstwhile

6
business partner William Teitelbaum—that his wife, by quickly shutting the door in the face of a

7
process server before the process server could hand her the papers, avoided the necessity for him

8
to respond to the lawsuit in the case at bar.

9
Mabey was validly served the summons and complaint by substitute service on his wife

10
on December 17, 2007.  Mabey then did virtually nothing in this case, not so much as having his

11
attorneys file a notice of appearance, until March 17, 2008, when he came before the court

asking that default be vacated.

12
Mabey seeks to have default vacated on the basis that his wife's rapid door-shutting

13
effectively evaded service.  There is no factual or legal support for vacation of default on this

14
basis.  Mabey was served with valid process by substituted service on his wife pursuant to

15
FRCP 4(e)(2).  He has the burden of proof to show "by strong and convincing evidence" that

16
valid service was not effected, and completely fails to meet that standard.

17
Mabey's motion does not argue any of the specific factors such as mistake, inadvertence,

18
surprise, or excusable neglect which would justify relief from default pursuant to FRCP 60(b).

19
Mabey's motion  does not demonstrate lack of culpability, a meritorious defense, nor a lack of

20
prejudice to plaintiff, factors, if all three are proven, which would entitle him to vacation of

21
default.

22
Mabey's failure to appear and defend follows a significant pattern by him of bad faith,

23
evasion, and non-compliance with court processes.

24

25

26

Case 3:07-cv-05551-WHA    Document 47    Filed 03/24/2008    Page 3 of 8

## II.

## FACTS[1]

The affidavits of Mabey's wife Christi Mabey and the supplemental affidavit of process server Wendy Stowers agree on the following facts regarding service: Ms. Stowers followed a package delivery service person to the Mabey's door, where Mrs. Mabey was standing with the door open. Ms. Stowers asked for Bruce Mabey, and Mrs. Mabey responded that her husband was not at home. Mrs. Mabey told Ms. Stowers that she would not accept service.

Ms. Stowers reports in her affidavit that she then notified Mrs. Mabey that service was complete, and that Mrs. Mabey again stated that she would not accept service and proceeded to close the door, whereupon Ms. Stowers left the papers on her doorstep.

Mrs. Mabey's declaration admits that she subsequently found the papers at her front door.

## III.

## LEGAL ARGUMENT

A.    Valid Substitute Service Was Effected on Mabey

In federal question cases such as the case at bar, the FRCP governs the manner of service. *Henderson v. United States,* 517 U.S. 654, 656, 116 S.Ct. 1638, 1640 (1996).

FRCP 4(e)(2) authorizes service by ". . .leaving copies thereof [of the summons and complaint] at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein . . ."

---

[1] To avoid unnecessary redundancy, Plaintiff is avoiding to the extent possible repeating facts, supporting declarations, and legal arguments already made in Plaintiff's Application for Default Judgment, which will also be considered at the same hearing on April 3, 2008. Those documents are therefore incorporated by reference.

Case No. C 07-5551 WHA
PLAINTIFF'S OPPOSITION TO DEFENDANT MABEY'S
MOTION TO SET ASIDE DEFAULT
3

1

2

3    Mabey admits in his declaration that the summons and complaint was left at his home, and generally admits that his wife, Christi Mabey, was served in the manner described in process server Stowers's second affidavit.

4

5    The substitute service on Mabey via his wife is valid, even though she closed the door in the process server's face before the papers were directly handed to her.  This court has

6    previously ruled that "it is sufficient if the server is in close proximity to the defendant, clearly

7    communicates intent to serve court documents, and make reasonable efforts to leave the papers

8    with defendant." *Doe v. Qi* 349 F.Supp.2d 1258, 1275, fn. 5 (N.D.Cal. 2004).  In *Errion v.*

9    *Connell*, 236 F.2d 447, 457 (9th Cir. 1956), the Ninth Circuit held that service was valid when

10   papers were pitched through a hole in the screen door after the defendant had ducked behind a

11   door to avoid service.  Another court has recently ruled that "A defendant's refusal to open the

12   door does not invalidate plaintiff's service.  Personal service need not be face to face or hand to

13   hand." *Ali v. Mid-Atlantic Settlement Services, Inc*. 233 FRD 32, 36. (Dist. D.C. 2006).  In the

14   case at bar, the process server, in the sight and hearing of Mrs. Mabey, told Mrs. Mabey that Mr.

15   Mabey was served while leaving her with the papers.  The process server's action clearly

16   satisfies the requirements of substitute service.

17   The fact that Mrs. Mabey may not have been served as required by Utah law is totally

18   irrelevant.  This is a federal matter, and service on Mrs. Mabey complied with FRCP 4(e)(2).

19   Mabey cites absolutely no authority to support his contention that the service as effected

20   was not valid service pursuant to FRCP 4(e)(2).

21

22   B.    Mabey Has the Burden of Proof Regarding Inadequacy of Service

23   Plaintiff's proof of service "constitutes prima facie evidence of valid service which can

24   be overcome only by strong and convincing evidence." *O'Brien v. R.J. O'Brien & Assocs., Inc.,*

25

26

998 F.2d 1394, 1398 (7th Cir. 1993). Schwarzer, Tashima & Wagstaffe, *Prac. Guide: Fed. Civ. Pro. Before Trial* ¶ 6:181.1 at 6-42.8 (The Rutter Group 2007). The burden of proof is on the defendant seeking to set aside default judgment for lack of service to *prove* that service was not made. Schwarzer, Tashima, et.al., *op.cit.*, at 6-42.9.

