MATTHEW N. METZ, State Bar No. 154995
METZ LAW GROUP, PLLC
810 3rd Ave., Ste. 700, Seattle, WA 98104
Tel. (206) 583-2745  Fax. (206) 625-8683
matthew@metzlaw.net

KENNETH D. COOPER, State Bar No. 47616
COOPER & LEWIS
5550 Topanga Canyon Blvd., Ste. 200, Woodland Hills, CA 91367
Tel. (818) 594-0011  Fax (818)594-0797
ken@cooperlewislaw.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAY SIOK LIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>PLATINUM, TOO, LLC,<br>a Utah Limited Liability Company;<br>BRUCE MABEY, WILLIAM TEITELBAUM,<br><br>    Defendants. | **Case No. C 07 5551 WHA**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT PLATINUM TOO, LLC'S MOTION TO SET ASIDE DEFAULT**<br><br>Date: April 3, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9<br><br>**HONORABLE WILLIAM H. ALSUP** |

# I.

# INTRODUCTION

Defendant Platinum Too, LLC was validly served through its registered agent, Brent Hawkins, on December 17, 2007. There is no contest as to the validity of the service.

Brent Hawkins' law firm, Bennett, Tueller, Johnson & Deere (BTJD) made a limited appearance in this matter on behalf of Platinum Too on January 4, 2008 for the purpose of securing more time to respond to the complaint, but never did make a response to Plaintiff's complaint. BTJD then moved to withdraw as counsel on February 6, 2008.

Platinum Too has not answered or otherwise presented a substantive defense of any kind in the case at bar, nor in the related New York case.

Platinum Too's motion does not argue any of the specific factors such as mistake, inadvertence, surprise, or excusable neglect which would justify relief from default pursuant to FRCP 60(b). Platinum Too's motion does not demonstrate lack of culpability, a meritorious defense, nor a lack of prejudice to plaintiff, factors, if all three are proven, which would entitle him to vacation of default.

Platinum Too's failure to appear and defend follows a significant pattern by its principals of bad faith, evasion, and non-compliance with court processes.

## II.

## FACTS[1]

According to the affidavits of process server Wendy Stowers[2], she personally served Brent Hawkins, the registered agent for Platinum Too, LLC, on December 17, 2007. Although counsel for Platinum Too, LLC made an appearance on January 4, 2008 to obtain a stipulated extension to respond until January 14, 2008, Platinum Too never responded to the complaint. Plaintiff obtained entry of default against Platinum Too on January 24, 2008. Counsel for Platinum Too, without explanation, then withdrew from representation on February 6, 2008. Until filing the motion to set aside on March 17, 2007, Platinum Too took no steps to defend this action.

## III.

## LEGAL ARGUMENT

A. <u>Platinum Too  Fails to Cite A Valid Basis for Relief from Default</u>

In considering whether "good cause" exists to set aside default pursuant to FRCP 55(c), the Ninth Circuit applies the same standard that governs vacation of a default judgment under FRCP 60(b). *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004).   The good cause analysis for vacation of default considers three factors:  (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; of (3) whether reopening the default would prejudice the

---

[1] To avoid  unnecessary redundancy, Plaintiff is avoiding to the extent possible repeating facts, supporting declarations, and legal arguments already made in Plaintiff's Application for Default Judgment, which will also be considered at the same hearing on April 3, 2008. Those documents are therefore incorporated by reference.

[2] Wendy Stower's declaration re service on Platinum Too, LLC  was filed concurrently with Plaintiff's Application for Default Judgment.

plaintiff. *Id.* at 925-926.   The above factors are disjunctive, in that a district court is free to deny the motion if any of the three factors cited above is true.  *Id.*

B. <u>Platinum Does Not Satisfy Any of of the Factors Relevant to Setting Aside of Default on "Excusable Neglect" Grounds</u>

1. Culpability

Platinum fails to provide any explanation for why it did not timely respond to Plaintiff's complaint, even after its counsel had obtained an extension to respond.  Clearly, Platinum was culpable in taking no action to respond to the complaint, especially since counsel had briefly appeared to obtain an extension of time to defend Platinum Too, only to let the extended deadline pass without action.  One can only surmise that the principals of Platinum Too, LLC, knowing that the shell company they had was without assets, calculated that it was not worthwhile to defend Platinum Too.  Whatever the reason, Platinum Too failed to respond within the 20 days required by FRCP 12(a)(1) without an excuse, and is therefore culpable.

2. Failure to Present a Meritorious Defendant

In order to demonstrate a meritorious defense, a defendant's moving papers should contain "a proposed answer, a declaration regarding the facts supporting the defense(s), and a legal memorandum concerning the legal defense(s)."[Trueblood v. Grayson  (ED VA 1963) 32 FRD 190, 196; Foy v. Dicks (ED PA 1993) 146 FRD 113, 116—"simple denials and conclusionary statements" inadequate.]"  Schwarzer, Tashima, et.al., *op.cit.*, at 6-42.15. (citations in original).

In the case at bar, Platinum Too presents no meritorious defense to Plaintiff's complaint, no answer, no declaration or affidavit, and no legal memorandum supporting its defense.

Although Platinum Too points to a declaratory relief complaint filed in New York by William Teitelbaum, a Platinum Too "founder", such complaint does not constitute a defense against the allegations contained in the complaint in this case. Platinum Too has not appeared or answered in the New York action either.

Even if the court were to consider Platinum Too's defense meritorious, that would not be sufficient to excuse its willful failure to respond. A party, even one with a meritorious defense, but who has engaged in willful misconduct or a deliberate failure to respond, may still be defaulted. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Platinum Too and his attorney made a calculated decision not to respond in this case when first advised of the lawsuit by its attorneys in January, 2008, or upon learning that an application for default had been filed on January 16, 2008, and instead waited until March 17, 2008 to move to set aside default.

### 3.  Prejudice to Plaintiff

In *Franchise Holding*, the Ninth Circuit approved the trial court's denial on the basis of potential for prejudice to plaintiff when the plaintiff had argued that a delay in judgment would allow the defendant to move and hide assets. *Franchise Holding*, at 926. In the case at bar, there is substantial risk of concealment of assets. Platinum Too, LLC is an entity wholly owned by Defendants Teitelbaum and Mabey, and it has refused to make any payment whatsoever on the $3 million transferred to it by Lin and her assignor. Both Teitelbaum and Mabey are international businesspeople, who would have little difficulty placing the funds in an offshore haven. The location of the funds have never been accounted for, meaning that there is substantial risk that the assets have been hidden or will soon be hidden.

**IV.**

**CONCLUSION**

Defendant Platinum Too, LLC does not deny that it was served with process. Platinum Too does not state any facts that would excuse its failure to respond by the deadline, even after that deadline had been extended. Platinum Too does not present any kind of meritorious defense. Furthermore, there is substantial risk of prejudice to Plaintiff from Platinum Too's moving or hiding its assets.

In sum, the court should not set aside default in this case because Platinum Too, LLC was validly served, and because it has not demonstrated a basis under the FRCP 55(c) or 60(b) or other relevant law for vacating said default.

                                                 Respectfully Submitted,

DATED: March 24, 2008            METZ LAW GROUP, PLLC

                                                 *s/ Matthew N. Metz*

                                                 Matthew N. Metz, State Bar No. 154995
Attorney for Plaintiff
810 3rd Ave., Ste. 700
Seattle, WA 98104
Tel. 206-583-2745, Fax. 206-625-8683
matthew@metzlaw.net