JEFFREY M. FORSTER (SBN 50519)
160 West Santa Clara Street, Suite 1100
San Jose, CA 95113
Telephone:    (408) 977-3137
Facsimile:    (408) 977-3141
Email:        jforstr@pacbell.net

STEVEN R. LEVY   (State Bar No. 103164)
17670 Woodland Avenue
Morgan Hill, CA 95037
Telephone:    (408) 274-7000
Facsimile:    (408) 274-9000
Email:        slevy@bigfoot.com

Attorneys for Defendant, William Teitelbaum

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>            Plaintiff,<br><br>v.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>            Defendants. | CASE NUMBER:  C 07 5551 WHA<br><br>REPLY BRIEF OF DEFENDANT, WILLIAM TEITELBAUM, IN SUPPORT OF MOTION TO SET ASIDE DEFAULT<br><br>Motion Date:     April 3, 2008<br>Motion Time:     8:00 a.m.<br><br>Judge:           Hon. William Alsup<br>Courtroom:       9 (19th Floor)<br><br>Complaint Filed:  October 31, 2007<br><br>Trial Date:       January 5, 2009 |

## I.  PLAINTIFF LIN MISCHARACTERIZES AND MISCONSTRUES TEITELBAUM'S MOTION TO SET ASIDE THE DEFAULT.

Plaintiff says "neither Teitelbaum nor his wife deny that the process server visited their home ..." and seems to think the only basis for the motion is the error describing Mrs. Teitelbaum's hair color (Opposition, page 6, lines 6-8). An incorrect physical description is a significant discrepancy in its own right, but the motion goes far beyond Plaintiff's construction.

Some of the specific facts and evidence that contradict plaintiff's conclusions are:

- The Teitelbaum declarations refute the purported attempts to serve prior to the purported substituted service (i.e., the Teitelbaums say they were home the days the process server says service was attempted, but nobody was home);
- Mrs. Teitelbaum specifically states she "never received anything of any kind that resembled legal papers around the time of the Thanksgiving holiday, November 22, or 23, 2007" (Declaration ¶ 8);
- The Supplemental Declaration of Mrs. Teitelbaum specifically refutes the event described by Plaintiff's process server's statement submitted in opposition;
- The assertion that Mr. Teitelbaum did nothing is disingenuous in view of his prior-filed case in New York; and
- The implied, if not express, assertion that Mr. Teitelbaum should have done something in the California case is disingenuous even though proper service had not been effected.

## II. THE CASES CITED BY PLAINTIFF ARE NOT ANALOGOUS TO THE INSTANT MATTER AND DO NOT SUPPORT THE SWEEPING NOTIONS FOR WHICH THEY ARE PROFFERED.

Plaintiff has offered a number of cases for broad propositions that supposedly warrant denial of the motion. While the general propositions are generally accurate quotations and/or statements of law, the cases cited by plaintiff are readily distinguishable and demonstrate quite clearly the extreme circumstances required to justify proceedings by default, circumstances that do not exist in the instant matter. The cases are summarized and discussed below.

### A. *Doe v. Qi* 349 F. Supp.2d 1258 (N.D. Cal. 2004)

Plaintiff offers this case to support the proposition that the disputed assertions of

plaintiff's process server constitute good service.

*Doe v. Qi* was an action brought by multiple plaintiffs from multiple countries held in custody and tortured in China. The claims were brought under the Alien Tort Claims Act and Torture Victim Protection Act. The focal "service issue" involved Defendant Liu.

Defendant Liu was served as he entered a screening area at the San Francisco airport. There was a crowd. The process server held out a copy of the Summons, Complaint and other court papers to the Defendant and said, "Mr. Liu Qi, these are legal documents from the U.S. District Court of California. It's serious." When Mayor Liu turned away without accepting the papers, the process server stated, "You can accept them or you do not have to, but you have been formally served by the U.S. District Court of Northern California." The process server then offered the documents to members of Mayor Liu's entourage, but they were not accepted.

Service was challenged, but the challenge denied. Plaintiffs' submission of a video clip of the event and multiple declarations carried the day. The video showed that the process server stood about an arms-length away from while talking to the defendant.

The "quantity and quality" of the evidence in *Doe v. Qi* falls far short of being analogous to the instant matter.

