David Balter, State Bar No. 212027
John N. Heffner, State Bar No. 221557
jheffner@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Defendant
Bruce Mabey

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>        Plaintiff,<br><br>vs.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>        Defendants. | CASE NO. C-07-5551-WHA<br><br>**REPLY POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BRUCE MABEY'S MOTION TO SET ASIDE DEFAULT**<br><br>Date:      April 3, 2008<br>Time:     8:00 am<br>Dept:     9 (19th Flr,)<br>Judge:    Hon. William Alsup<br><br>Trial Date:   January 5, 2009<br>Action Filed: October 31, 2007 |

**I.**
**INTRODUCTION**

In Plaintiff's Opposition to Defendant Mabey's Motion To Set Aside Default (the "Opposition"), plaintiff confuses personal service with substitute service. Plaintiff cites three cases for the proposition that a defendant can effect ***personal*** service on a defendant under a relaxed standard for service of process. Plaintiff, however, attempted ***substitute*** service – these cases are therefore inapplicable. This relaxed standard for personal service of process does not apply to substitute service. (*German Free State of Bavaria v. Toyobo Co., Ltd.* (2007 WL 851872, *4-5 (W.D. Michigan, March 20, 2007).) Further, this relaxed standard for personal service

REPLY POINTS AND AUTHORITIES IN       1      CASE NO. C-07-5551-WHA
SUPPORT OF MOTION

1  requires two things: (1) that defendant actively evaded service; and (2) clear evidence that
2  defendant actually received the papers at issue when allegedly served. Even if this relaxed
3  standard applied to defendant Bruce Mabey, plaintiff has not (and cannot) meet these two
4  requirements. Plaintiff Lay Siok Lin has not effected service on defendant Bruce Mabey.

5  Further, plaintiff's Opposition fails to confront the fact that "[j]udgment by default is a
6  drastic step appropriate only in extreme circumstances; a case should, whenever possible, be
7  decided on the merits." (*Falk v. Allen,* 739 F. 2d 461, 463 (9th Cir. 1984).) Plaintiff knew that
8  Mr. Mabey contested liability. Rather than address this fact, plaintiff confuses cases involving
9  motions to *vacate default judgment* from cases involving motions to *set aside entry of default*.

## II.
## BECAUSE PLAINTIFF HAS NOT EFFECTED SERVICE ON DEFENDANT BRUCE MABEY, THIS COURT SHOULD SET ASIDE ENTRY OF DEFAULT

12 Good cause to set aside entry of default exists when a defendant demonstrates defects in
13 the service of process. (F.R.C.P. 55(c); *SEC v. Internet Solutions for Business Inc.*, 509 F. 3d
14 1161, 1165-66 (9th Cir. 2007)). Plaintiff here did not effect service of process on Mr. Mabey.

15 Plaintiff attempted to serve Mr. Mabey by substitute service on his wife Christi Mabey
16 while Mr. Mabey was traveling. The parties do not dispute that the process server never handed
17 the summons and complaint to Christi Mabey. Rather, the process server simply left the
18 documents at the doorstep. (*See* Declaration of Wendy Stowers, filed in support of the
19 Opposition.)

20 Plaintiff incorrectly argues that she effected service on Mr. Mabey by improperly
21 confusing *personal* service with *substitute* service. As plaintiff argues, courts will relax the
22 requirements of *personal* service when: (1) the defendant actively evades service; and (2) plaintiff
23 provides clear evidence that the defendant actually received the papers at issue when allegedly
24 served. (4A Fed. Prac. & Proc. Civ. 3d § 1095; *Gambone v. Lite-Rock Drywall Corp.* (124 Fed.
25 Appx. 78, 79 (3rd Cir. 2005) (not published).) This relaxed standard, however, does **not** apply to
26 substitute service. (*German Free State of Bavaria v. Toyobo Co., Ltd.* (2007 WL 851872, *4-5
27 (W.D. Michigan, March 20, 2007.) ***Consequently, this relaxed standard does not apply in the***
28 ***present case; plaintiff attempted* substitute *service.*** Further, plaintiff has offered no evidence

REPLY POINTS AND AUTHORITIES IN           2       CASE NO. C-07-5551-WHA
SUPPORT OF MOTION

that Mr. Mabey actively evaded service or that Mr. Mabey actually received the papers at issue when allegedly served.

Consequently, plaintiff did not effect service pursuant to Rule 4 of the Federal Rules of Civil Procedure.[1]

The cases cited by plaintiff further demonstrate her confusion between personal service and substitute service. Plaintiff cites three cases in support of this relaxed standard for personal service: *Doe v. Qi*, 349 F. Supp. 2d 1258 (N.D. Cal. 2004); *Errion v. Connell*, 236 F. 2d 447, 457 (9th Cir. 1956); and *Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 FRD 32 (Dist. D.C. 2006). These three cases, however, ***all involve attempted service on the* defendant**. None of these cases involved substitute service. Further, all three of these cases involve evidence that the defendant had actively evaded service. Plaintiff here has offered no evidence (and, in fact, there is no evidence) that Mr. Mabey attempted to evade service.

