David Balter, State Bar No. 212027
John N. Heffner, State Bar No. 221557
jheffner@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Defendant
Platinum Too, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>        Plaintiff,<br><br>    vs.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>        Defendants. | CASE NO. C-07-5551-WHA<br><br>**REPLY POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PLATINUM TOO, LLC'S MOTION TO SET ASIDE DEFAULT**<br><br>Date:        April 3, 2008<br>Time:        8:00 am<br>Dept:        9 (19th Flr,)<br>Judge:       Hon. William Alsup<br><br>Trial Date:    January 5, 2009<br>Action Filed:  October 31, 2007 |

# I.
# INTRODUCTION

Plaintiff's Opposition to Defendant Platinum Too, LLC's Motion To Set Aside Default (the "Opposition") fails to confront the fact that "[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." (*Falk v. Allen,* 739 F. 2d 461, 463 (9th Cir. 1984).)  Further, Platinum Too, LLC's ("Platinum") former counsel withdrew from representation of Platinum on February 7, 2008 with this Court's approval.  Platinum was unable to retain replacement counsel until March 7, 2008. Because Platinum, a corporation, cannot appear except through counsel, this court should allow

1    Platinum a reasonable amount of time to obtain counsel prior to entry of default or default

2    judgment.  (*See* Cal. Prac. Guide Fed. Civ. Pro. Before Trial,  7:49.3 (Rutter Guide 2008).).

3                                              **II.**

4    **FEDERAL COURTS FAVOR RELIEF FROM DEFAULT BECAUSE CASES,
     WHENEVER POSSIBLE, SHOULD BE DECIDED ON THE MERITS**

5           Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown

6    the court may set aside an entry of default."  Further, relief from default should be liberally

7    granted.  Courts have held that "judgment by default is a drastic step appropriate only in extreme

8    circumstances; a case should, whenever possible, be decided on the merits."  (*Falk v. Allen,* 739

9    F. 2d 461, 463 (9th Cir. 1984).)  Any doubt should be resolved in favor of setting aside the default

10   in order to decide a case on its merits.  (*Schwab v. Bullock's, Inc.*, 508 F. 2d 353, 355 (9th Cir.

11   1974).)

12          Here, Platinum specially appeared on January 4, 2008 through prior counsel Bennett

13   Tueller Johnson & Deere ("BTJD").  BTJD made clear to the Court and to plaintiff that its

14   representation of Platinum was limited to obtaining an extension of time for Platinum to respond

15   to the complaint.  The Court then granted BTJD's motion to withdraw as counsel to Platinum,

16   leaving Platinum without counsel.  Plaintiff then argues that she is entitled to default judgment

17   because Platinum did not immediately file an answer.

18          However, ***a corporation can only appear through counsel.***  (*Rowland v. California*

19   *Men's Colony*, 506 U.S. 194, 202 (1993); *see also* Civil Local Rule 3-9(b).)  In such a

20   circumstance, the court should allow Platinum a reasonable amount of time to retain new counsel

21   prior to granting default judgment.  (*See* Cal. Prac. Guide Fed. Civ. Pro. Before Trial, 7:49.3

22   (Rutter Guide 2008) ("[t]he court should grant a continuance or stay proceedins for a reasonable

23   period of time to allow the entity to appear through counsel.  Thereafter, if it fails to do so, the

24   action may be dismissed or a default judgment entered").)  Here, it took Platinum only one month

25   to locate new counsel.  The court should not use BTJD's withdrawal as counsel as grounds to

26   grant a default judgment against Platinum.

27          Additionally, the cases cited by plaintiff are distinguishable.  For example, the court in

28

REPLY POINTS AND AUTHORITIES IN          2     CASE NO. C-07-5551-WHA
SUPPORT OF MOTION

1  *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F. 3d 922, 926 (9th Cir.

2  2004) held that relief from default was inappropriate because defendant had "conceded the

3  question of liability." Platinum has never conceded liability. Rather, Platinum made clear that it

4  would respond to the complaint and contest liability.

5      Further, plaintiff cites the case of *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.

6  3d 852, 857 (8th Cir. 1996) for the proposition that "[a] party, even one with a meritorious

7  defense, but who has engaged in willful misconduct or a deliberate failure to respond, may still be

8  defaulted." The *Ackra Direct Marketing* case, however, involved a motion to vacate default

9  judgment and not a motion to set aside default.[1] Courts apply a more lenient standard to setting

10  aside entry of default than vacating default judgment. (*Hawaii Carpenters' Trust Funds v. Stone*,

11  794 F. 2d 508, 513 (9th Cir. 1986).) Further, the lower court entered default judgment against the

12  defendants not because they failed to file answers, but because they failed to comply with

13  multiple court orders for nearly a year. (*Ackra Direct Marketing Corp.*, 86 F. 3d at 854-55.) This

14  case is simply inapplicable.

## IV.
## CONCLUSION

17      Good cause exists to set aside the default entered against Platinum. Federal law strongly

18  favors decisions on the merits rather than by default. Further, Platinum was unable to answer the

19  complaint because it had no counsel after this Court granted BTJD's motion to withdrawal.

20  Platinum, should not be penalized for BTJD's withdrawal. Platinum respectfully requests that

21  this Court set aside the default entered against it and allow it to respond to the complaint.

23      Dated: March 27, 2008.

24                                      DICKENSON, PEATMAN & FOGARTY

25                                      By    */s/ John N. Heffner*
26                                           John N. Heffner, Attorneys for Defendant

27  [1] The court, in fact, explicitly held that "[t]he 'good cause] standard applicable to setting aside the clerk's entry of
default does not apply here." (*Ackra Direct Marketing Corp.*, 86 F. 3d at 855.)

28

DP&F
DICKENSON, PEATMAN & FOGARTY
*A Professional Law Corporation*