**JEFFREY M. FORSTER** (SBN 50519)
160 West Santa Clara Street, Suite 1100
San Jose, CA 95113
Telephone:   (408) 977-3137
Facsimile:   (408) 977-3141
Email:       jforstr@pacbell.net

**STEVEN R. LEVY**   (State Bar No. 103164)
17670 Woodland Avenue
Morgan Hill, CA 95037
Telephone:   (408) 274-7000
Facsimile:   (408) 274-9000
Email:       slevy@bigfoot.com

Attorneys for Defendant, William Teitelbaum

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>            Plaintiff,<br><br>v.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>            Defendants. | CASE NUMBER:  C 07 5551 WHA<br><br>NOTICE OF MOTION AND MOTION OF DEFENDANT, WILLIAM TEITELBAUM, TO DISMISS OR, IN THE ALTERNATIVE, STAY OR TRANSFER ACTION AND TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION<br><br>(With Certificate of Service)<br><br>Hearing Date:   May 29, 2008<br>Hearing Time:   8:00 a.m.<br><br>Judge:          Hon. William Alsup<br>Courtroom:      9 (19th Floor)<br><br>Complaint Filed:   October 31, 2007<br><br>Trial Date:     January 5, 2009 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED** that on May 29, 2008 at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 9 (19th Floor) of the above entitled court, located at 450 Golden Gate Avenue, San Francisco, California 94102, the Honorable William Alsup presiding, defendant, William Teitelbaum, will move the Court for an order dismissing this case or in the alternative to stay or transfer action (based on the existence of a prior-filed-case) and

1  to dismiss plaintiff's second cause of action because it fails to state a claim upon which relief can be
2  granted on the grounds that there is no private right of action under 15 U.S.C. §77q.
3      The motion is brought pursuant to and based on the F.R.C.P. Rules 7 and 12.
4      This motion is supported by the accompanying Memorandum of Points and Authorities,
5  Declaration of Steven Levy (and exhibit thereto), all filed and served herewith, the pleadings on
6  file in this action, and such other further oral and/or documentary evidence as may be
7  subsequently presented at the hearing, or otherwise, regarding this motion.
8
9  Dated: April 22, 2008                    /s/ Jeffrey Forster
10                                          JEFFREY FORSTER
11  Dated: April 22, 2008                   /s/ Steven Levy
12                                          STEVEN LEVY
13                                          Attorneys for defendant, William Teitelbaum
14
15  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE**
16  **MOTION TO DISMISS OR, IN THE ALTERNATIVE, STAY OR TRANSFER ACTION AND**
17  **DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION**
18
19  **I. INTRODUCTION**
20
21      Defendant, William Teitelbaum, asks this Court to dismiss this case or in the alternative to
22  stay or transfer this action (based on the existence of a prior-filed-case) and dismiss plaintiff's second
23  cause of action on the grounds that there is no private right of action under 15 U.S.C. §77q.
24      There is a prior filed, pending, related case in the U.S. District Court for Eastern District
25  of New York (Case Number: 2:07-CV-03971-LDW-ETB) in which a venue motion is under
26  submission. The pendency of the venue motion creates a somewhat "awkward situation" in that
27  decision of the venue motion in New York would to be pragmatically determinative as to what
28  should happen in the instant case (i.e., if the venue motion is denied, everything should be

litigated in New York and if the venue motion is granted, everything should be litigated in the instant matter).

The current status of the case in New York is reflected by a printout of the History/Documents obtained via Pacer on April 22, 2008 and attached as EXHIBIT A to the Declaration of Steven Levy re Notice of Motion and Motion of Defendant, William Teitelbaum, to Dismiss Or, in the Alternative, Stay or Transfer Action and to Dismiss Plaintiff's Second Cause of Action.

Considering the possible pragmatic effect of a ruling in New York regarding venue, this motion might seem premature. However and in view of the applicable Rules, this motion must be brought now, if only to preserve the issue. It is hoped that the New York Court will rule on the venue motion prior to hearing of the instant motion and there is reason to expect that an appropriate stipulation would follow any ruling in New York.

## II. THE COURT IS ASKED TO DISMISS, TRANSFER, OR STAY THE INSTANT MATTER BASED ON THE "PRIOR-FILED-RULE."

### A. There Is a Prior-Filed- Case Involving Identical Parties and Issues.

A Notice of Pendency of Other Action and Related Case is on file with this Court regarding the case filed on September 21, 2007 by William Teitelbaum in the United States District Court for the Eastern District of New York (Central Islip) (Case Number: 2:07-CV-03971- LDW-ETB) ("New York Case") . The related case was filed nearly six weeks prior to the instant matter.

