David Balter, State Bar No. 212027
John N. Heffner, State Bar No. 221557
jheffner@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
809 Coombs Street
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Defendants
Bruce Mabey and Platinum Too, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LAY SIOK LIN,<br><br>        Plaintiff,<br><br>vs.<br><br>PLATINUM TOO, LLC, BRUCE MABEY, and WILLIAM TEITELBAUM,<br><br>        Defendants. | CASE NO. C-07-5551-WHA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS PLATINUM TOO, LLC AND BRUCE MABEY'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A STAY OR TRANSFER**<br><br>Date: May 29, 2008<br>Time: 8:00 am<br>Dept: 9 (19th Flr.)<br>Judge: Hon. William Alsup<br><br>Trial Date: January 5, 2009<br>Action Filed: October 31, 2007 |

# I.
# INTRODUCTION

This action (the "California Action") concerns the parties' rights and obligations under two promissory notes between: (1) Platinum Too, LLC ("Platinum") and Plaintiff Lay Siok Lin ("Plaintiff"); and (2) Platinum and Plaintiff's assignor Aziz Mochdar ("Mochdar"). However, the pending case of *Teitelbaum v. Lin, et al.*, U.S. District Court for the Eastern District of New York, case no. 07-cv-03971-LDW-ETB (the "New York Action"), which was filed almost six weeks earlier, involves these same two promissory notes. In fact, <u>*Plaintiff admits*</u> *that this California Action and the New York Action involve the same parties and the same events, transactions, and occurrences.* Consequently, under the well-established first-to-file rule, this Court should preserve federal comity and dismiss (or, at a minimum, stay or transfer) the later-filed[1] and duplicative California Action in favor of the related New York Action.

Additionally, Defendant Bruce Mabey ("Mabey") and Platinum request that this Court dismiss Plaintiff's Second Cause of Action because it fails to state a claim upon which relief can be granted. Plaintiff's Second Cause of Action seeks damages and penalties pursuant to Section 17(a) of the Securities Act, 15 U.S.C. § 77q ("Section 17(a)"). However, no private right of action exists under Section 17(a). (*Puchall v. Houghton, Cluck, Coughlin & Riley*, 823 F.2d 1349, 1353 (9th Cir. 1987).)

# II.
# FACTUAL BACKGROUND

**A. In August 2007, A Dispute Arises Between The Parties Regarding Two Promissory Notes.**

Mabey and William Teitelbaum ("Teitelbaum") are founders and members of Platinum. In December 2004, Platinum and Mochdar executed a promissory note under which Mochdar agreed to loan Platinum two million dollars. One year later, Platinum and Plaintiff executed a promissory note under which Plaintiff agreed to loan Platinum one million dollars. Mochdar, according to Plaintiff, then assigned his interests under the first promissory note to Plaintiff. (*See* Plaintiff's Complaint in the California Action at ¶ 2, attached as Exh. "A" to Declaration of John

---
[1] As explained in Section III(A)(1)(a), *infra*, the order of service does not matter. Only the order of ***filing*** matters for purposes of the first-to-file rule.

| MEMORANDUM OF POINTS AND AUTHORITIES | 1 | C-07-5551-WHA |

1  N. Heffner In Support Of Defendants' Motion To Dismiss ("Heffner Decl.").)  The two

2  promissory notes are collectively referred to as the "Promissory Notes" herein.

3  **B.   In An Effort To Resolve This Dispute, Teitelbaum Filed A Complaint In The Eastern District Of New York On September 21, 2007.**

4  In an effort to resolve this dispute over the two Promissory Notes, Teitelbaum filed a

5  complaint for declaratory relief in the New York Action (the "New York Complaint") on

6  September 21, 2007 against Plaintiff.  (*See* Exh. "B" to Heffner Decl.)  As stated in the New York

7  Complaint, Teitelbaum "seeks a judgment declaring the rights of the parties . . . . concerning

8  [Teitelbaum's] purported liabilities and duties, if any, to the [Plaintiff] arising under the Securities

