**EXHIBIT "B"**

Case 2:07-cv-03971-LDW-ETB Document 3-1 Filed 09/21/2007 Page 2 of 14

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 21 2007 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
WILLIAM A. TEITELBAUM,

        Plaintiff,

  -against-    (SI)

LAY SIOK LIN,

        Defendant.
----------------------------------------x

Index No.

**CV-07 3971**

**COMPLAINT**

**WEXLER, J.**

**ORENSTEIN, M.**

Plaintiff, William A. Teitelbaum, by its attorneys, Borovina & Marullo PLLC, complaining of the defendant, Lay Siok Lin, respectfully alleges as follows:

### THE PARTIES

1. The plaintiff, William A. Teitelbaum, is a citizen of the State of New York residing at 175 Pinelawn Rd. Melville, New York 11746 and earns his livelihood by acting as a financial advisor and consultant.

2. Upon information and belief, the defendant, Lay Siok Lin, is a citizen of Indonesia and not of the United States and an alien.

### JURISDICTION AND VENUE

3. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C.A §80a-43 since this action arises under the laws of the United States, more particularly the Securities Act of 1933, as amended, 15 U.S.C.A. §77(a) *et. seq.* and other federal laws including, but not limited to, the rules and regulations promulgated by the Securities and Exchange Commission and the blue sky laws of particular states, if any

(collectively the "Securities Laws") and is a suit seeking declaratory relief regarding the enforcement of liabilities or duties created by the Securities Laws.

4. Venue is proper in this court pursuant to 28 U.S.C. §1331(d) because the defendant is an alien.

## OBJECT OF THE ACTION

5. In this action, the plaintiff seeks a judgment declaring the rights of the parties pursuant to 28 U.S.C.A. §2201 and concerning the plaintiff's purported liabilities and duties, if any, to the defendant arising under the Securities Laws and concerning the creation and issuance of two certain promissory notes that are described in this complaint.

6. The plaintiff seeks a declaration of rights in this action because the defendant contends that the Securities Law imposed duties and liabilities upon the plaintiff and in favor of the defendant which the plaintiff breached or failed to honor and arising out of the creation and issuance of two promissory notes that are described in this complaint. Though the defendant has not commenced an action in federal or state court to redress the purported violation of the Securities Laws or to seek the enforcement of such laws, the plaintiff's occupation and professional reputation will be irreparably damaged if the defendant's accusations of wrongdoing remain outstanding and unresolved expeditiously and in a court of law.

## THE FACTS

7. The plaintiff is a founder and member of Platinum Too, LLC ("Platinum").

8. Since its inception, Platinum has provided structuring transactions for its clients who are presented with various business opportunities.

9. In or about December 2004, Platinum, identified as the borrower, and Mr. Aziz Mochdar ("Mochdar"), identified as the lender, executed a promissory note pursuant to which Mochdar agreed to loan $2 million to Platinum and pursuant to the terms of a promissory note, a copy of which is annexed to this complaint as exhibit "A."

10. In or about December 2005, Platinum, identified as the borrower, and the defendant, identified as the lender, executed a promissory note pursuant to which the defendant agreed to loan $1 million to Platinum and pursuant to the terms of a promissory note, a copy of which is annexed to this complaint as exhibit "B."

11. Both notes (collectively the "Notes") were created and supervised under the auspices of an Indonesian broker/dealer who was well versed in the laws and practices of Indonesia and whose advice Platinum relied upon.

12. Upon information and belief, the Notes were not negotiated or executed in the United States but instead were negotiated and executed in Indonesia.

13. Upon its receipt of these loan proceeds, Platinum opened an account with Wells Fargo Bank.

14. In or about November 2006, Mochdar and the defendant (collectively the "Lenders") separately instructed Bruce Mabey, a co-founder and member of Platinum, to cause Platinum to close their respective accounts and terminate its relationship with them and to

deliver the entire proceeds of those accounts to Starboard Capital ("Starboard"), an entity that was then and is now separate and unrelated to Platinum or any of its members, and for the purpose of enabling Starboard to invest in the development of property located in Costa Rica.

16. Platinum, including its members and employees, made no representation and gave no advice to the Lenders regarding their decision to terminate their respective relations with Platinum.

16. The Lenders each decided to terminate their respective accounts and relationship with Platinum free and independent of any advice or representation by Platinum (including any of its members or employees) concerning Starboard or its contemplated investment.

17. Upon information and belief, Platinum (including any of its members or employees) did not introduce the Lenders to Starboard and had no role or interest in the negotiation or execution of any agreement between the Lenders and Starboard and had no other interest or relationship with Starboard or of Starboard's contemplated investment in Costa Rica.

18. Acting pursuant to the Lenders' instructions, Platinum caused the aforesaid accounts with to be terminated and the entire principal amount held for their account to be transferred to an account identified by the Lenders.

19. As a result of the Lenders direction and Platinum's compliance with such direction, the relationship, legal or otherwise, between Platinum and the Lenders came to an end with no further responsibilities owed or remaining outstanding as between the parties and concerning the payment of the Notes.

