**EXHIBIT "C"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM A. TEITELBAUM,

            Plaintiff,

-against-

LAY SIOK LIN, PLATINUM TWO LLC,
BRUCE MABEY,

           Defendants.
-----------------------------------------------------------x

Index No.: CV-07 3971

**AMENDED COMPLAINT**

      Plaintiff, William A. Teitelbaum, by its attorneys, Borovina & Marullo PLLC, complaining of the defendants, Lay Siok Lin, Platinum Two LLC, and Bruce Mabey respectfully alleges as follows:

### THE PARTIES

      1.    The plaintiff, William A. Teitelbaum ("Teitelbaum"), is a citizen of the State of New York residing at 175 Pinelawn Rd. Melville, New York 11747 and earns his livelihood by acting as a financial advisor and consultant.

      2.    Upon information and belief, the defendant, Lay Siok Lin ("Lin"), is a citizen of Indonesia and not of the United States and is an alien.

      3.    The defendant, Platinum Two LLC ("Platinum") is a limited liability company duly organized in the State of Utah and having its principal place of business in Suffolk County, New York.

      4.    Upon information and belief, the defendant Bruce Mabey ("Mabey")is a citizen of the State of Utah .

## JURISDICTION AND VENUE

5.  This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1331 and 15 U.S.C.A §80a-43 since this action arises under the laws of the United States, more particularly the Securities Act of 1933, as amended, 15 U.S.C.A. §77(a) *et. seq.* and other federal laws including, but not limited to, the rules and regulations promulgated by the Securities and Exchange Commission and the blue sky laws of particular states, if any (collectively the "Securities Laws") and is a suit seeking declaratory relief regarding the enforcement of liabilities or duties created by the Securities Laws.

6.  Venue is proper in this court pursuant to 28 U.S.C. §1391 and 15 U.S.C. §78aa because Lin is an alien and this is the district where Platinum may be found and transacts business, there being no other district in which the action may otherwise be brought.

7.  Teitelbaum seeks a judgment declaring the rights of the parties pursuant to 28 U.S.C.A. §2201 and concerning his purported liabilities and duties, if any, arising under the Securities Laws and concerning the creation and issuance of two certain promissory notes that are described in this complaint.

8.  The Teitelbaum seeks a declaration of rights in this action between the parties because Lin contends that the Securities Law imposed certain duties and liabilities upon Teitelbaum and in her favor which Teitelbaum allegedly breached or failed to honor and arising out of the creation and issuance of two promissory notes that are described in this complaint. Teitelbaum's occupation and professional reputation will be irreparably damaged if Lin's accusations of wrongdoing remain outstanding and unresolved expeditiously and in a court of law.

9. Teitelbaum and Mabey are founders of Platinum.

10. Since its inception, Platinum has provided structuring transactions for its clients who are presented with various business opportunities.

11. In or about December 2004, Platinum, identified as the borrower, and Mr. Aziz Mochdar ("Mochdar"), identified as the lender, executed a promissory note pursuant to which Mochdar agreed to loan $2 million to Platinum and pursuant to the terms of a promissory note, a copy of which is annexed to this complaint as exhibit "A."

12. In or about December 2005, Platinum, identified as the borrower, and Lin, identified as the lender, executed a promissory note pursuant to which Lin agreed to loan $1 million to Platinum and pursuant to the terms of a promissory note, a copy of which is annexed to this complaint as exhibit "B."

13. Both notes (collectively the "Notes") were created and supervised under the auspices of an Indonesian broker/dealer who was well versed in the laws and practices of Indonesia and whose advice Platinum relied upon.

14. Upon information and belief, the Notes were not negotiated or executed in the United States but instead were negotiated and executed in Indonesia.

15. Upon its receipt of these loan proceeds, Platinum opened an account with Wells Fargo Bank.

16. In or about November 2006, Mochdar and Lin (collectively the "Lenders") separately instructed Mabey to cause Platinum to close their respective accounts and terminate its relationship with them and to deliver the entire proceeds of those accounts to Starboard, an entity that was then and is now separate, distinct and unrelated to Platinum or any of its

3

members, and for the purpose of enabling Starboard to invest in the development of property located in Costa Rica.

17. Platinum, including its members and employees, made no representation and gave no advice to the Lenders regarding their decision to terminate their respective relations with Platinum.

18. The Lenders each decided to terminate their respective accounts and relationship with Platinum free and independent of any advice or representation by Platinum (including any of its members or employees) concerning Starboard or its contemplated investment.

19. Upon information and belief, Platinum (including any of its members or employees) did not introduce the Lenders to Starboard and had no role or interest in the negotiation or execution of any agreement between the Lenders and Starboard and had no other interest or relationship with Starboard or of Starboard's contemplated investment in Costa Rica.

20. Acting pursuant to the Lenders' instructions, Platinum caused the aforesaid accounts with to be terminated and the entire principal amount held for their account to be transferred to an account identified by the Lenders.

