1  MATTHEW N. METZ, SBN 154995
   METZ LAW GROUP, PLLC
2  810 3rd Avenue, Suite 700, Seattle, WA 98104
   Tel: (206) 583-2745; Fax: (206) 625-8683
3  matthew@metzlaw.net

4  COOPER & LEWIS
   KENNETH D. COOPER, SBN 47616
5  5550 Topanga Canyon Boulevard, Suite 200, Woodland Hills, California 91367
   Tel: (818) 594-0011; Fax: (818) 594-0797
6  ken@cooperlewislaw.com

7

8                  **UNITED STATES DISTRICT COURT**

9                 **NORTHERN DISTRICT OF CALIFORNIA**

10

11  LAY SIOK LIN,

12                      Plaintiff,              **Case No. CV-07-05551 WHA**

13        vs.

14                                              **DECLARATION OF MATTHEW N.**
    PLATINUM TOO, LLC, WILLIAM                  **METZ IN SUPPORT OF**
15  TEITELBAUM, BRUCE MABEY,                    **PLAINTIFF LAY SIOK LIN'S**
                                                **OPPOSITION TO DEFENDANTS'**
16                                              **MOTION TO TRANSFER**

17                      Defendants.

18

19  I, Matthew N. Metz, declare as follows:

20  1.     I am the principal of Metz Law Group, PLLC, one of the attorneys for Lay Siok

21  Lin, the defendant herein.  I have represented Ms. Lin since July, 2007 with respect to this

22

23  matter.  I am licensed to practice law in the State of Washington and the State of

24  California.

25  2.     On August 17, 2007, I began communicating by telephone and e-mail with Anton

26

27                                              CASE NO. C 07 5551 WHA

28                              1
    ─────────────────────────────────────────────
         DECLARATION OF MATTHEW N. METZ IN SUPPORT
              PLAINTIFF LAY SIOK LIN'S OPPOSITION
               TO DEFENDANTS' MOTION TO TRANSFER

Borovina, counsel for William Teitelbaum concerning his client's liability to Lay Siok Lin. He requested additional information about the case and to get back to me regarding settlement on August 31, 2007.

3.      After this conversation and an e-mail I received on August 31, 2007, I received no further communication from Mr. Borovina until November 7, 2007, the day that I queried him whether he would be willing to accept service in the action pending in the Northern District of California. He replied immediately by informing me for the first time that an action had been filed in the Eastern District of New York. Mr. Borovina also claimed that he had made efforts to serve Ms. Lin, but was unable to locate her because she was a "fugitive". I informed Mr. Borovina immediately that she was a housewife at home in Indonesia, where she had always been, and on December 6, 2007, she was served at her home address. Attached hereto as Exhibit A is the relevant email exchange.

4.      In making a motion to transfer venue in the Eastern District of New York, I utilized the sworn declaration of Mei Lin Lay. A true and correct copy of said declaration is attached hereto as Exhibit B.

5.      In making a motion to transfer venue in the Eastern District of New York, I utilized the sworn declaration of Lay Siok Lin. A true and correct copy of said declaration is attached hereto as Exhibit C.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this 7th day of May, 2008 in Seattle, Washington.

/s/ *Matthew N. Metz*
Matthew N. Metz

CASE NO. C 07 5551 WHA

2

DECLARATION OF MATTHEW N. METZ IN SUPPORT OF
PLAINTIFF LAY SIOK LIN'S OPPOSITION
TO DEFENDANTS' MOTION TO TRANSFER

# EXHIBIT A

**Matthew Metz**

| | |
|---|---|
| **From:** | Matthew Metz [matthew@metzlaw.net] |
| **Sent:** | Tuesday, November 06, 2007 4:45 PM |
| **To:** | 'Anton' |

**Subject:** Accept Service for Bill Teitelbaum; Platinum Too

Hi Anton:

Not having heard anything substantive from Mr. Mabey, my clients filed suit against your client last week in U.S. District Court for the Northern District of California, Mr. Mabey, and Platinum Too. Would you be willing to accept service on behalf of Mr. Teitelbaum and Platinium Too?