Even taking the facts as described by Mrs. Mabey, valid service was effected. As discussed above, the relevant standard is whether "the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and make reasonable efforts to leave the papers with defendant." *Doe v. Qi, op. cit.* Mrs. Mabey fails entirely to meet her burden to show by "strong and convincing evidence" that the legal standard set forth in *Doe v. Qi* was not met.

C.      Mabey Fails to Satisfy the Standard Necessary for Relief from Default

In considering whether "good cause" exists to set aside default pursuant to FRCP 55(c), the Ninth Circuit applies the same standard that governs vacation of a default judgment under FRCP 60(b). *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004). The "good cause" analysis for vacation of default considers three factors: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; of (3) whether reopening the default would prejudice the plaintiff. *Id.* at 925-926. The above factors are disjunctive, in that a district court is free to deny the motion if any of the three factors cited above is true. *Id.*

**1. Culpability**

Mabey fails to provide any explanation for why he did not timely respond to Plaintiff's complaint, nor did he provide any explanation for why his company, Platinum Too, LLC failed

1   to respond, even though valid service in that matter was undisputed, and even after Platinum

2   Too, LLC's counsel had obtained an extension to respond.  Clearly, Mabey was culpable in

3   taking no action to respond to the complaint.  Whatever the reason, Mabey failed to respond

4   within the 20 days required by FRCP 12(a)(1) without excuse.

5              **2.   Failure to Present a Meritorious Defense**

6              In order to demonstrate a meritorious defense, a defendant's moving papers when seeking

7   to vacate default should contain "a proposed answer, a declaration regarding the facts supporting

8   the defense(s); and a legal memorandum concerning the legal defense(s).[Trueblood v. Grayson

9   (ED VA 1963) 32 FRD 190, 196; Foy v. Dicks (ED PA 1993) 146 FRD 113, 116—"simple

10  denials and conclusionary statements" inadequate.]"  Schwarzer, Tashima, et.al., *op.cit.*, at 6-

11  42.15. (citations in original).

12             In the case at bar, Mabey presents no meritorious defense to Lin's complaint, no answer,

13  no declaration nor affidavit, and no legal memorandum supporting his defense.   Although

14  Mabey's attorney did file a belated answer on March 3, 2008 to Teitelbaum's complaint in the

15  action in the Eastern District of New York, said answer does not constitute a defense against the

16  specific allegations contained in the complaint in this case.  Said answer was also filed long after

17  entry of default against Mabey in this action, and while Plaintiff's application for default

18  judgment was already pending.

19             Even if the court were to consider Mabey's defense meritorious, that would not be

20  sufficient to excuse its willful failure to respond.  A party, even one with a meritorious defense,

21  but who has engaged in willful misconduct or a deliberate failure to respond, may still be

22  defaulted. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996).

23  Mabey made a calculated decision not to respond in this case when first advised of the lawsuit

24

25

26

Case No. C 07-5551 WHA

by William Teitelbaum on December 22, 2007[2],  or upon learning that an application for entry of default had been filed on January 16, 2008, and instead waited until March 17, 2008 to move to set aside default.

### 3.  Prejudice to Plaintiff

In *Franchise Holding*, the Ninth Circuit approved the trial court's denial of relief from default on the basis of potential for prejudice to plaintiff when the plaintiff had argued that a delay in judgment would allow the defendant to move and hide assets. *Franchise Holding*, at 926.  In the case at bar, there is substantial risk of concealment of assets.  Mabey and his company Platinum Too, LLC, have taken $3 million from Plaintiff and her assignor, and have refused to account for nor repay a penny of said amount. Mabey is an international businessperson, who would have little difficulty placing the funds in an offshore haven.  The location of the funds have never been accounted for, signifying that there is substantial risk that the assets have been hidden or will soon be hidden.

### IV.

### CONCLUSION

Defendant Mabey was served with process pursuant to FRCP 4(e)(2).  Mabey does not state any facts that would excuse his failure to respond in a timely manner.  Mabey does not present any kind of meritorious defense.  Furthermore, there is substantial risk of prejudice to Plaintiff by giving Mabey additional time to move or hide its assets.

---

[2] Declaration of Bruce Mabey, Para. 2.

Case No. C 07-5551 WHA

PLAINTIFF'S OPPOSITION TO DEFENDANT MABEY'S
MOTION TO SET ASIDE DEFAULT

1

2

3

4

5

      In sum, the court should not set aside default in this case because Mabey was validly served, and because it has not demonstrated a basis under the FRCP 55(c) or 60(b) or other relevant law for vacating said default.  Furthermore, Mabey has demonstrated callous disregard for the rules of this court.

6

                                                  Respectfully Submitted,

7

DATED: March 24, 2008                 METZ LAW GROUP, PLLC

8

*s/ Matthew N. Metz*

9

10

Matthew N. Metz, State Bar No. 154995
Attorney for Plaintiff
810 3rd Ave., Ste. 700
Seattle, WA  98104
Tel. 206-583-2745, Fax. 206-625-8683
matthew@metzlaw.net

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case No. C 07-5551 WHA

PLAINTIFF'S OPPOSITION TO DEFENDANT MABEY'S
MOTION TO SET ASIDE DEFAULT