### B. *Errion* v. *Connell* 236 F.2d 447 (9th Cir. 1956)

Plaintiff offers this case to support the proposition that the disputed assertion as to papers having been tossed at Mrs. Teitelbaum constitutes good service.

*Errion* involved several motions to quash service of summons *at trial*. The trial judge took oral testimony from three witnesses including the Deputy Sheriff been appointed by the court to serve process. The Sheriff testified he saw the defendant, spoke to the defendant, and when she ducked behind a door told her brother that he was making service on her and pitched the papers through a hole in the screen door of defendant's apartment. The court found the testimony of the Sheriff constituted ample evidence.

Unlike the instant matter, service was effected by a Sheriff specifically appointed to do

so, involved direct contact and communication with the defendant, was not challenged until the time of trial, and involved an evidentiary hearing. The facts and proceedings in the instant matter fall far short of those in *Errion*.

### C. *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 FRD 32 (Dist. D.C. 2006)

Plaintiff cites this case for the proposition that service need not be "face to face or hand to hand." Although this is an accurate statement of general law, it was applied in *Ali* on the basis of very extreme facts.

After taking evidence as part of an order to show cause why a motion for entry of default judgment should not be granted while defendant offered nothing other than a "naked refutation", the court found substituted service was effected on Noble three times over the course of about a year: (1) By a process server who left a copy of the summons and complaint with an adult woman who identified herself as defendant's mother; (2) By a process server who left a copy of the summons and complaint with the concierge at the apartment house where the defendant was then living while in school; and (3) By a process server who went to the apartment where defendant was residing at that time, spoke to the defendant over the phone and was told by the defendant to "put paper in the door and he'll get it."

The service in *Ali* was effected three times, with the last involving direct communication with the defendant. Once again, the facts of the instant matter do not come close to those of *Ali*.

### D. *O'Brien v. R.J. O'Brien & Associates, Inc.* 998 F.2d 1394 (7th Cir. 1993)

Plaintiff offers this case for the proposition that the moving party must present "strong and convincing evidence" to overcome the prima facie validity of a proof of service.

In *O'Brien*, the District Court was presented with a return of service indicating the defendant had been served more than seventeen months before the entry of default. The defendant was a business entity and proof of service indicated delivery to a person in the

defendant's office. The defendant did not contest the return of service, did not offer any explanation for its failure to respond, did not offer any evidence indicating it had not been served, and merely asserted it was attempting to investigate the validity of service. The primary basis for the outcome in O'Brien was the *complete absence of evidence* to contradict service

In the instant matter, the purported attempts to serve and service itself are disputed. The "position" of the defendant in *O'Brien* was far different from that of the defendant in the instant matter. There is a distinct difference between saying one is uncertain about service and denial of service.

### E. *American Association of Naturopathic Physicians*, v. *Hayhurst* 227 F.3d 1104 (9th Cir. 2000)

Plaintiff offers this case for several propositions, primarily that William Teitelbaum must show a "meritorious defense" to warrant relief with the other two being prejudice to plaintiff and culpable conduct.

As to assertions of culpable conduct, all that exists are the assertions of plaintiff inherently denied by William Teitelbaum in the context of the prior-filed New York Case. As to assertion of prejudice, the only apparent prejudice seems to be plaintiff's preference not to be required to prove her case in court. As to the requirement of meritorious defense, this is a showing generally required to set aside a default judgment not a mere default.

In *American Association of Naturopathic Physicians*, a magistrate judge held an evidentiary hearing to determine the facts underlying the service of process. After weighing the credibility of the parties, the magistrate judge made unambiguous evidentiary findings.

Defendant argued he did not live at the address at which service had been attempted, but the argument was rejected because, in a document filed with the court, the defendant had acknowledged the address. The defendant also alleged inaccuracies in the process server's description, but the district court had no way of evaluating that claim since the defendant refused to appear before the magistrate judge.

1   The actions and inactions of a defendant who makes self-contradictions and refuses to
2   appear do not warrant analogy to the instant matter.

### F.  *In re Hammer*, 940 F.2d 524 (9th Cir. 1991)

Plaintiff refers to this case for general guidance outlining exercise of discretion in the evaluation of the instant motion. Although the general reference is accurate, it was applied regarding a motion to set aside a default judgment, not mere default. In addition, the facts of the case were egregious and clearly warranted entry of a default judgment.