For example, in *Ali v. Mid-Atlantic Settlement Services, Inc.*, the defendant, after evading service for nearly a year, told the process server by telephone to leave the summons and complaint at the door of his home and he would then get the papers. (*Ali v. Mid-Atlantic Settlement Services, Inc.*, 233 FRD at 37-38.) The court there held that, even though the defendant did not open the door to receive the summons and complaint, he was nonetheless served.[2] (*Id.* at 38.) Further, in *Doe v. Qi*, the defendant attempted to avoid service by refusing to take the documents from a process server. There, the process server approached the defendant in an airport, clearly announced his intent to serve court documents, and handed the documents to the defendant. However, because the defendant would not take the papers, they fell to defendant's feet. (*Doe v. Qi*, 349 F. Supp. 2d at 1274-75.) Finally, in *Errion v. Connell*, the court held that a sheriff effected service on a defendant when the sheriff pitched the papers through a hole in defendant's screen door after the sheriff spoke with the defendant and saw her duck

---

[1] Additionally, some authorities hold that substitute service is only appropriate when personal service is impracticable. (*See* 4A Fed. Prac. & Proc. Civ. 3d § 1095.) Plaintiff has offered no evidence that personal service on Mr. Mabey was impracticable.

[2] Further, the court also found that plaintiff had already effected service on defendant twice earlier.

REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION     3     CASE NO. C-07-5551-WHA

behind the door to avoid service. (*Errion v. Connell*, 236 F. 2d at 457.) Further, *Errion* did not involve service of a summons and complaint.

The cases cited by plaintiff are not applicable to the facts here. Plaintiff has failed to properly serve Mr. Mabey, and plaintiff has offered no facts or law to show otherwise.

### III.
### FEDERAL COURTS FAVOR RELIEF FROM DEFAULT BECAUSE CASES, WHENEVER POSSIBLE, SHOULD BE DECIDED ON THE MERITS

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default." Further, relief from default should be liberally granted. Courts have held that "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (*Falk v. Allen,* 739 F. 2d 461, 463 (9th Cir. 1984).) Any doubt should be resolved in favor of setting aside the default in order to decide a case on its merits. *Schwab v. Bullock's, Inc.*, 508 F. 2d 353, 355 (9th Cir. 1974).

Here, Mr. Mabey has filed an answer in the related case of *Teitelbaum v. Lin, et al.*, U.S. District Court for the E. D. of New York, case no. 07-CV-3971 (the "New York Action"). Even though plaintiff never effected service on Mr. Mabey, he is prepared to respond to the complaint in this matter shortly. Any delay that Mr. Mabey may have caused is minimal. In fact, the Court has already set a trial date in this matter, and Mr. Mabey does not anticipate that relief from default will impact that trial date.

The cases cited by plaintiff in her Opposition are distinguishable. For example, the court in *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F. 3d 922, 926 (9th Cir. 2004) held that relief from default was inappropriate because defendant had "conceded the question of liability." Mr. Mabey has never conceded liability.

Further, plaintiff cites the case of *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F. 3d 852, 857 (8th Cir. 1996) for the proposition that "[a] party, even one with a meritorious defense, but who has engaged in willful misconduct or a deliberate failure to respond, may still be defaulted." The *Ackra Direct Marketing* case, however, involved a motion to vacate default

1  judgment and not a motion to set aside default.[3]  Courts apply a more lenient standard to setting aside entry of default than vacating default judgment.  (*Hawaii Carpenters' Trust Funds v. Stone*, 794 F. 2d 508, 513 (9th Cir. 1986).)  Further, the lower court entered default judgment against the defendants not because they failed to file answers, but because they failed to comply with multiple court orders for nearly a year.  (*Ackra Direct Marketing Corp.*, 86 F. 3d at 854-55.)  This case is simply inapplicable.

**IV.**
**CONCLUSION**

Good cause exists to set aside the default entered against defendant Bruce Mabey.  Plaintiff did not properly effect service on Mr. Mabey, and plaintiff has failed to show otherwise.  Additionally, federal law strongly favors decisions on the merits rather than by default.  Mr. Mabey respectfully requests that this Court set aside the default entered against Mr. Mabey and allow Mr. Mabey to respond to the complaint.

Dated: March 27, 2008.

DICKENSON, PEATMAN & FOGARTY

By  */s/ John N. Heffner*
John N. Heffner, Attorneys for Defendant

---

[3] The court, in fact, explicitly held that "[t]he 'good cause] standard applicable to setting aside the clerk's entry of default does not apply here." (*Ackra Direct Marketing Corp.*, 86 F. 3d at 855.)

REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION          5          CASE NO. C-07-5551-WHA