The parties in both cases are identical (William Teitelbaum, Lay Siok Lin, Bruce Mabey, and Platinum Too, LLC). Review of the pleadings indicates both cases arise out of the same transactions, events, and occurrences. (The operative complaint in the New York Case is Exhibit 3 to the Declaration of Matthew N. Metz in Support of Default Judgment.)

It appears all parties have appeared in the New York Case. Lay Siok Lin was served in

Indonesia regarding the New York Case and filed a Motion to Change Venue on January 10, 2007. It appears that Lay Siok Lin has admitted jurisdiction in the New York Case. The Motion to Change Venue is under submission.

**B.     The "First-to-File Rule" Favors Litigation in the New York Case and this Court Has the Authority to Dismiss, Transfer, or Stay the Instant Matter.**

When two cases involving the same parties and issues are filed in two different federal districts, the first-to-file rule permits the second district court to exercise its discretion to transfer, stay, or dismiss the second suit in the interests of efficiency and judicial economy. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). Preference is given to the first-filed plaintiff's choice of forum and the first action allowed to proceed to judgment. *Alltrade, Inc. v. Uniweld Prod., Inc*., 946 F.2d 622, 625 (9th Cir.1991).

Under settled Ninth Circuit law (*Pacesetter Systems Inc. v. Medtronic Inc*. (9th Cir. 1982) 678 F.2d 93, 95) , the District Court must consider the following judicial factors when deciding whether to apply the first-to-file rule:

1.     The chronology of the two actions;
2.     The similarity of parties; and
3.     The similarity of issues.

As stated in Wright and Miller, *Federal Practice and Procedure*, 14D FPP §3823 (2007 Ed.):

> "When two actions involving nearly identical parties are closely related . . . infringement questions are filed in separate districts, which happens with some frequency in contemporary litigation, the general rule is that the case first filed take priority, and the subsequently filed suit should be dismissed or transferred or stayed."

The first-to-file rule exists to recognize comity, promote efficiency, avoid the waste of duplication, avoid piecemeal resolution of issues that call for a uniform result, and avoid risk the

of conflicting decisions. *See, e.g., Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976); *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir.1982)*; West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-29 (5th Cir.1985).

In and of itself, the first-to-file rule gives the district court in the second-filed-case, the authority to transfer, stay, or dismiss the duplicative action ( *Alltrade, Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)) and the first to file rule generally prevails (*Tempco Electrical Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987)).

### C. The "First- to-File Rule" Does Not Require Exact Identity of Issues.

District courts in the Ninth Circuit recognize that "courts generally do not require identical issues or parties so long as the actions involve closely related questions or common subject matter" and although application of the first-to-file rule is subject to the sound discretion of the court, "the party filing the second action must demonstrate the existence of special circumstances to overcome the strong presumption of the first-filed action." *Centocor, Inc., et al. v. Medimmune, Inc.*, 2002 U.S. Dist. LEXIS 21109, 3 (N.D.Cal. 2002).

Courts that invoke the first-to-file rule often require "substantial overlap" between the first and second-filed cases. See, *Save Power Ltd. V. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) ("The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap.").

In the instant situation and for all practical purposes, the two cases are identical as to facts, parties, and issues.

### D. The "First Court" Generally Decides Applicability of the First-Filed-Rule.

Many courts have held that the first-filed court should decide not only the substantive case, but also whether the first-to-file rule even applies. For example, in *Kimberly-Clark Corp. v.*

*McNeil-PPC, Inc.*, 260 F. Supp. 2d 738, 741 (E.D. Wis. 2003), the filings were one week apart. Defendant in the second-filed action moved to transfer to first-filed court. The second-filed court held that the first-filed court should determine whether to apply the first-to-file rule. Likewise, in *DaimlerChrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042-1044 (N.D. Ohio 2001), the second-filed court in Ohio declined to decide whether the first-to-file rule applied, deferring to the first-filed court in Indiana.

This conclusion is not surprising given the general rule that under the first-to-file rule, the entire action should be decided by the court in which the action was first-filed. *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997).