9  Laws[2] and concerning the creation and issuance of two certain promissory notes . . ."  (*Id.* at ¶ 5.)

10 On December 14, 2007, Teitelbaum filed an amended complaint (the "New York Amended

11 Complaint") in the New York Action adding Platinum and Mabey as defendants.  (*See* Amended

12 Complaint, attached as Exh. "C" to Heffner Decl.)

13 **C.   Nearly Six Weeks After Teitelbaum Filed The New York Complaint, Plaintiff Initiated This California Action Involving The Same Two Promissory Notes.**

14

15 On October 31, 2007, nearly six weeks after Mr. Teitelbaum initiated the New York

16 Action, Plaintiff filed her complaint in this California Action (the "California Complaint") against

17 Platinum, Mabey, and Teitelbaum.  (*See* Exh. "A" to Heffner Decl.)  The California Complaint

18 alleges that the Promissory Notes violated federal securities laws and were fraudulent.  (*Id.*)  In

19 other words, the dispute and the parties in the California Action are the same as those in the New

20 York Action.  Further, Plaintiff has admitted that the New York Action and this California Action

21 are the same.  In a stipulation filed in this California Action on April 11, 2008, Plaintiff (as well

22 as all other parties) admit that "the California Action and the New York Action involve the same

23 parties and the same events, transactions, occurrences."  (*See* Stipulation For A Stay Order, Exh.

24 "D" to Heffner Decl.)

---

[2] The "Securities Laws" are defined in the New York Complaint (*see* Exh. "B" to Heffner Decl. at ¶ 3) as "the laws of the United States, more particularly the Securities Act of 1933, as amended, 15 U.S.C.A. § 77(a) *et. seq.* and other federal laws including, but not limited to, the rules and regulations promulgated by the Securities and Exchange Commission and the blue sky laws of particular states, if any."

### D. All Parties, Including Plaintiff, Have Focused Their Litigation Efforts On The New York Action.

As the Civil Docket Sheet for the New York Action reveals (*see* Exh. "E" to Heffner Decl.), the parties, including Plaintiff, are litigating this dispute in the New York Action. While Plaintiff filed a motion to transfer the New York Case to this Court on January 10, 2008 (the "New York Motion To Transfer"), Plaintiff has nonetheless served Mabey and Teitelbaum with written interrogatories, document demands, and requests for admission in the New York Action. (Declaration of Debbie Chun at ¶ 2.) Further, Plaintiff has written to Teitelbaum and Mabey's counsel in the New York Action offering to make Plaintiff available for deposition in late April or early May, 2008.

The court in the New York Action has not yet ruled on the New York Motion to Transfer. However, if the court in the New York Action retains jurisdiction, then Plaintiff has agreed to dismiss this California Action with prejudice. (*See* Exh. "D" to Heffner Decl.) If the New York court transfers the New York Action to this Court, then the parties will litigate this dispute here.

### III.
### LEGAL ANALYSIS

### A. This California Action Should Be Dismissed In Its Entirety Or, In The Alternative, Stayed Or Transferred To New York, Under The First-To-File Rule.

The well-established first-to-file rule generally compels a court to dismiss, stay, or transfer an action when a party previously filed a complaint involving the same parties and issues in another district. (*Pacesetter Sys. Inc. v. Medtronic, Inc.* 678 F.2d 93, 95 (9th Cir. 1982) ("[t]here is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district"); *Church of Scientology of Cal. v. U.S. Dept. of the Army*, 611 F.2d 738, 749 (9th Cir. 1979) ("there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule"); *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005).) As the Ninth Circuit explained in *Pacesetter*, 678 F.2d at 95:

> Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and

MEMORANDUM OF POINTS AND AUTHORITIES          3          C-07-5551-WHA

> no purpose would be served by proceeding with the second action. . . . . The "first to file" rule normally serves the purpose of promoting efficiency well ***and should not be disregarded lightly***. (Emphasis added; internal citations omitted.)