20. In August 2007, Matthew Metz, an attorney having offices located in Portland, Oregon, communicated to the plaintiff, via email, stating that he was the attorney for the defendant.

21. Mr. Metz informed the plaintiff that Platinum was in default of its obligations to pay the Notes.

22. Mr. Metz also represented to the plaintiff that Mochdar had previously assigned his entire interest in his note to the defendant and that the defendant, acting for herself as lender and assignee, believed that Platinum had violated or failed to honor obligations and duties imposed pursuant to the Securities Laws and concerning the issuance of the Notes.

23. Metz stated that Platinum failed to register the Notes as securities and to make certain disclosures pursuant to the Securities Law and made false, misleading and/or fraudulent representations in connection with the issuance of the Notes.

24. Mr. Metz stated that the plaintiff was personally liable to the defendant for such purported violations and misdeeds since he was a "controlling person" within the meaning of the Securities Law.

25. The plaintiff contends that he is not personally liable to the defendant arising out of or concerning the issuance of the Notes.

26. The Notes are each exempt from the prohibitions imposed by the Securities Laws, including but not limited to 15 U.S.C.A. §77d since they constitute transactions by an issuer not involving any public offering.

5

27. In addition, no representations were made to Lenders that were false, fraudulent or deceiving in nature and concerning the issuance of the Notes or the Lenders' decision to terminate their account with Platinum and Bear Stearns.

28. The Lenders waived any right they may have had to enforce any right or benefit imposed pursuant to the Securities Laws based upon the Notes and as a result of their voluntary election to terminate their relationship with Platinum and to cause their funds to be placed with Starboard, an entity that was then and is not unrelated and unaffiliated with Platinum or any of its members or employees.

29. In addition, the plaintiff never made an oral or written representation to the Lenders at any time.

30. Upon information and belief, Bruce Mabey did not make any oral or written representation to the Lenders at any time and except for those representations stated in the Notes.

31. The plaintiff has no adequate remedy at law.

WHEREFORE, the plaintiff William A. Teitelbaum, respectfully requests a judgment declaring:

(a) the rights of the parties;

(b) that the Notes are exempt transactions from the prohibitions imposed by the Securities Laws, including but not limited to 15 U.S.C.A. §77(d)(2) since they are transactions by an issuer not involving any public offering;

6

 (c) that the Notes are exempt transactions from the prohibitions imposed by the Securities Laws because they were executed outside of the United States and are not subject to regulation by the Securities Laws;

 (d) that the plaintiff is not liable to the defendant under the Securities Laws based upon the creation or issuance of the Notes;

 (e) such other relief as the court may deem appropriate.

Dated: Melville, New York
   September 21, 2007

Borovina & Marullo PLLC
*Attorneys for Plaintiff*

By: _____
Anton J. Borovina
A Member of the Firm
445 Broad Hollow Road, Ste. 334
Melville, New York 11747
(631) 630-1101

# Exhibit A

## PROMISSORY NOTE

This Promissory Note entered into by and between PLATINUM TOO,("Borrower"), 445 Broad Hollow Road, Melville, New York 11746 and **Mr. Aziz Mochdar** (Lender)

**BORROWER:** PLATINUM TOO, LLC. is an investment company duly registered in the State of New York.

PLATINUM TOO,LLC and its principals have considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions, along with complex corporate transactions.

**LOAN AMOUNT:** Lender, having high net worth, desires to lend the principle amount of US$ 2,000,000 ( Two Million US Dollar ) to PLATINUM TOO, LLC **with a return yield of 35%/year.**

**LOAN PURPOSE:** Borrower and Lender mutually agree that Borrower shall have discretionary use of the loan proceeds in conducting its business activities.

**RECEIPT AND WIRING OF LOAN PROCEEDS:** Lender, in accepting this Note, agrees that Borrower may designate its agent to receive the loan proceeds, or Lender may be instructed to wire loan proceeds to an affiliate account of Borrower.

**LOAN COMMISSION:** Lender agrees Borrower, possessing unique investment strategies, has the ability to generate higher than average returns. Lender, desirous of taking advantage of and participating in such returns, agrees to pay to Borrower's agent a non-refundable fee equaling 4% of the total loan proceeds. This fee shall be in addition to the loan amount, and shall be due and payable together with the loan funds.

**LOAN TERM:** The term of this loan shall be **2 (two) year(s)**, and may be extended by mutual agreement of Lender and Borrower.

**EXECUTION OF NOTE:** This Note may be signed by an authorized signatory of PLATINUM TOO. A facsimile copy of this Note shall have the full force and effect of the original, pending the receipt of the original Note by Lender.

**RESOLVING DISPUTES:** Lender and Borrower agree that any dispute regarding the terms of this Note and Agreement shall be resolved through arbitration, using internationally accepted Rules of Arbitration in a forum mutually acceptable to the parties hereto.

**BEST EFFORTS:** The parties hereto agree that Borrower shall use Best Efforts in the conducting of its business in the utilization of the Loan Proceeds.

**PROMISE TO PAY**
initials

The undersigned Borrower agrees to pay Lender the amount of US$ 3,400,000 on or before December 28, 2006.