21. As a result of the Lenders direction and Platinum's compliance with such direction, the relationship, legal or otherwise, between Platinum and the Lenders came to an end with no further responsibilities owed or remaining outstanding as between the parties and concerning the payment of the Notes.

22. In August 2007, Matthew Metz, an attorney having offices located in Portland, Oregon, communicated to Teitelbaum, via email, stating that he was the attorney for Lin.

23. Mr. Metz informed Teitelbaum that Platinum was in default of its obligations to pay the Notes.

24. Mr. Metz also represented to Teitelbaum that Mochdar had previously assigned his entire interest in his note to Lin and that Lin, acting for herself as lender and assignee, believed that Platinum, Mabey and Teitelbaum had violated or failed to honor obligations and duties imposed pursuant to the Securities Laws and concerning the issuance of the Notes.

25. Metz stated that Platinum failed to register the Notes as securities and to make certain disclosures pursuant to the Securities Law and made false, misleading and/or fraudulent representations in connection with the issuance of the Notes.

26. Mr. Metz stated that Teitelbaum was personally liable to the defendant for such purported violations and misdeeds since he was a "controlling person" within the meaning of the Securities Law.

27. Teitelbaum contends that he is not personally liable to Lin arising out of or concerning the issuance of the Notes.

28. The Notes are each exempt from the prohibitions imposed by the Securities Laws, including but not limited to 15 U.S.C.A. §77d since they constitute transactions by an issuer not involving any public offering.

29. In addition, no representations were made to Lenders that were false, fraudulent or deceiving in nature and concerning the issuance of the Notes or the Lenders' decision to terminate their account with Platinum and Bear Stearns.

30. The Lenders waived any right they may have had to enforce any right or benefit imposed pursuant to the Securities Laws based upon the Notes and as a result of their voluntary election to terminate their relationship with Platinum and to cause their funds to be placed with Starboard, an entity that was then and is not unrelated and unaffiliated with Platinum or any of its members or employees.

31. In addition, Teitelbaum never made an oral or written representation to the Lenders at any time.

32. Upon information and belief, Mabey did not make any oral or written representation to the Lenders at any time and except for those representations stated in the Notes.

33. Teitelbaum has no adequate remedy at law.

WHEREFORE, the plaintiff William A. Teitelbaum, respectfully requests a judgment against all defendants declaring:

(a) the rights of the parties;

(b) that the Notes are exempt transactions from the prohibitions imposed by the Securities Laws, including but not limited to 15 U.S.C.A. §77(d)(2) since they are transactions by an issuer not involving any public offering;

(c) that the Notes are exempt transactions from the prohibitions imposed by the Securities Laws because they were executed outside of the United States and are not subject to regulation by the Securities Laws;

    (d) that the plaintiff is not liable to the defendant under the Securities Laws based upon the creation or issuance of the Notes;

    (e) such other relief as the court may deem appropriate.

Dated: Melville, New York  
   December 12, 2007

Borovina & Marullo PLLC  
*Attorneys for Plaintiff*

By: _____  
  Anton J. Borovina  
A Member of the Firm  
445 Broad Hollow Road, Ste. 334  
Melville, New York 11747  
(631) 630-1101

7

EXHIBIT A

## PROMISSORY NOTE

This Promissory Note entered into by and between PLATINUM TOO,("Borrower"),445 Broad Hollow Road, Melville, New York 11746 and **Mr. Aziz Mochdar** (Lender).

**BORROWER:** PLATINUM TOO, LLC is an investment company duly registered in the State of New York.

PLATINUM TOO,LLC and its principals have considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions, along with complex corporate transactions.

**LOAN AMOUNT:** Lender, having high net worth, desires to lend the principle amount of **US$ 2,000,000** ( **Two Million US Dollar** ) to PLATINUM TOO, LLC **with a return yield of 35%/year.**

**LOAN PURPOSE:** Borrower and Lender mutually agree that Borrower shall have discretionary use of the loan proceeds in conducting its business activities.

**RECEIPT AND WIRING OF LOAN PROCEEDS:** Lender, in accepting this Note, agrees that Borrower may designate its agent to receive the loan proceeds, or Lender may be instructed to wire loan proceeds to an affiliate account of Borrower.

**LOAN COMMISSION:** Lender agrees Borrower, possessing unique investment strategies, has the ability to generate higher than average returns. Lender, desirous of taking advantage of and participating in such returns, agrees to pay to Borrower's agent a non-refundable fee equaling 4% of the total loan proceeds. This fee shall be in addition to the loan amount, and shall be due and payable together with the loan funds.

**LOAN TERM:** The term of this loan shall be **2 (two)** year(s), and may be extended by mutual agreement of Lender and Borrower.

**EXECUTION OF NOTE:** This Note may be signed by an authorized signatory of PLATINUM TOO. A facsimile copy of this Note shall have the full force and effect of the original, pending the receipt of the original Note by Lender.

**RESOLVING DISPUTES:** Lender and Borrower agree that any dispute regarding the terms of this Note and Agreement shall be resolved through arbitration, using internationally accepted Rules of Arbitration in a forum mutually acceptable to the parties hereto.

**BEST EFFORTS:** The parties hereto agree that Borrower shall use Best Efforts in the conducting of its business in the utilization of the Loan Proceeds.

**PROMISE TO PAY**
initials

The undersigned Borrower agrees to pay Lender the amount of US$ 3,400,000 on or before December 28, 2006.

By **Bruce Mabey**
Authorized Signatory
PLATINUM TOO, LLC.
Borrower

The terms of this Agreement with Promissory Note is approved as to form and content.

**Mr. Aziz Mochdar**
Lender

EXHIBIT B

## PROMISSORY NOTE

This Promissory Note entered into by and between PLATINUM TOO ("Borrower"), 445 Broad Hollow Road, Melville, New York 11746 and **Mrs. Lay Siuk Lin** (Lender).

**BORROWER:** PLATINUM TOO, LLC is an investment company duly registered in the State of New York.

PLATINUM TOO, LLC and its principals have considerable expertise in investing funds in and managing business enterprises, mergers and acquisitions, along with complex corporate transactions.

**LOAN AMOUNT:** Lender, having high net worth, desires to lend the principle amount of US$ 1,000,000 ( One Million US Dollar ) to PLATINUM TOO, LLC **with a return yield of 35%/year.**

**LOAN PURPOSE:** Borrower and Lender mutually agree that Borrower shall have discretionary use of the loan proceeds in conducting its business activities.

**RECEIPT AND WIRING OF LOAN PROCEEDS:** Lender, in accepting this Note, agrees that Borrower may designate its agent to receive the loan proceeds, or Lender may be instructed to wire loan proceeds to an affiliate account of Borrower.

**LOAN COMMISSION:** Lender agrees Borrower, possessing unique investment strategies, has the ability to generate higher than average returns. Lender, desirous of taking advantage of and participating in such returns, agrees to pay to Borrower's agent a non-refundable fee equaling 4% of the total loan proceeds. This fee shall be in addition to the loan amount, and shall be due and payable together with the loan funds.

**LOAN TERM:** The term of this loan shall be **2 (two)** year(s), and may be extended by mutual agreement of Lender and Borrower.

**EXECUTION OF NOTE:** This Note may be signed by an authorized signatory of PLATINUM TOO. A facsimile copy of this Note shall have the full force and effect of the original, pending the receipt of the original Note by Lender.

**RESOLVING DISPUTES:** Lender and Borrower agree that any dispute regarding the terms of this Note and Agreement shall be resolved through arbitration, using internationally accepted Rules of Arbitration in a forum mutually acceptable to the parties hereto.

**BEST EFFORTS:** The parties hereto agree that Borrower shall use Best Efforts in the conducting of its business in the utilization of the Loan Proceeds.

**PROMISE TO PAY**
initials



The undersigned Borrower agrees to pay Lender the amount of US$ 1,700,000/- on or before 08 March 2007.

By **Bruce Mabey**
Authorized Signatory
PLATINUM TOO, LLC
Borrower

The terms of this Agreement with Promissory Note is approved as to form and content.

**Mrs. Lay Siok Lin**
Lender

Index No.     CV-07 3971       Year 20

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

**WILLIAM A. TEITELBAUM**

                         Plaintiff,

-against-

**LAY SIOK LIN, PLATINUM TWO LLC,
and BRUCE MABEY,**

                         Defendant.

**AMENDED
COMPLAINT**

**BOROVINA & MARULLO PLLC**
Attorney(s) for **Plaintiff**

Office and Post Office Address, Telephone

**445 BROAD HOLLOW ROAD, SUITE 334
MELVILLE, NEW YORK 11747
(631) 630-1101**

---

To

Attorney(s) for

---

Service of a copy of the within                          is hereby admitted.

Dated,

                    Attorney(s) for                              ......................................

---

**Sir: Please take notice**

☐ *NOTICE OF ENTRY*
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on          20

☐ *NOTICE OF SETTLEMENT*
that an order                        of which the within is a true copy will be presented for
settlement to the HON.                                                 one of the judges

of the within named Court, at
on the             day of                  20       at       M.

Dated,

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a

To the best of the undersigned's knowledge, information and belief formed
after an inquiry reasonable under the circumstances, the within document(s)
and contentions contained herein are not frivolous as defined in 22 NYCRR
§130-1.1-a.

Yours, etc.

**BOROVINA & MARULLO PLLC**
Attorney(s) for

Office and Post Office Address

**445 BROAD HOLLOW ROAD, SUITE 334
MELVILLE, NEW YORK 11747
(631) 630-1101**

To