Matthew Metz

Matthew N. Metz
Metz Law Group, PLLC
810 3rd Ave., Ste. 700
Seattle, WA 98104
tel. 206-583-2745 ext. 106; fax. 206-625-8683
matthew@metzlaw.net
www.metzlaw.net

**From:** Anton [mailto:ajb@bormarlaw.com]
**Sent:** Friday, August 31, 2007 1:19 PM
**To:** matthew@metzlaw.net
**Subject:** RE: E-mail from Bruce Mabey

Matthew,

Good talking with you as well. What you sent me is not Patrick D.'s e-mail adddress or other contact information.

Anton

**From:** Matthew Metz [mailto:matthew@metzlaw.net]
**Sent:** Friday, August 31, 2007 1:55 PM
**To:** Anton
**Subject:** E-mail from Bruce Mabey

Hi Anton:

Good speaking with you today.

I have pasted below an e-mail from Bruce Mabey to Lay Siok Lin's sister referencing Bill.

Bill's e-mail is brucemabey@comcast.net.

Matthew

----- Original Message -----
**From:** Bruce
**To:** 'Lay Mei Lin'
**Sent:** Thursday, March 23, 2006 9:51 AM

Dear Mei Lin,

1/7/2008

**Matthew Metz**

**From:**    Anton [ajb@bormarlaw.com]

**Sent:**    Wednesday, November 07, 2007 10:03 AM

**To:**      matthew@metzlaw.net

**Subject:** RE: Accept Service for Bill Teitelbaum; Platinum Too

Matthew,

You should know that on September 21, 2007 Mr.Teitelbaum
commenced an action in the United States District Court, Eastern
District of New York captioned William A. Teitelbaum v Lay Siok Lin
and having Index No. CV-07-3971 (Wexler, J.) . A copy of the Summons and
Complaint is attached.

Since that time, my office has been endeavoring to affect service on
the defendant but has been unable to do so. My office is advised
that the defendant is a fugitive of Indonesia and her whereabouts
cannot be determined. If you know of the defenant's whereabouts so
that I may affect service, please advise me. In the alternative, please advise me if you have the authority and are willing to accept
service on the defendant's behalf,

Anton

**From:** Matthew Metz [mailto:matthew@metzlaw.net]
**Sent:** Tuesday, November 06, 2007 7:45 PM
**To:** Anton
**Subject:** Accept Service for Bill Teitelbaum; Platinum Too

Hi Anton:

Not having heard anything substantive from Mr. Mabey, my clients filed suit against your client last week in U.S. District Court for
the Northern District of California, Mr. Mabey, and Platinum Too. Would you be willing to accept service on behalf of Mr.
Teitelbaum and Platinium Too?

Matthew Metz

Matthew N. Metz
Metz Law Group, PLLC
810 3rd Ave., Ste. 700
Seattle, WA 98104
tel. 206-583-2745 ext. 106; fax. 206-625-8683
matthew@metzlaw.net
www.metzlaw.net

**From:** Anton [mailto:ajb@bormarlaw.com]
**Sent:** Friday, August 31, 2007 1:19 PM
**To:** matthew@metzlaw.net
**Subject:** RE: E-mail from Bruce Mabey

Matthew,

Good talking with you as well. What you sent me is not Patrick D.'s e-mail adddress or other contact information.

Anton

1/7/2008

## Matthew Metz

**From:**   Matthew Metz [matthew@metzlaw.net]
**Sent:**   Friday, November 09, 2007 2:46 PM
**To:**   'Anton'
**Subject:** RE: Teitelbaum v. Lin

Anton:

Thank you for your e-mail.

I do not believe that you made a good faith effort to serve my client.  Your failure to notify me of the lawsuit until I notified you of the California filing is evidence of your lack of effort in this regard.  If I am wrong on this point, kindly provide me with a description of your efforts to provide service.

Your characterization of Ms. Lay Siok Lin as a fugitive is highly offensive to her.  She is at home in Indonesia, where she has always been, and where she is a housewife.  There is no reason to serve process by a means other than the statute requires

You didn't respond to my question as to whether you will accept service on behalf of your client in the California action.

Matthew


Matthew N. Metz
Metz Law Group, PLLC
810 3rd Ave., Ste. 700
Seattle, WA  98104
tel. 206-583-2745  ext. 106; fax. 206-625-8683
matthew@metzlaw.net
www.metzlaw.net


**From:** Anton [mailto:ajb@bormarlaw.com]
**Sent:** Friday, November 09, 2007 2:24 PM
**To:** matthew@metzlaw.net
**Subject:** Teitelbaum v. Lin

Mathew,

Try as I might, I have been unable to locate the whereabouts of Lay Siok Lin in order to effect service of the summons and complaint that was filed by Mr.. Teitelbaum over a month ago. Given these circumstances, New York law permits the plaintiff to make an ex parte application for an order directing service in such manner as the court deems acceptable. I intend to make this application to US District Judge Wexler by the early part of next week.

Inasmuch as you represent Ms. Lin and acted as her attorney in communicating with me regarding the subject matter of my client's action and in preparing and filing a subsequent action which you caused to be filed in the Northern District of California and obviously know her present whereabouts, I will be asking that the court direct service of the pleadings upon you and to regard such service, once made, as personal service upon Ms. Lin. In order to avoid the effort and expense of having to prepare the application, presenting them to Judge Wexler and then effecting service in the manner directed by the court, it is essential that I hear from you no later than Monday, November 12th.

Anton Borovina

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

WILLIAM A. TEITELBAUM,

                Plaintiff,

        vs.

LAY SIOK LIN,

                Defendant.

Case No. CV-07 3971
ECF Case

## DECLARATION OF MEI LIN LAY

I, Mei Lin Lay, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I work for an investment brokerage company based in Jakarta, Indonesia.

2.      The clientele of my company is primarily high net worth individuals seeking investments in foreign securities.

3.      On April 15, 2004, I met Bruce Mabey, co-founder of Platinum Too, LLC in Hong Kong. At that meeting, Mabey told me about his work with William Teitelbaum, his co-managing member of Platinum Too, LLC, and about their lucrative investment opportunities.

4.      On May 11, 2004, Mabey came to Jakarta, Indonesia to tell me about Platinum Too, LLC's investment opportunities in ProtoStar, Ltd., a San Francisco satellite communications company that was planning a major satellite launch in Asia. He asked me whether I was interested in obtaining safe, high return investment opportunities for my clients in ProtoStar, Ltd. through Platinum Too, LLC, and I told him that I was.

5.    On December 19, 2004, I traveled to Manhattan, where I met with Mabey and Bill Teitelbaum at a Manhattan steakhouse restaurant. I had asked to see Platinum Too's headquarters, which I understood were in the New York, but Mabey and Teitelbaum made a number of excuses regarding the weather and holiday about why that wasn't possible. (I later learned that Platinum Too did not have legitimate New York offices, but rather only a mailing address in their attorney's office.) Teitelbaum told me at that meeting that he was a neighbor of Bill Gates, and told me that he was close to Philip Father, the CEO of ProtoStar, Ltd. Teitelbaum and Mabey told me about the wonderful returns and market position of ProtoStar, and pushed me hard to find investors for the project. They suggested that I work with them to open a Jakarta office to sell Platinum Too, LLC investments, and Mabey told me that he would advance $350,000 for that purpose.

6.    Shortly after the meeting, based on Teitelbaum's and Mabey's presentation, I suggested that my sister Lay Siok Lin ask her associate Aziz Mochdar, a wealthy Indonesian, to invest in Platinum Too, LLC. On December 28, 2004, Aziz Mochdar invested US $2,080,000 in Platinum Too, LLC.

7.    In March, 2005, I convinced my sister Lay Siok Lin that Platinum Too, LLC seemed to offer excellent investment opportunities based on its involvement in the ProtoStar, Ltd. project. She invested US $1 million at a 35% rate of return in Platinum Too, LLC.

8.    From March through September, 2005, I continued to hear about the ProtoStar, Ltd. investment from Teitelbaum and Mabey. Attached as Exhibits "A" and "B" is promotional material I received concerning the ProtoStar investments.

9.    On September 15, 2005, I met with Mabey and Teitelbaum in Las Vegas to discuss the Platinum Too, LLC investments. At this meeting, they told me that the money of Lay Siok Lin, Aziz Mochdar, and other investors was not invested in ProtoStar,

Ltd., and it was in a Bear Stearns trading account, invested in stocks. I became upset and asked that the yield be paid.

10.    In June, 2006, Daniel Latief and I met with Mabey in San Jose, California. I discussed at length with him my concerns regarding Aziz Mochtar's and Lay Siok Lin's investment in Platinum Too, LLC. He again assured me that the money would be paid back promptly.

11.    In August, 2006, Daniel Latief and I again met with Mabey near San Francisco to discuss Platinum Too's investments, and regarding repayment.   He again assured me that the investments would be repaid, and sought additional investments from me.

12.    In September, 2006, I again met with Mabey in San Jose. We again discussed Platinum Too, LLC's investments, and he again promised repayment. At no time did I ever agree that my clients' investments in Platinum Too, LLC be invested in any other investment or security. I repeatedly and forcefully asked only that the amounts invested be repaid with the promised interest.

13.    I presently reside approximately six months a year in San Jose, California, where my brother and sister live. This past year, I spent more time in San Jose than in any other location.

14.    Attending pre-trial or trial proceedings in the Eastern District of New York would significantly disrupt my life because of the time and cost required to travel from San Jose to the Eastern District of New York.

I declare under the penalty of perjury that the foregoing is true and correct.
Executed on this 21 day of December, 2007 in Singapore

Mei Lin Lay

3.

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM A. TEITELBAUM, ) | |
| ) | Case No. CV-07 3971 |
| Plaintiff, ) | ECF Case |
| ) | |
| vs. ) | |
| ) | |
| LAY SIOK LIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DECLARATION OF LAY SIOK LIN

I, Lay Siok Lin, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am the Defendant in the above-referenced action.

2.      On or about May 11, 2004, I met with Bruce Mabey and my sister Lay Mei Lin in Jakarta, Indonesia. At that meeting, Bruce Mabey told us about Platinum Too, LLC's investment opportunities in ProtoStar, Ltd., a San Francisco satellite communications company that was planning a major satellite launch in Asia. He promoted the investment heavily.

3.      In or about September, 2004, Lay Mei Lin requested help in identifying investors for Platinum Too's ProtoStar project. I informed her that my friend and client Aziz Mochdar might be interested in investing

4.      After Lay Mei Lin went to Manhattan in December, 2004, she told me that she was satisfied that Platinum Too, LLC was a genuine company. I told Aziz Mochdar

1

that the company was genuine, and on December 28, 2004, Aziz Mochdar invested US $2,080,000 in Platinum Too, LLC.

5.    In March, 2005, I also believed that Platinum Too, LLC seemed to offer excellent investment opportunities based on its involvement in the ProtoStar, Ltd. project, and I invested US $1 million at a 35% rate of return in Platinum Too, LLC.

6.    On several occasions in 2005, I met with Bruce Mabey in Indonesia. He was very positive about the ProtoStar project, and always encouraged me to find more investors.

7.    I never agreed for my money to be transferred from Platinum Too accounts to any other account, including to "Starboard." I know for a fact that Mr. Aziz Mochdar never agreed to transfer funds to Starboard or any other entity. The allegation that Mr. Mochdar and I agreed to transfer funds to Starboard is pure fabrication.

8.    I am still waiting for an accounting of the funds that Mr. Mochdar and I deposited with Platinum Too, LLC, and to this date none has been provided by William Teitelbaum or Bruce Mabey.

9.    I visit my sister and brother approximately two months a year in San Jose, Caliornia, where my brother and sister live.

10.    I am generally known as Siok Lin Lay per the Indonesian custom. However, my name has been reversed in the pleadings in this and related matters, so I consent to be known in the court proceedings here as Lay Siok Lin, which is another form of my name.

11.    Attending pre-trial or trial proceedings in the Eastern District of New York would significantly disrupt my life because of the time and cost required to travel from San Jose to the Eastern District of New York. My husband is very ill right now, and I need to care for him as much as possible. Additional time in New York away from my family would be a great hardship. It would be much more convenient, require less of

2

my time, and be much less expensive for me to stay with my family in the Northern

District of California to attend court proceedings there.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on this **22** day of December, 2007 in Jakarta, Indonesia.

_____
Lay Siok Lin

3