Hammer filed for Chapter 7 bankruptcy, was indicted for mail fraud, and surrendered for incarceration. Claimants filed an adversary complaint and, in accordance with Bankruptcy Rule 7004(b)(9), served Hammer with a summons and complaint by first class mail at the residence address provided on his bankruptcy petition. They also sent copies to Hammer's attorney. The summons and complaint addressed to Hammer were returned undelivered and subsequent efforts to locate Hammer through his former attorney and the clerk of the bankruptcy court were unsuccessful. Hammer failed to answer the adversary complaint and a default judgment was entered against him.

After an unexcused two-year delay, Hammer's challenged the judgment contending lack of actual or constructive notice. Hammer's motion was denied because (1) Hammer had initiated the proceedings by filing his petition in bankruptcy, (2) service was completed as expressly authorized by Bankruptcy Rule 7004(b)(9), (3) Hammer failed to meet his affirmative burden and responsibility to apprise the bankruptcy court of his purported forwarding address, there was never a notice of withdrawal of his attorney filed with the bankruptcy court, and (5) the motion was untimely because of the two-year delay.

The same result was reached for the same reasons in a subsequent decision in the same matter (see, *In re Hammer*, 959 F.2d 240 (9th Cir. 1992)).

The outcome of *Hammer* seems more than reasonable considering the facts which do not begin to equate to the instant matter.

### G. *Trueblood v. Grayson Shops of Tenn., Inc.*, 32 F.R.D. 190 (E.D. Va. 1963)

Plaintiff offers this case as further support for the proposition that William Teitelbaum must show a "meritorious defense" to warrant relief. Plaintiff offers an accurate quotation from the case, but it is not applicable to the instant matter because the court was talking about a "default judgment" and not just a default.

The key, operative statement in *Trueblood* is: "[A] defendant seeking to vacate a *default judgment need not conclusively establish* the validity of the defense(s) asserted..." *Trueblood v. Grayson Shops*, at 196 (emphasis added).

This language makes clear that the requirement of showing a defense applies when trying to set aside a default judgment, not a mere default. Second, even in the case of a default judgment, a defense need not be conclusively established. Last, the ongoing and prior-filed New York case should be more than sufficient to meet any notion of the need to show a defense.

### H. *Ackra Direct Marketing Corp., v. Fingerhut Corp.*, (8th Cir. 1996)

Plaintiff offers this case to support the contention that the default should stand because of willful misconduct or deliberate failure to respond. The case cited was egregious on the facts and is not analogous to the instant matter.

In *Ackra*, the defendants appeared and were represented by counsel for twenty-two months during which they were the subject of three motions to compel discovery, delayed the discovery process by submitting late and non-responsive discovery answers, and by failing to produce some discovery altogether. Counsel successfully moved to withdraw. Defendants were given limited time to obtain new counsel and advised that if new counsel did not appear, the case would proceed and all unrepresented defendants would be expected to comply with their discovery obligations, the Federal Rules of Civil Procedure, and the local rules of court.

Defendants did not obtain substitute counsel and did not participate in any meaningful manner in the litigation. A default judgment for failure to defend was upheld for "willful

1  violations of court rules, contumacious conduct, or intentional delays" such as failure to respond
2  to the magistrate judge's discovery order and other orders, failure to comply with pretrial
3  requirements, and failure to attend the final pretrial/settlement conference.
4      The outcome in *Ackra* seems more than reasonable considering the facts. However, the
5  facts of *Ackra* do not remotely equate to the instant matter and considering Mr. Teitelbaum
6  initiated the prior-filed-action, it cannot be said that Mr. Teitelbaum has engaged in the type of
7  willful misconduct or failure to respond that justified the result in *Ackra*.

**I.  *Henderson v. United States*, 517 U.S. 654 (1996)**

11      Plaintiff seems to offer this case for the sweeping notion that service was proper. This
12  was a seaman's personal injury action against the United States under the Suits in Admiralty Act.
13  The issue was limited to and the court "granted certiorari to resolve disagreement among lower
14  courts on the question whether Federal Rule 4, which authorizes an extendable 120 day period
15  for service of process, supersedes the Suits in Admiralty Act provision that service on the United
16  States be made 'forthwith.'"
17      Plaintiff Lin essentially asks this Court to accept her assertions and characterizations,
18  ignore the defendant's assertions, and proceed in a fashion justified only in the face of extreme
19  acts or omissions. For example, plaintiff says: "Mr. and Mrs Teitelbaum do not deny that Mrs.
20  Teitelbaum was served legal documents in the manner described above." (Plaintiff's Opposition,
21  page 3, lines 18-20.) The Teitelbaum declarations are replete with refutations of the assertions
22  contained in the Proof of Service and the Supplemental Declaration of Mrs. Teitelbaum
23  specifically and unequivocally denies the assertions of plaintiff's process server. Mr. Teitelbaum
24  admits only that he found a package of documents on the ground at the rear of his house. This
25  "admission" falls far short of plaintiff's characterization regarding the supposed failure to deny
26  service.
27      Plaintiff alleges causes of actions arising under State and Federal law. As stated in the
28  Motion, there is authority to indicate that guidance can be found by resort to state law. See, e.g.,

*Goetz v. Synthesys Technologies, Inc.,* et al., 415.F3d.481 Fifth Circuit (2005) (seemingly finding technical compliance with the FRCP insufficient in view of failure to comply with the applicable New York State statute for "nail and mail" service).

### III.  RELIANCE ON ADVICE OF COUNSEL IS GROUND TO VACATE THE DEFAULT.

Pursuant to long established California case law, a defendant such as Mr. Teitelbaum who seeks and relies on advice of counsel regarding service of a complaint is entitled to relief.

Here, after finding papers on the ground outside his house, William Teitelbaum sought advice of counsel as to what he needed to do if anything. The declarations of Mr. Teitelbaum and Anton Borovina, his attorney, indicate Mr. Teitelbaum was advised he need not do anything because he had not been properly served.

A defendant who seeks and relies on advice of counsel is entitled to relief from a default judgment. Even erroneous advice of counsel, when relied on by a defendant, is sufficient ground for setting aside a default judgment. *Douglass v. Todd* (1892) 96 Cal. 655; 31 P. 623; 1892 Cal. LEXIS 1003.

In *Douglass v. Todd,* the defendant sought advice from an attorney. The attorney the advised defendant that he had no defense. As a result, defendant failed to answer the complaint and a default judgment was entered. The defendant later discovered the attorney had given incorrect advice. Upon a motion by defendant, the trial court vacated the default judgment. The Court of Appeal affirmed holding the defendant was entitled to rely upon the advice of his attorney and that the attorney's mistake was grounds for vacating the default judgment because:

> "Defendant was not guilty of any negligence. Had he relied upon his own judgment as to the law applicable to the fact of his case, it might have been negligence. But he went to a practicing attorney, and had a right to suppose him to be competent, and was justified in acting upon his advice.

Section 473 of the Code of Civil Procedure is broad enough to justify the action of the court below in relieving a party from a mistake of law on the part of his attorney, when, by his reliance upon it, he is prevented from making any defense." *Douglass v. Todd* at 658. (See, also, *Svistunoff v. Svistunoff* (1952) 108 Cal. App. 2d 638, a case in which relief from default was granted where the attorney involved confirmed the advice sought and given.).

Numerous other instances of inadvertence, mistake or excusable neglect of the defaulted party or his attorney are cited in *Nilsson v. City of Los Angeles* (1967) 249 Cal.App.2d 976, 981, and in *Benjamin v. Dalmo Mfg. Co.*, 91948) 31 Cal.2d 523, 525-526; *Rambush v. Rambush* (1968) 267 Cal. App. 2d 734, 744, (distinguished on other grounds).

William Teitelbaum was advised he did not have to respond because he had not been properly served. Assuming arguendo the advice of counsel was wrong, the default should be set aside based on the cases discussed above. Assuming arguendo the advice of counsel was correct, the default should be set aside for the reasons discussed in Mr. Teitelbaum's Motion to Set Aside the Default.

### IV. SUMMARY/CONCLUSION.

There is more than ample reason to grant the motion of William Teitelbaum and set aside/vacate the default.

Dated: March 26, 2008            /s/ Steven Levy
                                 STEVEN LEVY

Dated: March 26, 2008            /s/ Jeffrey Forster
                                 JEFFREY FORSTER
                                 Attorneys for defendant, William Teitelbaum