### E.   "First-to-File" Is Based on Which Action Was Filed First.

Determination of "which action is first" is based on which action was actually filed first rather than some other criteria (e.g., as opposed to which was first-served). *Kimberly-Clark Corp. v. McNeil-PPC, Inc.*, at 740-741. Even faulty service of process in the first suit does not change priority of suits, even if service of process is first properly accomplished in the second forum. See, *Pacesetter*, 678 F.2d at 96 n.3., in which the Ninth Circuit stated that an action is commenced by filing a complaint, not by service of process.

### F.   The First-To-File Rule Applies in the Context of Actions for Declaratory Judgment.

The power to hear claims for declaratory relief is granted by the Declaratory Judgment Act, which gives courts the power in an actual controversy to declare the rights and legal relations of any interested party. 28 U.S.C. §2201(a). The Federal Circuit has noted that actions for declaratory relief enjoy the same priority as any other action. See *Genentech*, 998 F.2d at 938 ("The considerations affecting transfer to or dismissal in favor of another forum do not change simply because the first-filed action is a declaratory action.").

/////

**G. The "First Court" Is Effectively Dealing, at Least in Part, with the Issue of Duplicative Cases.**

Lay Siok Lin's presently pending motion to change venue and may well be decided prior to hearing of this motion. Depending on the outcome of that motion, there are two logical alternatives:

1. If the venue motion is denied, the claims asserted by Lay Siok Lin against William Teitelbaum in California should be "sent" for litigation in New York; or

2. If the venue motion is granted, the claims asserted by William Teitelbaum against Lay Siok Lin in New York should be "sent" for litigation in California.

### III. PLAINTIFF'S SECOND CAUSE OF ACTION MUST BE DISMISSED.

Plaintiff's Second Cause of Action (pages 8-9 of Plaintiff's Complaint entitled "Fraud in the Offer and Sale of Securities") alleges violation of Section 17(a) of the Securities Act, 15 U.S.C. §77q(a) against all defendants. The specific allegation regarding 15 U.S.C. §77q(a) is set forth at page 9, lines 8-9, in paragraph 43 and states: "By engaging in the conduct above, Defendants violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a)."

This cause of action must be dismissed because there is no private right of action under 15 U.S.C. § 77q. *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 823 F.2d 1349, 1354-55 (9th Cir.1987) (en banc); *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1578 (9th Cir.1990).

### IV. THIS MOTION IS TIMELY AND EXTENDS THE TIME TO FILE A RESPONSIVE PLEADING.

As a result of motions heard on April 3, 2008, the deadline to respond to the complaint is

1  April 23, 2008.

2  A motion made on any of the grounds enumerated in Rule 12(b) must be made before
3  pleading if a responsive pleading is allowed. (Fed. R. Civ. Pro. 12(b); *Philippine Airlines, Inc.*
4  *v. National Mediation Board*, 430 F. Supp. 426, 427 (N.D. Cal. 1977).)

5  A defendant's time to file a responsive pleading is extended even if the motion challenges
6  only some of the claims in the complaint. (Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D,
7  § 9:57.1). Extensions regarding response time include the right to assert Rule 12(b) defenses by
8  pre-answer motion. (*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th
9  Cir. 1988).)

### V.  SUMMARY/CONCLUSION

Plaintiff's Second Cause of Action must be dismissed as the Ninth Circuit has unequivocally stated that an individual such as Lay Sok Lin does not have a private right of action under 15 U.S.C. §77q.

This Court is asked to dismiss, transfer, or stay the instant matter based on the prior-filed/first-filed rule. If the Court in New York has not ruled on the venue motion by the time this motion is heard and should the Court decline to grant this motion, it is requested that denial of this motion be without prejudice to renew depending on the outcome of the venue motion in the New York Case.

Dated: April 22, 2008                   /s/ Jeffrey Forster
                                        JEFFREY FORSTER

Dated: April 22, 2008                   /s/ Steven Levy
                                        STEVEN LEVY

                                        Attorneys for defendant, William Teitelbaum

**CERTIFICATE OF SERVICE**

I, Steven Levy, hereby certify that on this date I filed the documents stated below on behalf of defendant, William Teitelbaum with the United States District Court, for the Northern District of California, San Francisco Division, using the ECF system, and that I did so on behalf of myself and my co-counsel, Jeffrey Forster.

The documents so filed were this motion and the supporting Declaration of Steven Levy.

Dated: April 22, 2008                    /s/ Steven Levy
                                         **STEVEN R. LEVY**, Attorney at Law