The first-to-file rule is of "paramount importance" because it preserves judicial comity, avoids placing an unnecessary burden on the federal judiciary, and avoids "the embarrassment of conflicting judgments." (*Church of Scientology of Cal.*, 611 F. 2d at 750.)

### 1. Plaintiff Admits That All Three Factors For The First-To-File Rule Are Present Here.

Courts invoke the first-to-file rule when a moving party establishes three factors: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." (*Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003); *see also Alltrade, Inc.*, 946 F. 2d at 625-27. Here, the parties do not dispute that the New York Action was the first filed action, that the parties are the same in both the New York Action and the California Action, and that the issues are the same in both actions. (*see* Stipulation for a Stay, Exh. "D" to Heffner Decl.)

#### a. The New York Action Was The First-Filed Action.

The New York Action, filed on September 21, 2007, was filed before the California Action, which was filed on October 31, 2007.

The fact that Teitelbaum did not serve Plaintiff with the New York Complaint until after Plaintiff filed this California Action does not affect the New York Action's status as the first-filed action for purposes of the first-to-file rule. The Ninth Circuit explicitly rejected this argument in *Pacesetter*:

> A federal action is commenced by the filing of the complaint, not by service of process. Fed.R.Civ.P. 3. It is thus the filing of actions in coordinate jurisdictions that invokes considerations of comity. (*Pacesetter*, 678 F.2d at FN3 (citing *Product Engineering and Manufacturing, Inc. v. Barnes*, 424 F.2d 42, 44 (10th Cir. 1970)).)

#### b. The Parties In The New York Action And The California Action Are The Same.

The parties in this California Action are exactly the same as those in the New York Action. (*See* Exhs."A", "C", "D" to Heffner Decl.)

MEMORANDUM OF POINTS AND AUTHORITIES     4     C-07-5551-WHA

It further does not matter that Teitelbaum added Mabey and Platinum as defendants after Plaintiff filed this California Action. First, the parties are now the same. Second, even if they were not the same, the first-to-file rule does not require "strict identity of the parties." (*British Telecommunications v. McDonnell Douglas Corp.* 1993 WL 149860, *4 (N.D. Cal. 1993) (not reported in F.Supp.) (citing *Alltrade*, 946 F.2d at 624 n. 3, 629).) Courts apply the first-to-file rule even when a party named in the second-filed action is not named in the first-filed action if that party can be joined to the first-filed action. (*St. Helena Wine Co., Inc. v. Allied Management, Inc.*, 1998 WL 480190, *2 (N.D. Cal. 1998) (not reported in F. Supp. 2d); *British Telecommunications*, 1993 WL 149860, *4.) Here, Mabey and Platinum are already joined to the first-filed action.

      **c.**    **The Issues In The New York Action And The California Action Are The Same.**

Plaintiff concedes that the California Action and the New York Action "involve the same parties and the same events, transactions, occurrences." (*See* Stipulation for a Stay Order, Exh. "D" to Heffner Decl.) After all, the New York Action and the California Action concern the Promissory Notes. (*See* Exhs. "A" and "C" to Heffner Decl.)

Even if these issues were not precisely the same, courts do not require that the first-filed action be identical to the second-filed action. Rather, the two actions need only be "substantially similar." (*Inherent.com v. Martinedale-Hubbell*, 420 F. Supp.2d 1093, 1097 (N.D. Cal. 2006).)

Additionally, it does not matter that the New York Action is an action for declaratory relief while this California Action seeks damages. First, both actions involve the same dispute regarding the same two Promissory Notes. Second, all the causes of action present in this action are compulsory counterclaims to be brought, if at all, in the New York Action. (*See* Fed. R. Civ. P. 13(a).) Third, declaratory judgments enjoy the same priority as any other action. (*Genentech v. Eli Lilly and Co.*, 998 F. 2d 931, 938 (C.A. Fed. 1993).)

    **2.**    **The Application Of The First-To-File Rule Requires That This Court Dismiss This California Action Or, At A Minimum, Stay Or Transfer This Action.**

Dismissal of the later-filed action is proper where the court of the first filing provides adequate remedies. (*Pacesetter*, 678 F.2d at 95; *Alltrade*, 946 F.2d at 627-28; *Intersearch*

MEMORANDUM OF POINTS AND AUTHORITIES     5     C-07-5551-WHA

*Worldwide, Ltd. v. Intersearch Group, Inc.*, 2008 WL 753731, *12 (N.D. Cal. March 19, 2008).) The New York Action provides Plaintiff with all the remedies available in this California Action. Plaintiff brings this California Action pursuant to federal law and under federal question jurisdiction (11 U.S.C. § 1331) and, therefore, the same law and remedies are available in the New York Action. Further, the court in the New York Action has jurisdiction over all the parties. Dismissal, therefore, is proper.

If this Court is not inclined to dismiss this matter, then Mabey and Platinum request that this Court either stay this California Action (to which all the parties have already stipulated) or transfer this California Action to the Eastern District of New York.

**B.   Because No Private Right Of Action Exists Under Section 17(a), Plaintiff's Second Cause Of Action For Relief Under Section 17(a) Fails To State A Claim Upon Which Relief Can Be Granted.**

In addition to relief pursuant to the first-to-file rule, Mabey and Platinum seek relief pursuant to Fed. R. Civ. Pro. 12(b)(6). Plaintiff's second count seeks relief pursuant to Section 17(a). There is, however, no private right of action under Section 17(a). (*Puchall v. Houghton, Cluck, Coughlin & Riley*, 823 F.2d 1349, 1353 (9th Cir. 1987) ("we decide that no private right of action lies under section 17(a)").) Consequently, Plaintiff has failed to state a claim for which relief can be granted and the Court should dismiss this second count without leave to amend.

**1.   This Motion Is Timely.**

A motion made on any of the grounds enumerated in Rule 12(b) "must be made before pleading if a responsive pleading is allowed." (Fed. R. Civ. Pro. 12(b); *see Philippine Airlines, Inc. v. National Mediation Board*, 430 F. Supp. 426, 427 (N.D. Cal. 1977).) Further, if defendant obtains a timely and proper extension of "time to respond," this includes the right to assert Rule 12(b) defenses by preanswer motion. (*Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir. 1988).)

Pursuant to this Court's April 3, 2008 Order Denying Plaintiff's Motion For Default Judgment and Granting All Motions To Set Aside Defaults, defendants' responses to the complaint are due on April 23, 2008. Because Mabey and Platinum filed this motion on April 23, 2008, it is timely.

### 2. This Motion Extends Defendant's Time To File A Responsive Pleading.

A Rule 12(b) motion extends defendant's time to file a responsive pleading. (Cal. Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-D, § 9:57.1). Further, this extension applies even though this Rule 12(b) motion challenges only some of the claims in the complaint.[3] (*Id.*) Consequently, Mabey and Platinum's time to file a responsive pleading is extended by the filing of this motion.

## IV.
## CONCLUSION

The first-to-file rule compels this Court to dismiss this action or, at a minimum, stay this action or transfer this action to the Eastern District of New York. Plaintiff cannot dispute (and, rather, has conceded) that all the elements of the first-to-file rule are met. Further, because the Eastern District of New York provides Plaintiff with adequate remedies, dismissal of this action is proper.

Additionally, should this Court not dismiss this case under the first-to-file rule, this Court should dismiss Plaintiff's Second Cause of Action pursuant to Rule 12(b)(6). Plaintiff's Second Cause of Action seeks relief pursuant to Section 17(a). However, there is no private right of action available under Section 17(a).

Dated: April 23, 2008.

DICKENSON, PEATMAN & FOGARTY

By  */s/ John N. Heffner*
    John N. Heffner, Attorneys for Defendant

---

[3] Plaintiff's motion to dismiss under the first-to-file rule also extends Mabey and Platinum's time to file a responsive pleading.

MEMORANDUM OF POINTS AND AUTHORITIES     7     C-07-5551-WHA