By **Bruce Mabey**
Authorized Signatory
PLATINUM TOO, LLC.
Borrower

The terms of this Agreement with Promissory Note is approved as to form and content.

**Mr. Aziz Mochdar**
Lender

Exhibit B

17 Jul 07 06:41 FSP

# PROMISSORY NOTE

This Promissory Note entered into by and between PLATINUM TOO ("Borrower"), 445 Broad Hollow Road, Melville, New York 11746 and **Mrs. Lay Siuk Lin** (Lender).

**BORROWER:** PLATINUM TOO, LLC is an investment company duly registered in the State of New York.

PLATINUM TOO, LLC and its principals have considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions, along with complex corporate transactions.

**LOAN AMOUNT:** Lender, having high net worth, desires to lend the principle amount of US$ 1,000,000 ( One Million US Dollar ) to PLATINUM TOO, LLC **with a return yield of 35%/year.**

**LOAN PURPOSE:** Borrower and Lender mutually agree that Borrower shall have discretionary use of the loan proceeds in conducting its business activities.

**RECEIPT AND WIRING OF LOAN PROCEEDS:** Lender, in accepting this Note, agrees that Borrower may designate its agent to receive the loan proceeds, or Lender may be instructed to wire loan proceeds to an affiliate account of Borrower.

**LOAN COMMISSION:** Lender agrees Borrower, possessing unique investment strategies, has the ability to generate higher than average returns. Lender, desirous of taking advantage of and participating in such returns, agrees to pay to Borrower's agent a non-refundable fee equaling 4% of the total loan proceeds. This fee shall be in addition to the loan amount, and shall be due and payable together with the loan funds.

**LOAN TERM:** The term of this loan shall be 2 (two) year(s), and may be extended by mutual agreement of Lender and Borrower.

**EXECUTION OF NOTE:** This Note may be signed by an authorized signatory of PLATINUM TOO. A facsimile copy of this Note shall have the full force and effect of the original, pending the receipt of the original Note by Lender.

**RESOLVING DISPUTES:** Lender and Borrower agree that any dispute regarding the terms of this Note and Agreement shall be resolved through arbitration, using internationally accepted Rules of Arbitration in a forum mutually acceptable to the parties hereto.

**BEST EFFORTS:** The parties hereto agree that Borrower shall use Best Efforts in the conducting of its business in the utilization of the Loan Proceeds.

**PROMISE TO PAY**
initials

The undersigned Borrower agrees to pay Lender the amount of US$ 1,700,000/- on or before 08 March 2007

By **Bruce Mabey**
Authorized Signatory
PLATINUM TOO, LLC.
Borrower

The terms of this Agreement with Promissory Note is approved as to form and content.

**Mrs. Lay Siok Lin**
Lender

Index No. Year 20

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM A. TEITELBAUM

Plaintiff,

-against-

LAY SIOK LIN

Defendant.

COMPLAINT

BOROVINA & MARULLO PLLC

Plaintiff

Attorney(s) for

Office and Post Office Address, Telephone

445 BROAD HOLLOW ROAD, SUITE 334
MELVILLE, NEW YORK 11747
(631) 630-1101

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

Attorney(s) for

Sir: Please take notice

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 20

☐ *NOTICE OF SETTLEMENT*
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named Court, at
on the day of 20 at M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

To the best of the undersigned's knowledge, information and belief formed
after an inquiry reasonable under the circumstances, the within document(s)
and contentions contained herein are not frivolous as defined in 22 NYCRR
§130-1.1-a.

Yours, etc.

BOROVINA & MARULLO PLLC

Attorney(s) for

Office and Post Office Address

445 BROAD HOLLOW ROAD, SUITE 334
MELVILLE, NEW YORK 11747
(631) 630-1101

To

Attorney(s) for

# CIVIL COVER SHEET

**FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y**
★ SEP 21 2007 ★
**LONG ISLAND OFFICE**

JS 44 (Rev. 11/04)

3971 Wexler Orenstein

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
William A. Teitelbaum

**DEFENDANTS**
Lay Siok Lin

(b) County of Residence of First Listed Plaintiff: Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Jakarta, Indonesia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(SI)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Borovina & Marullo PLLC, 445 Broad Hollow Road, Melville, New York 11747 (631) 630-1101

Attorneys (If Known)

**CV-07 3971**
**WEXLER, J.**
**ORENSTEIN, M.**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. §2201
Brief description of cause:
Declaratory judgment declaring rights of the parties concerning the issuance of a promissory note

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE None    DOCKET NUMBER

DATE 9/21/07
SIGNATURE OF ATTORNEY OF RECORD: Anton J Borovina

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE Wexler    MAG. JUDGE Orenstein

## ARBITRATION CERTIFICATION

I, Anton J. Borovina, counsel for plaintiff do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

✓ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

### Please refer to NY-E Division of Business Rule 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: NO

2.) If you answered "no" above:

a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? SUFFOLK

b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? YES

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

Yes ✓     No _____

Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?

Yes _____ (If yes, please explain)     No ✓

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

ATTORNEY BAR CODE: AJB6488

E-MAIL Address: ajb@bormarlaw.com

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _____